



6 L 3
Steve Anderos

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

JESSE LOWE BLACK

Vs.                                           C.A. No.      2006 CA 003466 B

JAMES BROWN

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the case number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to:  Judge GEOFFREY M ALPRIN
Date:  May 4, 2006
Initial Conference: 9:00 am, Friday, August 18, 2006
Location:  Courtroom 320
           500 Indiana Avenue N.W.
           WASHINGTON, DC  20001

Caio.doc

CA Form 1

# Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

*Jesse Black*

*Plaintiff*

0003466-06

vs.

Civil Action No. _____

*District of Columbia*
*c/o Hon. Anthony Williams* Defendant
*Mayor, District of Columbia*
*Wilson Bldg.*
*WDC 20001*

## SUMMONS

To the above named Defendant:

     You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

     You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

*Hope Umana, Esq.*
Name of Plaintiff's Attorney

*1400 Spring St #120*
Address
*Silver Spring, MD 20910*

By _____
Deputy Clerk

*301 - 587 - 0090*
Telephone

Date *5/4/06*

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JESSE LOWE BLACK<br>12003 QUARTETTE LANE<br>BOWIE, MD 20746 | )<br>)<br>) |
| **Plaintiff** | )<br>)<br>) |
| v. | )<br>) |
| JAMES BROWN<br>2041 GEORGIA AVENUE, NW<br>WASHINGTON, DC 20059 | )<br>)<br>)<br>) |
| HOWARD UNIVERSITY<br>2041 GEORGIA AVENUE, NW<br>WASHINGTON, DC 20059 | )<br>)<br>)<br>) |
| & | )<br>) |
| DISTRICT OF COLUMBIA<br>A MUNICIPAL CORPORATION<br>C/o Wilson Building<br>PENNSYLVANIA AVENUE, NW,<br>WASHINGTON, D.C., 20001 | )<br>)<br>)<br>)<br>)<br>) |
| *Serve On:*<br>    The Honorable Anthony Williams<br>    Mayor, District of Columbia<br>    Wilson Building<br>    Washington, D.C. | )<br>)<br>)<br>)<br>) |
| **Defendants** | ) |

Civil Action No.:     **0003466-06**

RECEIVED
Civil Clerk's Office

**MAY 0 4 2006**

Superior Court of the
District of Columbia
Washington, D.C.

**COMPLAINT**

The Plaintiff, Jesse Lowe Black, by his attorney, I. Hope Umana, brings this cause of action against

the Defendants Howard University police officer James Brown, Howard University as his

employer and the District of Columbia, for damages resulting from an Assault and Battery, Threats,

False Imprisonment, Abuse of Process, Abuse of Power, Failure to Train and/or Supervise,

Negligent Hiring and Retention, Negligent Supervision, Malicious Prosecution, Conspiracy to

Violate Civil Rights, and Violation of D.C. Law, United States Law and the United States

Constitution, IV Amendment.

NATURE OF CASE:

This matter arises from the willful use of force and battery, assault, threats, false imprisonment, negligent supervision, negligent hiring and retention, malicious prosecution, abuse of process, conspiracy to violate civil rights, and violation of D.C. Law, United States Law and the United States Constitution, IV amendment by Defendants Howard University Police Officer James Brown, a metropolitan police officer and the other named defendants vicariously upon a civilian citizen, Jesse Black at Washington, D.C. that caused him serious injury, loss of right, loss of dignity, embarrassment, loss of liberty and both physical and emotional trauma.

PARTIES, JURISDICTION AND VENUE:

1.  Plaintiff Jesse Black is and was at all material times a resident of the State of Maryland.

2.  At all times relevant hereto, individual defendant, Howard University Police Officer James Brown, was a police officer with the Howard University Police Department. Plaintiff brings this action against this officer in his individual and official capacities.

3.  At all times relevant to this cause of action, Defendant Howard University employed or had control and supervision of the individual defendant, James Brown who acted as Defendant Howard University's agents, servants, and employee.

