IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JESSE LOWE BLACK | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| v. | * | C.A. No: 06 1041 (RJL) |
| | * | |
| The DISTRICT OF COLUMBIA, *et al*. | * | |
| | * | |
| **Defendants.** | * | |
| _____ | * | |

**DEFENDANT DISTRICT OF COLUMBIA'S MOTION
TO PARTIALLY DISMISS PLAINTIFF'S COMPLAINT OR IN THE ALTERNATIVE
MOTION FOR PARTIAL SUMMARY JUDGMENT AND MOTION FOR MORE
DEFINITE STATEMENT**

Defendant District of Columbia moves to dismiss all of plaintiff's claims, except his claim that excessive force was used during his arrest. As to the excessive force claim, the defendant moves for a more definite statement.

Plaintiff alleges in his complaint that he was arrested a by Howard University special police officer on February 21, 2006, at Howard University Hospital. Complaint ¶ 14. His arrest was based on an alleged violation of a restraining order ("RO") that required that he stay away from Sylvia Carter. See Exh. 1, Supplemental Arrest Report boxes 18 & 75. Plaintiff alleges that he was unaware of the protective order that referred to him and that he told this to the District police officer(s). *Id.* ¶ 15. He alleges that he was held overnight and that his case was non-papered in the morning and he was released. *Id.*

Plaintiff seeks compensation from the District based on the following common law tort theories: assault, battery, false imprisonment, false arrest, intentional infliction of emotional distress, malicious prosecution, "abuse of process and power," and negligent hiring and

1

retention.  The factual foundation of plaintiff's claims against the District appears to be his allegation that the District's police officer never "bothered to establish that the plaintiff had notice of the temporary order" despite the plaintiff's claim that he had no notice of the order.  Complaint ¶ 16.

In the memorandum supporting this motion, this defendant shows that plaintiff's complaint against the District regarding the February 21, 2006, incident must be partially dismissed or judgment on those claims must be entered in favor of the District.  Specifically, the District demonstrates that there was probable cause for the arrest of plaintiff.  This bars most of plaintiff's complaint.   As to plaintiff's claim that excessive force was used in his arrest, plaintiff's complaint is void of details which would allow the District to respond.  Accordingly, the District moves for a more definite statement as to this claim.  Finally, several of plaintiff's counts fail as a matter of law.

Alternatively, plaintiff fails to plead Count VIII of the complaint alleging "conspiracy" with the mandatory specificity.  See Complaint  ¶¶ 81-83.  Plaintiff improperly seeks punitive damages in the instant case.  See Complaint ¶¶ 57-100.  The complaint also contains duplicative counts that must be aggregated.  Complaint ¶¶ 58-67. Because this is a dispositive motion it was not necessary to seek plaintiff's consent.  LCv. R. 7(m).

                Respectfully submitted,

                ROBERT J. SPAGNOLETTI
                Attorney General for the District of Columbia

                GEORGE C. VALENTINE
                Deputy Attorney General, Civil Litigation Division

                _____
                HOLLY JOHNSON
                Chief, General Litigation Section III

                                                    _____
STEVEN J. ANDERSON
Assistant Attorney General
Bar no. 334480
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6607
(202) 727-3625 (fax)
E-mail:  Steve.anderson@dc.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JESSE LOWE BLACK | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| v. | * | C.A. No: 06 1041 |
| | * | JUDGE: Richard J. Leon |
| The DISTRICT OF COLUMBIA, *et al*. | * | |
| | * | |
| **Defendants.** | * | |
| _____ | * | |

### DEFENDANT DISTRICT OF COLUMBIA'S MOTION
### TO PARTIALLY DISMISS PLAINTIFF'S COMPLAINT OR IN THE ALTERNATIVE
### FOR PARTIALLY SUMMARY JUDGMENT AND MOTION FOR MORE DEFINITE
### STATEMENT

Plaintiff alleges that on February 21, 2006, while driving his cab in front of the Howard University Hospital he was threatened and harassed by Howard University special police officer -- James Brown. Complaint ¶13. Following this alleged incident, plaintiff claims he was falsely arrested by Officer Brown while he was attempting to make a complaint to Officer Brown's supervisor at Howard University, Lt. Blue. Complaint ¶ 15. Plaintiff alleges after he was arrested by Howard University special police officers, he was "transferred" to an unnamed Metropolitan Police Department Officer, employed by the District. Complaint ¶ 15.

