IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JESSE LOWE BLACK | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No.:   06 1041 RJL |
| | ) | |
| JAMES BROWN, et al. | ) | |
| | ) | |
| Defendants | ) | |

**OPPOSITION TO DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS.**

COMES NOW, the Plaintiff, Jesse Lowe Black, by and through counsel pursuant to the Federal Rule of Civil Procedures and opposes the defendant District of Columbia's motion to partially dismiss plaintiff's complaint or in the alternative for partial summary judgment and motion for more definite statement in this case.  In support thereof, plaintiff states as follows.

**SUMMARY OF PERTINENT FACTS**

Plaintiffs hereby incorporate by express reference the facts set out in the complaint filed in the case. In further summary, the plaintiff adds that on or about February 21, 2006 Plaintiff Jesse Black was peaceably driving his taxi cab through the paved 'U' shaped driveway into and out of the front plaza of the Howard University Hospital when Howard University police officer James Brown flagged him down and harassed and threatened the plaintiff.  Mixed with the other threats and harassing expressions and display, the officer informed the plaintiff that he "was the person in the house of a female acquaintance the morning that the plaintiff knocked" indicating that he has been having sexual relations with the same female person as the plaintiff which was news to the plaintiff as the plaintiff had never known or met that special police officer until that time. Plaintiff was thereby put in imminent fear for his life.

Due to the expressed threat do bodily harm to the plaintiff, plaintiff pulled his vehicle into an empty

meter in front of the hospital and went in to make a complaint against the individual defendant to his superiors. While the plaintiff was inside the plaza and waiting for the lieutenant to come out, he was again accosted by the individual defendant who then walked in and accused the defendant of violating a *temporary* restraining order that plaintiff was unaware of at that time.  Individual defendant proceeded to handcuff the plaintiff and arrested him without cause and authority, and his supervisors including Lt Blue who later came out, ignored plaintiff's protestations of innocence and report of conflict of interests.

Plaintiff was held for several hours at the University holding cell and later transferred the plaintiff to the Metropolitan Police Department who as the documents set out as exhibit to the motion to dismiss attest further arrested the plaintiff[1].  At all times and at every opportunity plaintiff continually protested that he did not know of any temporary protective order against him, nor had he violated any such order. Plaintiff was held overnight and brought before the Superior Court and released and no case against him was 'papered,' as it became clear that he was unaware of the order and had not violated the same.  *Neither Howard University nor the District of Columbia's agents sought to nor bothered to establish that the plaintiff had notice of the temporary order*, or was in a position to have known of the same or that he was served even as the plaintiff kept informing them at every opportunity that he was not aware of any order.  None of these agents also established that the plaintiff who is a taxi driver was not there carrying out his lawful employment duties and responsibilities.

**STANDARD**

In reviewing a motion to dismiss, the court must construe the pleadings in the light most favorable to the non moving party.  The complaint must be taken as true with all reasonable inferences construed in favor of the non moving party.  The moving party is only entitled to dismissal where no reasonable jury would give judgment in the non moving party's favor.  In <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957) the Supreme Court noted that

---

[1] Of course the exhibit merely states the arresting officer's conclusion that the plaintiff violated a TPO without saying what he did or how it is that the MPD officer determined that he was in violation.

> "In appraising the sufficiency of a complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

The motion to dismiss can only be granted if it is not possible for the fact finder to decide for the plaintiff on the facts based on the possibility of competent testimony or other evidence. The issue at this point is not whether the plaintiff will ultimately prevail, but whether Mr. Black is entitled to offer evidence to support his claims. See, <u>Scheuer v. Rhodes</u>, 416 U.S. 232 (1974).

**ARGUMENTS**

Defendants' motion to dismiss is ill conceived and artfully dodging. District law sets out the circumstances under which its police officers can arrest for violation of law, with or without warrant. For arrests without a warrant see, D.C. Code § 23-581 (2006). Under that section, a police officer can only arrest without a warrant for commission of a felony, commission of an offense in the presence of the officer, or for other enumerated offences-none of which this plaintiff was arrested for. It is without doubt that Mr. Black was not arrested on the strength of any warrant issued by a judge or magistrate in the district. Mr. Black was also not arrested for the commission of any offence in the presence of the MPD officer, and more importantly the alleged offense for which he was arrested is a misdemeanor.

