**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **JESSE L. BLACK** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 06cv1041 |
| ) | (RJL) |
| **JAMES BROWN, et al.** ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS JAMES BROWN AND HOWARD UNIVERSITY'S
ANSWERS TO COMPLAINT**

Defendants James Brown and Howard University (hereinafter "Defendants") by and through undersigned counsel, respectfully submit their Answers to Plaintiff's Complaint and state as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Defendants lack sufficient knowledge to either admit or deny the allegation referenced in paragraph one of the Complaint.

2. Admit.

3. Defendants neither admit nor deny the allegation set forth in paragraph three of the complaint. If an answer is required, it is denied.

4. Deny. Howard University admits, however, that it does have internal rules and guidelines for some of its employees.

5. Defendants lack sufficient knowledge to either admit or deny the allegation referenced in paragraph five of the complaint.

6. Admit.

7. Defendants lack sufficient knowledge to either admit or deny the allegation referenced in paragraph seven of the complaint.

8. Deny.

9. Defendants lack sufficient knowledge to either admit or deny the allegation referenced in paragraph nine of the complaint.

10. Deny.

11. Admit.

12. Defendants neither admit nor deny.

## **BACKGROUND**

13. Deny.

14. Deny.

15. Deny.

16. Deny.

17. Defendants neither admit nor deny this allegation set forth in paragraph seventeen of the complaint in that it calls for a legal conclusion. If answer is required, it is denied.

18. Defendants neither admit nor deny this allegation set forth in paragraph eighteen of the complaint.

19. Defendants lack sufficient knowledge to either admit or deny the allegation referenced in paragraph nineteen of the complaint.

20. Defendants neither admit nor deny this allegation set forth in paragraph twenty of the complaint, in that it calls for a legal conclusion.

21. Defendants neither admit nor deny this allegation set forth in paragraph twenty of the complaint, in that it calls for a legal conclusion.

22. Defendants lack sufficient knowledge to either admit or deny the allegation referenced in paragraph twenty-two of the complaint.

23. Defendants neither admit nor deny this allegation. If answer is required, Howard University asserts that Officer Brown <u>may</u> have performed acts within the scope of his employment.

24. Defendants lack sufficient knowledge to either admit or deny the allegation referenced in paragraph twenty-four of the complaint.

25. Defendants neither admit nor deny this allegation set forth in paragraph twenty-five of the complaint. Defendants admit Howard University may be responsible for Officer Brown's acts and actions taken within the scope of his employment.

26. Defendants lack sufficient knowledge to either admit or deny the allegation referenced in paragraph twenty-six of the complaint.

27. Deny.

28. Defendants lack sufficient knowledge to either admit or deny the allegation referenced in paragraph twenty eight of the complaint.

29. Deny.

30. Defendants lack sufficient knowledge to either admit or deny the allegation referenced in paragraph thirty of the complaint.

31. Defendants neither admit nor deny this allegation set forth in paragraph thirty-one of the complaint, since it is a speculative assertion.

32. Defendants neither admit nor deny this allegation. If answer is required, it is denied.

33. Defendants lack sufficient knowledge to either admit or deny the allegation referenced in paragraph thirty-three of the complaint, because it calls for a legal conclusion.

34. Deny.

35. Deny.

36. Deny.

37. Deny.

38. Defendants lack sufficient knowledge to either admit or deny the allegation referenced in paragraph thirty eight of the complaint.

39  Deny.

40. Deny.

41. Deny.

42. Deny.

43. Deny.

44. Deny.

45. Defendants neither admit nor deny this allegation set forth in paragraph forty-five of the complaint.

46. Defendants lack sufficient knowledge to either admit or deny the allegation referenced in paragraph forty six of the complaint.