4.  Defendant Howard University is a public chartered university within the District of Columbia and Howard University Police Department is a department within the Howard University system and as agent or unit of defendant Howard University is responsible for service to and protection of that University and all persons lawfully

within the campuses of the University. At all times relevant, Howard University was responsible for establishing its own policies and for promulgating and enforcing its own regulations. The University is also responsible for training and supervising its Police Department and its officers and for ensuring that its personnel obey the University rules and by-laws, the laws of the District of Columbia and the United States.

5.    Defendant District of Columbia is a municipal corporation responsible for the administration of government functions in the District of Columbia, and was, at all times relevant to this cause of action responsible for the operation of the Metropolitan Police Department, and also responsible for the actions of its police officers and the Mayor, the Honorable Anthony Williams is charged with the general executive operation of the government and the direct or indirect supervision of all its departments and employees.

6.    The Metropolitan Police Department (MPD) is an agency within the District of Columbia government and as agent of defendant District of Columbia is responsible for service to and protection of district and other citizens and all persons lawfully within the District. At all times relevant, the Metropolitan Police Department was responsible for establishing its own policies and for promulgating and enforcing its own regulations. The Department is also responsible for training and supervising Police Department Officers and for ensuring that its personnel obey the laws of the District of Columbia and the United States.

7.    At all times relevant to this cause of action, Defendant District of Columbia employed or had control and supervision of all the police officers who acted as

Defendant District of Columbia's agents, servants, and employees.

8.     At all times relevant to this cause of action, Defendant District of Columbia licensed and commissioned the Howard University Police department as a special police department within the District, and also licensed and commissioned the individual Howard University police officer who was in turn employed by or under the control and supervision of Howard University Police Department who also had control and supervision of all the police officers who acted as defendant Howard University's agents, servants, and employees.

9.     At all times relevant hereto and in all their actions herein described, the Metropolitan Police Officer, as agent of Defendant District of Columbia, acted under color of law and pursuant to his authority as Police Officer of the District of Columbia.

10.    At all times relevant hereto and in all their actions herein described, defendant James Brown as a Howard University Police Officers and other Howard University Police officers as agents of Defendants Howard University and the District of Columbia, acted under color of law and pursuant to their authority as Police Officers within the District of Columbia.

11.    The District of Columbia is the place where the events giving rise to this lawsuit occurred.

12.    Therefore, venue is appropriate pursuant to DC Code Ann. §§ 11- 921.

BACKGROUND:

13.    On or about February 21, 2006 Plaintiff Jesse Black was peaceably driving his taxi cab through the paved 'U' shaped driveway into and out of the front plaza of the Howard University Hospital when Howard University police officer James Brown

flagged him down and harassed and threatened the plaintiff. Mixed with the other threats and harassing expressions and display, the officer informed the plaintiff that he "was the person in the house of a female acquaintance the morning that the plaintiff knocked" indicating that he has been having sexual relations with the same female person as the plaintiff which was news to the plaintiff as the plaintiff had never known or met that police officer until that time. Plaintiff was thereby put in imminent fear for his life.

14. Due to the expressed threat do bodily harm to the plaintiff, plaintiff pulled his vehicle into an empty meter in front of the hospital and went in to make a complaint against the individual defendant to his superiors. While the plaintiff was inside the plaza and waiting for the lieutenant to come out, he was again accosted by the individual defendant who then walked in an accused the defendant of violating a temporary restraining order that plaintiff was unaware of at that time.

15. Individual defendant proceeded to handcuff the plaintiff and arrested him without cause and authority, and his supervisors including Lt Blue who later came out, ignored plaintiff's protestations of innocence and report of conflict of interests. Plaintiff was held for several hours at the University holding cell and later transferred the plaintiff to the Metropolitan Police Department. At all times and at every opportunity plaintiff continually protested that he did not know of any temporary protective order against him, nor had he violated any such order. Plaintiff was held for overnight and brought before the Superior Court and released and no case against him was 'papered,' as it became clear that he was unaware of the order and had not violated the same.

16. Neither Howard University nor the District of Columbia's agents sought to nor

bothered to establish that the plaintiff had notice of the temporary order, or was in a position to have known of the same or that he was served even as the plaintiff kept informing them at every opportunity that he was not aware of any order. None of these agents also established that the plaintiff who is a taxi driver was not there carrying out his lawful employment duties and responsibilities.