Plaintiff alleges that he and defendant Brown were romantically involved with the same woman, Sylvia Davis, and that his arrest was motivated by "illegal and improper purpose to satisfy an ulterior motive." Complaint ¶¶ 13 & 76.

Plaintiff's Complaint fails to specify the identity of any involved Metropolitan Police Officer. Although plaintiff alleges in conlusory terms that the District's officer used excessive force in his arrest, he does not allege where or when this happened, the type of force used, or what injuries

4

he suffered. See Complaint ¶¶ 30, 40 and 44. The assault and battery and false imprisonment counts are among eleven counts that form the basis for the recovery sought by the plaintiff. Plaintiff also alleges that his arrest by a District police officer and the use of excessive force incident to the arrest violated his due process rights under the U.S. Constitution.

The District moves to dismiss or for judgment on all plaintiff's claims arising out of his alleged false arrest. Plaintiff seeks to recover from the District for common law assault and battery, false imprisonment, false arrest, intentional infliction of emotional distress, malicious prosecution and malicious use of process, abuse of process and power, failure to train/supervise, negligent hiring and retention as well as other Constitutional claims. Compliant ¶¶ 54-100. These are all based on an allegedly wrongful arrest. The District moves for an order requiring a more definite statement of plaintiff's excessive force claim.

As discussed below, the undisputed fact that plaintiff was the subject of a RO together with the complaint that he violated that order was adequate to establish probable cause to justify plaintiff's arrest. See Exh. 1.

In the alternative, plaintiff failed to plead Count VIII of his Complaint, "conspiracy to violate civil rights," with the mandatory specificity. See Complaint ¶¶ 75-77. Plaintiff's complaint also includes duplicative counts that should be aggregated for efficiency. See Complaint ¶¶ 58-67.

Plaintiff's complaint does not allege adequate facts to establish a case of intentional infliction of emotional distress against the District and therefore Count IV must be dismissed. This claim does not state a basis for compensation from the District because Officer Brown was not an employee of the District and no other facts which might implicate the District are alleged in this Count. Finally, plaintiff seeks punitive damages from the District.

5

Argument

A.   <u>Plaintiff's Counts II, III, IV and V Related to His Arrest Lack Merit Because There Was Probable Cause for Plaintiff Arrest.</u>

In his complaint, the plaintiff seeks to recover from the District for false arrest and related claims. All plaintiff's false arrest claims are based on his allegation that the District had a duty to investigate the story he told when he was arrested and that the failure to do so converted his arrest into a wrongful arrest. When he was arrested, plaintiff claims he told the District's police officer(s) he unaware of a RO that had issued against him. Complaint ¶ 16. Plaintiff does not allege there was no probable cause to justify his arrest nor that there was any RO. Rather, he claims the officer was legally obliged to listen to and believe his alibi. However, this theory is not consistent with the law.

It is well established that the alleged failure to investigate plaintiff's alibi does not negate probable cause. "Arresting officers, in deciding whether probable cause exists, are not required to sift through conflicting evidence or resolve issues of credibility." <u>Dahl v. Holley</u>, 312 F.3d 1228, 1234 (11th Cir. 2002). "Once probable cause is established, an officer is under no duty to investigate further to look for additional evidence that may exculpate the accused." <u>Ahlers v. Schebil</u>, 188 F.3d 365, 371 (6th Cir. 1999); <u>accord</u> <u>Gomez v. Atkins</u>, 296 F.3d 253, 262 (4th Cir. 2002) ("the failure to pursue an exculpatory lead is not sufficient to negate probable cause"). Law enforcement officers similarly "are under no obligation to give any credence to a suspect's story . . . nor should a plausible explanation in any sense require the officer to forgo the arrest pending further investigation if the facts as initially discovered provide probable cause." <u>Ahlers</u>, 188 F.3d at 371, quoting <u>Criss v. City of Kent</u>, 867 F.2d 259, 263 (6th Cir. 1988); <u>cf.</u> <u>Baker v. McCollan</u>, 443 U.S. 137, 145-46 (1979) ("We do not think a sheriff executing an arrest warrant

6

is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent.").

In the instant case, the plaintiff's complaint allegations and the arrest records, attached here as exhibit 1, demonstrate that there was an RO and a complaint that plaintiff violated that RO. Therefore, as a matter of law, there was probable cause to arrest plaintiff. An arrest is justified if there is probable cause, and there is no legally enforceable duty to accept plaintiff's explanation or to investigate it.