Apart from the above, the issue of probable cause is vexing and of course at the heart of this case. Probable cause is only based on objective facts, see <u>Karriem v. District of Columbia</u>, App. D.C. 717 A.2d 317 (1998), cert denied 526 U.S. 1147, 119 S. Ct. 2025, 143 L. Ed. 2d 1036 (1999). It is certainly a jury question whether the MPD officer had any probable cause upon which to arrest Mr. Black, despite the fact that he could not have arrested without a warrant in the first place. Probable cause is defined as a good faith belief or reasonable suspicion that would lead a prudent person to believe that the individual who is arrested did in fact commit the offense which that individual was charged with. <u>Woodward v. District of Columbia</u>,

387 A.2d 726 (D.C. App. 1978).  The defendant District states no facts that in anyway resembles probable cause that led to the arrest of the plaintiff, and there was none.

An arrest for a violation of a court order, especially a temporary protective order[2] is only possible if there is knowledge of the existence of that order.  The mere existence of that order cannot be the ground for an arrest.   To act or conclude otherwise will be imprudent and lead to mischief, and would give fodder to rascally citizens to get opponents blindly arrested without the victim's having been informed of the existence or parameters of the order and lead to lawlessness.  It is even more dubious in this case where the plaintiff was arrested in a public place, the arrestee's 'place of business,' and not a private place of the person that was allegedly protected from him under the order.

For probable cause to exist to arrest for violation of an order some elements must be present.  1. There must be a valid order, 2) there must be knowledge by the person the order exists against, 3) the person protected under the order must not have precipitated the contact.  An arrest without those elements present cannot be without implication for the officer.

The District argues that the plaintiff's presented an alibi and that the officer is not required to believe the same.  Mr. Black does not rest on whether or not the officer believes his alibi, but whether he had any probable cause to arrest him.  The officer cannot conclude on the mere report of an alleged victim in a public place that an order has been violated and arrest on that basis.  The fact that Mr. Black even brought that fact jaggedly to the fore during that arrest sequence adds insult to injury, and goes to the grossness of the police carelessness or could implicate malice and furtherance of the conspiracy hatched by the other parties in the 'love triangle.'

The implication for this case is that the matter must proceed into discovery for the officer to produce the evidence that he rested upon to discern that an offence has been committed or was committed which offense was not committed in his presence.   Any trained officer who, plaintiff must assume had the alleged

---

[2] Notice can reasonably be presumed in a civil protective order, which of course implicates that the Respondent had been served and had either showed up at a hearing or had ignored the hearing.

victim at the location to question would have asked the simple question, if the plaintiff had been served with the order prior (because if the alleged victim was not on site then it is even worse for the District). The answer from the alleged victim would have cleared the room for an arrest or notice as the case may be. An arrest without such minor investigation clearly lends credence to the lack of training count in this case. It would be different if the officer was misled by lies and misrepresentations by the alleged victim and her other co-conspirator which raises a whole different set of facts on which to base an analysis of this matter.

The District does not argue that their officer was misled, but that he had probable cause. What exactly were the facts that constituted probable cause for him to arrest Mr. Black? Only discovery will elicit if there were any supporting facts and whether or not those facts were reasonable to base an arrest is still a factual matter for the jury to decide. And that is what this case is about as far as it affects the District of Columbia. To draw an analogy, the District is arguing that its officer can walk into Eastern market and arrest someone merely because another says I have a temporary protective order against him, without asking who was there first or whether or not that someone knew that the other had walked into Superior Court days earlier to seek and obtain a temporary order against him. That is plainly ridiculous, and if that is so then they need to double up on its training of its officers. No prudent or trained officer could arrest without that clarity as this was not a mere stop or investigatory stop but an arrest.

But to add more, even if there is evidence disclosed during discovery by the District in any way implicating that the plaintiff may have violated any order, then the case still stands and the District would still have liability as to the arrest without a warrant stated above. Upon being informed that there was a violation which he did not see, then the officer ought to have gone for a warrant. Something that would have been possible in this case as the alleged victim's paramour already had Mr. Black locked up for his sick pleasure. <u>Schram v. District of Columbia</u>, App. D.C. 485 A.2d 623 (1984).

Plaintiff also argues that the count for conspiracy is conclusory. To the contrary. The facts are clear and well pled in this case as to what the defendants did and how the arresting MPD officer conspired with

the other and what overt acts they took culminating in the unlawful arrest.  In <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957) the Supreme Court cleared the field on the issue of pleading.  The District is placed in a position that it knows what its officer did and can well defend itself.  As argued above to the issue of probable cause at this time, and until all the parties are deposed and full discovery had, it is unclear as to what the contours of the conspiracy is.  It is suffice to say that the defendants-in the case of the District it's officer-acted in concert to effect an unlawful act of arresting the plaintiff without probable cause.