47. Deny.

48. Deny.

49. Deny.

50. Deny.

51. Deny.

52. Deny.

53. Deny.

## COUNT ONE
(Assault & Battery)

54. Defendants incorporate answers to paragraph 1 through 53 in the complaint.

55. Deny.

56. Deny.

57. Deny.

## COUNT TWO
(False Imprisonment)

58. Defendants incorporate answers to paragraph 1 through 57 in the complaint.

59. Deny.

60. Deny.

61. Deny.

62. Deny.

## COUNT THREE
(False Arrest)

63. Defendants incorporate answers to paragraph 1 through 62 in the complaint.

64. Deny.

65. Deny.

66. Deny.

## COUNT FOUR
(Intentional Infliction of Emotional Distress)

67. Defendants incorporate answers to paragraph 1 through 67 in the complaint.

68. Deny.

69. Deny.

70. Deny.

## COUNT FIVE
(Malicious Prosecution & Malicious Use of Process)

72. Defendants incorporate answers to paragraphs 1 through 71 in the complaint.

73. Deny.

74. Deny.

## COUNT SIX
(Abuse of Process & Power)

75. Defendants incorporate answers to paragraph 1 through 74 in the complaint.

76. Deny.

77. Deny.

## COUNT SEVEN
(Violation of the Due Process Clause by the Individual Defendant-42 U.S.C. § 1983)

78. Defendants incorporate answers to paragraph 1 through 77 in the

complaint.

79. Deny.

80. Deny.

## COUNT EIGHT
(Conspiracy to Violate Civil Rights)

81. Defendants incorporate answers to paragraph 1 through 80 in the Complaint.

82. Deny.

83. Deny.

## COUNT NINE
(Violation of Constitutional Rights-Due Process)

84. Defendants incorporate answers to paragraph 1 through 83 in the complaint.

85. Deny.

86. Deny.

## COUNT TEN
(Claim against Howard University and D.C. under the Doctrine of Respondent Superior)

87. Defendants incorporate answers to paragraph 1 through 86 in the complaint.

88. Defendants neither admit nor deny this allegation set forth in paragraph eighty eight of the complaint.

89. Deny.

## COUNT ELEVEN
( Failure to Train/Supervise)

90. Defendants incorporate answers to paragraph 1 through 89 in the

complaint.

91. Deny.

92. Deny.

## COUNT TWELVE
(Negligent Hiring/Retention)

93. Defendants incorporate answers to paragraph 1 through 92 in the complaint.

94. Deny.

95. Deny.

96. Deny.

## COUNT THIRTEEN
(Due Process Violation-42 U.S.C. §1983)

97. Defendants incorporate paragraphs 1 through 96 in the complaint.

98. Deny.

99. Deny.

100. Deny.

## JURY DEMAND

The University demands a twelve person trial by jury.

## AFFIRMATIVE DEFENSES

### First Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Defense

If the plaintiff was injured as alleged in the Complaint, his injuries were not caused by an agent or contractor acting within the course and scope of his employment with the defendants.

### Third Defense

If plaintiff was injured as alleged in the Complaint, he may have caused his own injuries by being contributorily negligent, by violating a court order and trespassing on private property.

### Fourth Defense

If plaintiff was injured as alleged in the Complaint, his injuries may have been caused by another third party and not by defendants, Howard University and James Brown and/or any of defendants' agents, employees, or contractors.

### Fifth Defense

James Brown and Howard University reserve the right to amend their Answers, to add additional or other Defenses, to delete or withdraw defenses, and to add counterclaims as they may become necessary after reasonable opportunity for appropriate discovery.

### Sixth Defense

Any allegation not specifically admitted is denied.

### Seventh Defense

If any force was used to arrest and/or detain Plaintiff, it was reasonable force used to effectuate his arrest and based on probable cause.

### Eighth Defense

If plaintiff suffered the damages as alleged, which fact Defendants expressly

deny, then such damages resulted from a pre-existing or subsequent event or condition for which the Defendants would not be responsible.

**WHEREFORE** the defendant urges the Court to dismiss the Complaint with prejudice and award costs that are deemed appropriate.

Respectfully submitted,

**JAMES BROWN**

**HOWARD UNIVERSITY**

BY: _____
Phillip A. Lattimore III #422968
Senior Associate General Counsel
Howard University
2400 Sixth Street, N.W., Ste. 321
Washington, D.C. 20059
(202) 806-2650

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of Defendants Answers to the Complaint were served by first class mail, postage pre-paid, on this ___ day of July, 2006 on:

>Hope Umana, Esq.
>Quartey & Umana, LLC
>1400 Spring Street, Suite 120
>Silver Spring, MD 20910

_____
Phillip A. Lattimore III

L6333-6511