17.     Officer James Brown, as agent of defendant Howard University had the duty to conduct his employer's activities with care and in a prudent manner for the well being of all the citizens including the plaintiff.

18.     Officer James Brown as agent of defendant Howard University had the duty to not use his office and powers for his own personal gain and to conduct his employer's activities with care and in a prudent manner for the well being of all the citizens including the plaintiff.

19.     As agents of the District of Columbia, the police officers acting on its behalf had the duty to conduct its activities with care and in a prudent manner for the well being of all the citizens including the plaintiff.

20.     As the supervisor of the individual defendant, the defendant Howard University had the duty to conduct its activities with care and in a prudent manner for the circumstances then prevailing. This duty also included training all its police officers in arrest procedures, assault prevention procedure and safety procedures and keeping them adequately supervised.

21.     As the supervisor of the individual defendant, the defendant Howard University had the duty to conduct its activities with care and in a prudent manner for the circumstances then prevailing. This duty also included training all its police officers in not using their offices and police powers for personal gain and to not harass

citizens who they feel have knowingly or unknowingly as in Jesse Black's case, crossed their interests.

22.    As the supervisor and employer of its police officers, the defendant District of Columbia through its Metropolitan police department had the duty to conduct its activities with care and in a prudent manner for the circumstances then prevailing. This duty also included training all Police Officers in arrest procedures, assault prevention procedure and safety procedures and keeping them adequately supervised.

23.    The above acts were committed by the defendant James Brown within the scope of his employment with the defendant Howard University in that he committed them while on duty, within the defendant Howard University's place of business, and in part and ostensibly in furtherance of defendant Howard University's interests.

24.    The unlawful arrest and assault and deprivation of liberty of the plaintiff were committed by the Metropolitan Police Officer within the scope of his employment with the defendant District of Columbia in that he committed them while on duty, within the defendant District of Columbia, and in furtherance of defendant District of Columbia's interests.

25.    Howard University, as employer of the defendant James Brown is responsible for his acts and actions while in the course of his employment, within the scope of that employment.

26.    The District of Columbia, as employer of the Metropolitan Police Officers is responsible for their acts and actions while in the course of their employment, within the scope of that employment.

27. From information and belief, the assault of citizens, violation of processes and rules of conduct and other misconducts by Howard University police Officers and particularly this officer, James Brown was known to the other defendant, Howard University, their agents, servants and/or employees, but the defendant did not respond appropriately to preempt or stop that unacceptable behavior.

28. From information and belief, the assault of citizens, violation of processes and rules of conduct and other misconducts by police Officers and particularly this officer, was known to the other defendant, District of Columbia, their agents, servants and/or employees, but the defendant District of Columbia did not respond appropriately to preempt or stop that unacceptable behavior.

29. From information and belief, defendant James Brown as Police Officer is untrained or improperly trained and other defendant, Howard University their agents, servants and/or employees did not train, or did not properly train him prior to and while at the Howard University Police Department and in the course of his employment in order that the defendant James Brown does not engage in unacceptable and deliberately abusive and violent behavior.

30. From information and belief, the Metropolitan Police officer as Police Officer is untrained or improperly trained and other defendant, District of Columbia their agents, servants and/or employees did not train, or did not properly train him prior to and while at the Metropolitan Police Department and in the course of his employment in order that the police officer does not engage in unacceptable and violent behavior.

31. There was a foreseeable risk of harm to citizens, visitors, guests and licensees if untrained or improperly trained Howard University police officers were allowed

on the University or any of its campuses to serve, protect, guide, control or arrest citizens.

32.    There was a foreseeable risk of harm to citizens if untrained or improperly trained police officers were allowed on the street to serve, protect, guide, control or arrest citizens.

33.    A special relationship exists between a citizen, visitor, workmen, taxi operators and the District of Columbia, and this relationship is recognized at law and in fact because under the enabling laws, the District of Columbia has police powers over citizens and all persons lawfully within the District of Columbia.

34.    The Defendants therefore owed the Plaintiff the duty to provide reasonable and adequate supervision of the officers and staff and adequate training of the officers and staff while in the course of its employment.