Indeed, the romantic triangle alleged in plaintiff's complaint involved the plaintiff, Howard University Special Police Officer, Officer Brown and Sylvia Davis. It is not alleged that the District's officer was a part of this affair. Rather, the District's officer merely determined plaintiff until he could be brought before a judge. Because plaintiff's theory for recovery for his arrest is based on a defective legal theory his false arrest Counts must be dismissed.

B. <u>Plaintiff's Conspiracy Count Must be Dismissed, Because It Is Not Sufficiently Placed in the Complaint.</u>

In Count VIII the Complaint, plaintiff seeks to recover under 42 USC § 1983. Complaint ¶¶ 81-83. Specifically, plaintiff alleges that "Defendants agreed and conspired with one another, and with other unnamed, including a certain Ms. Sylvia Cater to violate the plaintiff's rights" under the constitution. There are no more details in Count VIII about the alleged conspiracy. These allegations will not suffice to state a claim of conspiracy and therefore this Count must be dismissed.

A generalized allegation of conspiracy fails to state a claim upon which relief may be granted. <u>Martin v. Malhoyt</u>, 830 F.2d 237, 258 (D.C. Cir. 1987), *citing* <u>Hobson v. Wilson</u>, 737 F.2d 1, 30 (D.C. Cir. 1984), and cases there collected; <u>Meyer v. Reno</u>, 911 F. Supp. 11, 15

7

(D.D.C. 1996) (Richey, J.); Robertson v. Merola, 895 F. Supp. 1, 4 (D.D.C. 1995) (Richey, J.).

In Hobson the Court of Appeals said:

> [C]omplaints containing only 'conclusory,' 'vague,' or 'general allegations' of a conspiracy to deprive a person of constitutional rights will be dismissed . . . . [U]nsupported allegations, *which fail to specify in detail the factual basis necessary to enable appellees intelligently to prepare their defense*, will not suffice to sustain a claim of governmental conspiracy to deprive appellants of their constitutional rights." 737 F.2d at 30 (emphasis added), *quoting* Ostrer v. Aronwald, 567 F.2d 551, 553 (2d Cir. 1977) (citations omitted).

Plaintiff's Count VIII is nothing more than vague and conclusory allegations and therefore must be dismissed.

C. Plaintiff's Complaint Fails to State A Claim for Intentional Infliction of Emotional Distress

In Count IV, plaintiff alleges that "defendant James Brown's conduct was extreme, outrageous and contrary to basic concepts of human decency." Complaint ¶ 69. There is no factual allegation about any District employee in Count IV. Rather, based on the alleged conduct of Howard University's special police officer Brown, plaintiff "demands judgment against Defendants [including the District], jointly and severally, for compensatory damages in the amount of $2,500,000.00."

This Count must be dismissed, because plaintiff does not allege any basis for holding the District liable for the actions of James Brown, an employee of Howard University.

D. Plaintiff Improperly Seeks Punitive Damages Against the District.

In his Complaint, plaintiff seeks punitive damages from the District of Columbia based on the alleged violation of his constitutional and common law rights. Complaint at 57-100. In City of Newport v. Fact Concerts, 453 U.S. 247, 271 (1981), the United States Supreme Court specifically held that municipalities may not be subjected to punitive damages awards under 42 U.S.C. § 1983. As to the common law claims, courts have routinely held that the District of

8

Columbia is not liable for punitive damages, "[a]bsent extraordinary circumstances." <u>Smith v. District of Columbia</u>, 336 A.2d 831, 832 (D.C. 1975). No extraordinary circumstances are alleged in plaintiff's Complaint.

In the 31 years since <u>Smith</u> was decided, the Court of Appeals has never sanctioned an award of punitive damages against the District of Columbia government. Rather, the full District of Columbia Court of Appeals has flatly stated, that "punitive damages may not be awarded against the District of Columbia." <u>Finkelstein v. District of Columbia</u>, 593 A.2d 591, 599 (D.C. 1991)(en banc); see also <u>Webb v. Hyman</u>, 861 F. Supp. 1094, 1118 (D.D.C. 1994) ("as a general rule there can be no recovery of punitive damages against a municipality absent a statute expressly authorizing it. [Citation omitted]. No such statute authorizes punitive damages").