To the extent that the MPD officer participated in the conspiracy as the discovery, plaintiff asserts will show, the District can be held liable for the 'state' tort of intentional infliction of emotional pain vicariously.  Obviously, Officer Brown's use of his official position to arrest another who is dating his girlfriend is outrageous.

Plaintiff does not argue for punitive damages against the District, but against the other non municipal defendants.

Defendant District of Columbia argues that false arrest and false imprisonment are duplicative.  That is incorrect.  Even as the name goes, one involves an arrest and the other is complete upon 'imprisonment.' It is true that both torts are close in kind and share certain elements. A public officer who arrests outside the scope of his authority is liable for false arrest.  <u>Wade v. District of Columbia,</u> 310 A.2d 857 (D.C. App. 1973).  The availability of probable cause is an affirmative defense which must be raised and proven by the defendant in the tort of false arrest.  <u>Clarke v. District of Columbia,</u> 311 A.2d 508 (D.C. App. 1973).  That is the simple element that differentiates these two torts, among other facts that actual imprisonment is not necessary for the false arrest tort to exist.  It is actually possible for the jury to conclude that a particular plaintiff was falsely imprisoned but not falsely arrested or vice versa.

The case of <u>Graham v. Connor</u>, 490 U.S. 386, 394-95 (1989) in no way provides a basis for the dismissal of a complaint as in this case. What *Graham* instructs is the substantive analysis of the law of the case. The defendant District of Columbia is suggesting that the cart be put before the horse in that the dismissal be had before the facts are before the court for a worthwhile analysis of the substantive constitutional underpinning of the case. However, *Graham* is also clear that "the notion that all excessive force claims brought under 1983 are governed by a single generic standard is rejected." The appeal in that case was not from a full arrest but mere investigatory stop. In this case, Mr. Black was arrested and incarcerated for at least one day before he was released without charge. Footnote three of the *Graham* case states that because Graham was not an 'incarcerated prisoner, then his complaint of excessive force did not arise out of the due process section of the constitution. The implicit meaning is that if the complaint arose past mere arrest, the proper legal analysis emanates not from the IV amendment but from the due process sections.

Even if it is correct that the appropriate constitutional provision is the IV Amendment and not the due process amendments that is inserted in the complaint, the appropriate remedy is not dismissal of the complaint but for the court to order an amendment of the Complaint within a set time. Dismissal will only invite a re-file, and therefore not useful for judicial efficiency.

However, it must be noted that Count VII relates only to the individual defendant, in this case James Brown, and the defendant District has no standing to move for a dismissal of a count that does not touch it. While Count IX applies to the District, that count also states clearly that the rights deprived the plaintiff was both substantial and procedural. The rights deprived go beyond the excessive force and encompasses the arrests and incarceration without probable cause. Count XIII which is the other court implicating constitutional violations speaks not to any issue of excessive force which is analyzed under *Graham*, but to the institutionalization of policy or lack thereof which fostered the kind of conduct which led to summary arrest without a modicum of investigation or probable cause as already discussed in this case.

Plaintiff notes further that count XII (twelve) of the complaint pleads Negligent Hiring/Retention by the corporate and municipal defendants and implicates little or no constitutional argument.

Defendant District of Columbia finally argues that it has not moved to dismiss the "excessive force claim," but seeks an order for a more definite state (sic) regarding this claim. Plaintiff cannot provide any or more definite statement regarding any such claim as it is not clear to the plaintiff which claims this defendant speaks of. While the complaint mentions "excessive use of force," the complaint does not in any section rely on constitutional excessive force as a head claim. For example the assault and battery complained of is of the common law type based on lack of probable cause or arrest in violation of District law without warrant, for an alleged offence not committed in the presence of the officer making the arrest. Any force in the face of an illegal and unauthorized arrest is excessive in that context. Plaintiff however notes that the complaint in all the counts are those kinds of short statements which show that the plaintiff is entitled to relief consistent with the law and rules.

WHEREFORE Plaintiff humbly prays that the defendant District of Columbia's motion to dismiss be denied, with cost to the plaintiff and attorney's fees payable to the plaintiff's Attorney, and for such further orders, as the honorable court may deem appropriate in the circumstance.

Respectfully submitted,

By_____
Hope Umana, Esq.
QUARTEY & UMANA, LLC
1400 Spring Street, Suite 120
Silver Spring, MD 20910
(301) 587-0090
(301) 587-5540
iumana@aol.com
Attorney for the Plaintiff