35.    The Howard University Police Department did not have any feed-back process in place to evaluate the performance of its officers and staff, nor did it have any monitoring process in place to ensure that the officers and staff behave in an acceptable manner while on the campus 'protecting' citizens.

36.    The Metropolitan Police Department did not have any feed-back process in place to evaluate the performance of its officers and staff, nor did it have any monitoring process in place to ensure that the officers and staff behave in an acceptable manner while on the street 'protecting' citizens.

37.    Due to inefficient and improper operation, supervision and management of the Howard University Police Department, the Plaintiff's sustained serious injury.

38.    Due to inefficient and improper operation, supervision and management of the Metropolitan Police Department, the Plaintiff's sustained serious injury.

39.     The Defendants failed to provide proper and adequate training, supervision and monitoring, thereby permitting the Defendant James Brown and the Metropolitan police officer to individually and separately assault and violate the rights of the Plaintiff.

40.     From information and belief, the other Defendants ignored reports and displays of violence by the Defendants James Brown and the Metropolitan police officer and continued to have them in their respective employment, prior to and after the assault to the Plaintiff.

41.     The Defendants, except the individual defendant breached the duty of care owed to the Plaintiff by not providing proper and adequate training, monitoring, and supervision or by not managing its law enforcement system properly so that citizens have an assault free environment.  The individual defendant abused his police authority and powers.

42.     The Defendants' breach of duty was the direct and proximate cause of the injuries the Plaintiff has suffered, is suffering, and may continue to suffer.

43.     As a result of the assault on the Plaintiff, he suffered and sustained serious and painful injuries to his body parts.  Plaintiff also suffered excruciating physical and mental anguish, pain and suffering which caused him to seek further protection all to his loss and damage.

44.     These acts and omissions engaged in, under the color of state authority and law by agents of Defendants Howard University and District of Columbia, without immunity, deprived Plaintiff of rights secured to him under the laws of the District of Columbia and the United States, deprived Plaintiff of the right to be free from unjustifiable and excessive use of force, and deprived Plaintiff of the right to be free

from unnecessary and wanton infliction of harm.

45.    The Defendant Howard University is sued as the entity and person responsible for the authorization, supervision, training, condonation, and ratification thereof of the acts of its agents, servants, and employees and ultimately responsible for its organizational responsibilities.

46.    The Defendant District of Columbia is sued as the entity and person responsible for the authorization, supervision, condonation, and ratification thereof of the acts of its agents, servants, and employees, and ultimately responsible for its governmental responsibilities.

47.    The injuries and damages complained of were the sole willful acts of or the sole negligence of the Defendants, their agents, servants and/or employees without any negligence on the part of the Plaintiff contributing thereto.

48.    The incident here, that is the violent assault of the Plaintiff, was caused by the negligence of the corporate or chartered and municipal Defendants who, inter alia failed to operate their respective law enforcement systems so as to avoid letting violence prone officers into contact with citizens in the population, failed to train or properly train all their officers, failed to provide adequate number of officers to supervise, failed to set up and enforce standard of conduct whereby the Defendant does not or contribute to the assault of citizens, failed to protect the Plaintiff from its officers then acting on its behalf.

49.    The Defendants were also negligent and/or willful in not complying with their own standard operating rules and procedures or in being non-compliant with standards of Law enforcement rules and procedures, and especially within the locality.

50.    The acts and conduct hereinafter described constituted assault and gross

negligence under the laws of the District of Columbia.

51.    These acts and omissions engaged in under the color of state authority and law by individual defendant and other Police Officers, who were agents of Defendants Howard University and the District of Columbia without immunity, deprived Plaintiff of rights secured to him under the laws of the District of Columbia, deprived Plaintiff of life or liberty without due process of law, deprived Plaintiff of the right to be free from unjustifiable and excessive use of force, and deprived Plaintiff of the right to be free from unnecessary and wanton infliction of harm. The acts and conduct hereinafter described constituted assault, use of excessive force and gross negligence under the laws of the District of Columbia.

52.    The acts and conduct hereinafter described constituted violations of the rights of the plaintiff under the laws of the United States and the United States Constitutions.

53.    As a direct and proximate result of the aforementioned conduct of the Defendant, the Plaintiff has suffered great physical pain and injury and mental and emotional suffering. These injuries are of a severe nature.