Although the District of Columbia Court of Appeals has never squarely held that the District of Columbia can never be liable for punitive damages, its case law strongly implies that the only possible exception might be what the United States Supreme Court has called, "an extreme situation where the taxpayers are directly responsible for perpetrating an outrageous abuse of constitutional rights." <u>City of Newport, supra</u>, 453 U.S. at 267, n. 29. Such allegations are not alleged in the instant case. Accordingly, plaintiff's claims for punitive damages against the District must be dismissed.

C. <u>Plaintiff's Counts for False Arrest and False Imprisonment are Duplicative</u>.

In the alternative, the Court should strike plaintiff's duplicative claims in Count II, plaintiff alleges that the District is liable for "false imprisonment" and in the following Count III, he seeks to recover based on "false arrest." See Complaint ¶¶ 58-67. The District moves to dismiss the false imprisonment claim as it is duplicative. Plaintiff's false arrest count and his

9

false imprisonment count make the same claim, however, plaintiff is not entitled to double recovery for the same tort.

Basis for plaintiff's false imprisonment claim in paragraph 60 of the Complaint, that "defendants' conduct amounted to a deprivation of plaintiff's personal liberty without consent and without legal justification," is nearly identical to his false arrest claim in paragraph 65, where plaintiff alleges that "Defendants' conducts [sic.] amounted to intentional, unlawful restraint and detention of the plaintiff without probable cause."

D.      Plaintiff's Due Process Claim Fails to State a Claim, Because Such Claims Must Be Brought Under the Fourth Amendment.

In the alternative, plaintiff's constitutional claims must be dismissed as the plaintiff's facts do not support a due process claim. In Counts VII, IX and XII, plaintiff makes constitutional claims based on an alleged false arrest and the use of excessive force when he was arrested. Plaintiff claims his arrest and the excessive force violated "substantive and procedural due process rights." See Complaint ¶¶ 79, 85 regarding Count VII and IX, respectively, and caption to Count XII.

The Supreme Court has counseled that "all claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." *Graham v. Connor*, 490 U.S. 386, 394-95 (1989) (emphasis in original). Therefore, plaintiff's due process claims based on the due process clause must be dismissed.

Likewise, plaintiff's claim that the District's officer failed to investigate his exculpatory statements and therefore falsely arrested him is properly considered under the Fourth

10

Amendment which specifically prohibits unreasonable searches and seizures. *Id.* Accordingly, plaintiff's Fifth Amendment due process claims alleged in Counts VII, IX, and XII must be dismissed.

E.  <u>Plaintiff should be Ordered to File a More Definite Statement Setting Forth His Excessive Force Claim</u>

Finally, although the District does not move to dismiss its excessive force claim, it does moves for an order requiring plaintiff to file a more definite state regarding this claim. Plaintiff's complaint alludes to the use of "excessive force" by an unidentified Metropolitan Police Department Officer. However, his complaint does not indicate how the officer used excessive force. For example, was plaintiff shot, beaten with a baton, or run over by a motor vehicle? Plaintiff's complaint also fails to allege when the excessive use of force occurred, where it occurred, or what injuries plaintiff suffered. Plaintiff's complaint is so vague and indefinite that the defendant is unable to formulate its defense or provide responsive pleading.

FRCP 8(a) requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's complaint falls short of the mark. Rule 12(e) provides that "if a pleading … is so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement."

Accordingly, the District moves for an order requiring plaintiff to file a more definite statement of his excessive force claim within 10 days.

Conclusion

Plaintiff's claims based on the alleged failure to investigate plaintiff's alibi are legally defective. Therefore, plaintiff's claims based on a false arrest must be dismissed. Plaintiff's claim for punitive damages against the District's government likewise are legally defective.

Plaintiff's factually allegations do not establish a due process claim and his assault claim is too vague to give notice of any claim.

Accordingly, defendant moves for a more definite statement of plaintiff's excessive force claim and moves to dismiss or for summary judgment regarding plaintiff's claims based on false arrest.

        Respectfully submitted,

        ROBERT J. SPAGNOLETTI
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division


        HOLLY JOHNSON
        Chief, General Litigation Section III


        STEVEN J. ANDERSON
        Assistant Attorney General
        Bar no. 334480
        Suite 600S
        441 Fourth Street, N.W.
        Washington, D.C. 20001
        (202) 724-6607
        (202) 727-3625 (fax)
        E-mail:  Steve.anderson@dc.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JESSE LOWE BLACK | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| v. | * | C.A. No: 06 1041 |
| | * | JUDGE: Richard J. Leon |
| The DISTRICT OF COLUMBIA, *et al*. | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

## **ORDER**

Upon consideration of the District of Columbia's motion to partially dismiss plaintiff's complaint, any opposition thereto, the record herein, and for the reasons in the District's motion, it is this _____ day of _____ 2006,

ORDERED: the District's Motion to Partially Dismiss is GRANTED, and it is further

ORDERED, that plaintiff's claims stemming for an alleged false arrest are DISMISSED.