COUNT ONE
(Assault & Battery)

54.    Plaintiff re-alleges paragraphs 1 through 53 as set forth in full.

55.    Defendant James Brown's conduct and that of the MPD Officer separately constituted an intentional un-consented touching of Plaintiff.

56.    Defendant James Brown's conduct and that of the MPD Officer separately constituted an intentional un-consented touching Plaintiff that was malicious and deliberate.

57.     As a result of Defendant James Brown's conduct and that of the MPD Officer,
        Plaintiff suffered substantial damages, including but not limited to pain and
        suffering to the body, humiliation, and mental distress and loss of liberty.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for
compensatory damages in the amount of $2,500,000.00 (TWO MILLION, FIVE HUNDRED
THOUSAND DOLLARS) and punitive damages in the amount of $2,500,000.00 (TWO
MILLION, FIVE HUNDRED THOUSAND DOLLARS).  Plaintiff also demands attorney's
fees, the reasonable costs of this suit, and any other remedy this Court deems proper.

COUNT TWO
(False Imprisonment)

58.     Plaintiff re-alleges paragraphs 1 through 57 as set forth in full.

59.     Defendants conduct jointly and severally constituted false imprisonment.

60.     Defendants' conducts amounted to a deprivation of the plaintiff's personal liberty
        without consent and without legal justification.

61.     Defendant James Brown's conduct and that of the MPD Officer separately
        constituted false imprisonment of the plaintiff.

62.     As a result of Defendant James Brown's conduct and that of the MPD Officer,
        Plaintiff suffered substantial damages, including but not limited to pain and
        suffering to the body, humiliation, and mental distress and loss of liberty.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for
compensatory damages in the amount of $2,500,000.00 (TWO MILLION, FIVE HUNDRED
THOUSAND DOLLARS) and punitive damages in the amount of $2,500,000.00 (TWO

MILLION, FIVE HUNDRED THOUSAND DOLLARS).  Plaintiff also demands attorney's

fees, the reasonable costs of this suit, and any other remedy this Court deems proper.

COUNT THREE
(False Arrest)

63.    Plaintiff re-alleges paragraphs 1 through 62 as set forth in full.

64.    Defendants conduct jointly and severally constituted false imprisonment.

65.    Defendants' conducts amounted to intentional, unlawful restraint and detention of
        the plaintiff without probable cause.

66.    Defendant James Brown's conduct and that of the MPD Officer separately
        constituted false arrest of the plaintiff.

67.    As a result of Defendant James Brown's conduct and that of the MPD Officer,
        Plaintiff suffered substantial damages, including but not limited to pain and
        suffering to the body, humiliation, and mental distress and loss of liberty.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for

compensatory damages in the amount of $2,500,000.00 (TWO MILLION, FIVE HUNDRED

THOUSAND DOLLARS) and punitive damages in the amount of $2,500,000.00 (TWO

MILLION, FIVE HUNDRED THOUSAND DOLLARS).  Plaintiff also demands attorney's

fees, the reasonable costs of this suit, and any other remedy this Court deems proper.

COUNT FOUR
(Intentional Infliction of Emotional Distress)

68.    Plaintiff re-alleges paragraphs 1 through 67 as set forth in full.

69.    Defendant James Brown's conduct was extreme, outrageous and contrary to basic
        concepts of human decency.

70.    The Defendant James Brown's conduct was malicious, willful and intended to
        provoke extreme emotional distress in Plaintiff.

71.    As a direct and proximate consequence of the conduct of Defendants, Plaintiff experienced extreme emotional distress as alleged herein.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory damages in the amount of $2,500,000.00 (TWO MILLION, FIVE HUNDRED THOUSAND DOLLARS) and punitive damages in the amount of $2,500,000.00 (TWO MILLION, FIVE HUNDRED THOUSAND DOLLARS).  Plaintiff also demands attorney's fees, the reasonable costs of this suit, and any other remedy this Court deems proper.

COUNT FIVE
(Malicious Prosecution & Malicious use of Process)

72.    Plaintiff re-alleges paragraphs 1 through 71 as set forth in full.

73.    Defendants' actions were deliberate and willful and amounted to the initiation of court action against the plaintiff without proper basis.