_____<br>
Richard J. Leon<br>
Judge, U.S. District Court<br>
for the District of Columbia

Copies to:

Steven J. Anderson
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001

Hope Umana, Esq.
Quartey & Umana, LLC
1400 Spring Street, Suite 120
Silver Spring, MD 20910

Howard University
ATTN: General Counsel's Office
Phillip Lattimore, Esq.
2041 Georgia Ave., NW
Washington, DC 20059

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JESSE LOWE BLACK              * | |
|         **Plaintiff,**   * | |
|         **v.**              * | C.A. No: 06 1041 |
|                            * | JUDGE: Richard J. Leon |
| The DISTRICT OF COLUMBIA, *et al.*  * | |
|         **Defendants.**  * | |

**ORDER**

    Upon consideration of the District of Columbia's motion for an order requiring that plaintiff file a more definite statement of his excessive force claim, any opposition thereto, the record herein, and for the reasons in the District's motion, it is this _____ day of _____ 2006,

    ORDERED: that the District's Motion for a more definite statement is GRANTED, and it is further

    ORDERED, that within 10 days plaintiff shall file an amended complaint which contains a more definite statement of his claim alleging that the District is liable for the excessive use of force.

                                                                            Richard J. Leon
                                                                            Judge, U.S. District Court
                                                                            for the District of Columbia

Copies to:

Steven J. Anderson
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001

Hope Umana, Esq.
Quartey & Umana, LLC
1400 Spring Street, Suite 120
Silver Spring, MD 20910

Howard University
ATTN: General Counsel's Office
Phillip Lattimore, Esq.
2041 Georgia Ave., NW
Washington, DC 20059

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JESSE LOWE BLACK  * | |
| * | |
| **Plaintiff,**  * | |
| * | |
| v.  * | C.A. No: 06 1041 |
| * | JUDGE: Richard J. Leon |
| The DISTRICT OF COLUMBIA, *et al*.  * | |
| * | |
| **Defendants.**  * | |
| * | |

## **ORDER**

Upon consideration of the District of Columbia's motion to for partially summary judgment as to plaintiff's false arrest claims, any opposition thereto, the record herein, and for the reasons in the District's motion, it is this _____ day of _____ 2006,

ORDERED: that the District's Motion is GRANTED, and it is further

ORDERED, that judgment is entered for the District on plaintiff's claims based on an alleged false arrest.

_____
Richard J. Leon
Judge, U.S. District Court
for the District of Columbia

Copies to:

Steven J. Anderson
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.

17

Washington, D.C. 20001

Hope Umana, Esq.
Quartey & Umana, LLC
1400 Spring Street, Suite 120
Silver Spring, MD 20910

Howard University
ATTN: General Counsel's Office
Phillip Lattimore, Esq.
2041 Georgia Ave., NW
Washington, DC 20059

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JESSE LOWE BLACK | * | |
| **Plaintiff,** | * | |
| v. | * | C.A. No: 06 1041 (RJL) |
| The DISTRICT OF COLUMBIA, *et al*. | * | |
| **Defendants.** | * | |

### DEFENDANT DISTRICT OF COLUMBIA'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO DISPUTE

Defendant District of Columbia submits the following undisputed facts in support of its alternative motion for summary judgment:

1. Plaintiff was arrest by Howard University Police Officers. Complaint ¶ 15

2. Plaintiff was transferred to the MeROpolitian Police Department. *Id.*

3. Plaintiff was held overnight, and the next morning his case was no papered. *Id*.

4. Plaintiff was arrested based on a complaint that he violated a RO that required that he stay away from Sylva Carter. Exh. 1, boxes 18 & 75.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_____
HOLLY JOHNSON
Chief, General Litigation Section III

                                                _____
                                                STEVEN J. ANDERSON
                                                Assistant Attorney General
                                                Bar no. 334480
                                                Suite 600S
                                                441 Fourth Street, N.W.
                                                Washington, D.C. 20001
                                                (202)
                                                (202) 727-3625 (fax)
                                                E-mail:  Steve.anderson@dc.gov