74.    As a direct and proximate consequence of the conduct of Defendants, Plaintiff experienced extreme emotional distress as alleged herein.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory damages in the amount of $2,500,000.00 (TWO MILLION, FIVE HUNDRED THOUSAND DOLLARS) and punitive damages in the amount of $2,500,000.00 (TWO MILLION, FIVE HUNDRED THOUSAND DOLLARS).  Plaintiff also demands attorney's fees, the reasonable costs of this suit, and any other remedy this Court deems proper.

COUNT SIX
(Abuse of Process & Power)

75.    Plaintiff re-alleges paragraphs 1 through 74 as set forth in full.

76.    Defendants' actions were deliberate and willful use of power and/or police powers for an illegal and improper purpose to satisfy an ulterior motive.

77.    As a direct and proximate consequence of the conduct of Defendants, Plaintiff experienced extreme emotional distress as alleged herein.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory damages in the amount of $2,500,000.00 (TWO MILLION, FIVE HUNDRED THOUSAND DOLLARS) and punitive damages in the amount of $2,500,000.00 (TWO MILLION, FIVE HUNDRED THOUSAND DOLLARS).  Plaintiff also demands attorney's fees, the reasonable costs of this suit, and any other remedy this Court deems proper.

COUNT SEVEN
(Violation of the Due Process Clause by the Individual Defendant-42 U.S.C § 1983)

78.    Plaintiff re-alleges paragraphs 1 through 77 as set forth in full.

79.    Defendant James Brown's conduct was wanton and malicious and deprived the Plaintiff of his rights under the due process clause of the Fourteenth Amendment to the United States Constitution.

80.    As a direct and proximate consequence of the conduct of the Defendant, the Plaintiff injured as alleged herein.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory damages in the amount of $2,500,000.00 (TWO MILLION, FIVE HUNDRED THOUSAND DOLLARS) and punitive damages in the amount of $2,500,000.00 (TWO MILLION, FIVE HUNDRED THOUSAND DOLLARS).  Plaintiff also demands attorney's fees, the reasonable costs of this suit, and any other remedy this Court deems proper.

COUNT EIGHT
(Conspiracy to Violate Civil Rights)

81.    Plaintiff re-alleges paragraphs 1 through 80 as set forth in full.

82.   Defendants agreed and conspired with one another, and with other unnamed, including a certain Ms. Sylvia Carter to violate the Plaintiff's rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

83.   As a direct and proximate consequence of the conspiracy, the Plaintiff was injured as alleged herein.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory damages in the amount of $2,500,000.00 (TWO MILLION, FIVE HUNDRED THOUSAND DOLLARS) and punitive damages in the amount of $2,500,000.00 (TWO MILLION, FIVE HUNDRED THOUSAND DOLLARS).  Plaintiff also demands attorney's fees, the reasonable costs of this suit, and any other remedy this Court deems proper.

COUNT NINE
(Violation of Constitutional Rights-Due Process)

84.   Plaintiff re-alleges paragraph 1 through 83 as set forth in full.

85.   The Defendants' conduct was unreasonable and violated the Plaintiff's right to substantive and procedural due process under the United States Constitution.

86.   As a direct and proximate consequence of the conduct of the Defendants, the Plaintiff was injured as alleged herein.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory damages in the amount of $2,500,000.00 (TWO MILLION, FIVE HUNDRED THOUSAND DOLLARS) and punitive damages in the amount of $2,500,000.00 (TWO MILLION, FIVE HUNDRED THOUSAND DOLLARS).  Plaintiff also demands attorney's fees, the reasonable costs of this suit, and any other remedy this Court deems proper.

COUNT TEN

(Claim against Howard University and D.C. under the doctrine of Respondeat Superior)

87.   Plaintiff re-alleges paragraphs 1 through 86 as set forth in full.

88.   Defendants James Brown and the Metropolitan Police Officer were acting within
      their scope of employment with Defendants Howard University and District of
      Columbia respectively as a Howard University and Metropolitan Police Officer at
      the time they violated the Plaintiff's rights.

89.   As a direct and proximate consequence of the acts which were committed by the
      individual defendant and the Metropolitan police Officer within the scope of their
      duties as a Howard University police officer and MPD Police Officer and as the
      Howard University and District of Columbia agents respectively, the Plaintiff
      suffered injuries as alleged herein.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for
compensatory damages in the amount of $2,500,000.00 (TWO MILLION, FIVE HUNDRED
THOUSAND DOLLARS) and punitive damages in the amount of $2,500,000.00 (TWO
MILLION, FIVE HUNDRED THOUSAND DOLLARS).  Plaintiff also demands attorney's
fees, the reasonable costs of this suit, and any other remedy this Court deems proper.

COUNT ELEVEN
(Claim against Howard University and DC–Failure to Train/Supervise)

90.   Plaintiff re-alleges paragraphs 1 through 89 as set forth in full.

91.   The Howard University and D.C. respectively failed to adequately train, supervise
      and discipline its officers, agents and employees.  The failure to train or properly
      train, supervise and discipline officers, staff and police officers demonstrates a
      gross disregard for the rights of the citizens, and was a proximate cause of the
      injuries to Plaintiff.

92.    As a direct and proximate consequence of the customs, policies and practices of the Howard University and D.C., Plaintiff sustained injuries as alleged.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory damages in the amount of $2,500,000.00 (TWO MILLION, FIVE HUNDRED THOUSAND DOLLARS) and punitive damages in the amount of $2,500,000.00 (TWO MILLION, FIVE HUNDRED THOUSAND DOLLARS).  Plaintiff also demands attorney's fees, the reasonable costs of this suit, and any other remedy this Court deems proper.

COUNT TWELVE
(Claim against Howard University and D.C. –Negligent Hiring/Retention)

93.    Plaintiff re-alleges paragraphs 1 through 92 as set forth in full.

94.    The Howard University and D.C. respectively failed to negligently hired and retained the individual officer and the Metropolitan police officer

95.    The negligent hiring and retention, demonstrates a gross disregard for the rights of the citizens, and was a proximate cause of the injuries to Plaintiff.

96.    As a direct and proximate consequence of the customs, policies and practices of the Howard University and D.C., to hire and retain negligently, Plaintiff sustained injuries as alleged.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory damages in the amount of $2,500,000.00 (TWO MILLION, FIVE HUNDRED THOUSAND DOLLARS) and punitive damages in the amount of $2,500,000.00 (TWO MILLION, FIVE HUNDRED THOUSAND DOLLARS).  Plaintiff also demands attorney's fees, the reasonable costs of this suit, and any other remedy this Court deems proper.

COUNT THIRTEEN

(Claim against Howard University and D.C. for Due Process Violation-42 U.S.C § 1983)

97.    Plaintiff re-alleges paragraphs 1 through 96 as set forth in full.

98.    The Howard University and D.C. has instituted and maintained formal and informal customs, policies and practices that foster, promote and encourage such employees misconduct.  Among the policies are included, but not limited to the following: 1) lack of or improper supervision; 2) physical abuse; and 3) failure to train.

99.    In the alternative, the Howard University and D.C. has failed to institute and maintain formal and informal customs, policies and practices that foster, promote and encourage employees' professionalism.  Among the policies are included, but not limited to the following: 1) adequate and proper supervision; 2) legal and non physical means of discipline; and 3) appropriate training.

100.    As a direct and proximate consequence of the customs, policies and practices of the Howard University and D.C. or lack thereof, Plaintiff sustained injuries as alleged.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory damages in the amount of $2,500,000.00 (TWO MILLION, FIVE HUNDRED THOUSAND DOLLARS) and punitive damages in the amount of $2,500,000.00 (TWO MILLION, FIVE HUNDRED THOUSAND DOLLARS).  Plaintiff also demands attorney's fees, the reasonable costs of this suit, and any other remedy this Court deems proper.

<u>JURY DEMAND</u>.

Plaintiffs request a trial by jury on all issues.

Respectfully submitted,

Hope Umana, Esq. #459092
QUARTEY & UMANA, LLC
1400 Spring Street, Suite 120
Silver Spring, MD 20910
(301) 587-0090
(301) 587-5540
iumana@aol.com
Attorney for the Plaintiff