IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JESSE LOWE BLACK, | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| v. | * | C.A. No: 06 1041 (RJL) |
| | * | |
| DISTRICT OF COLUMBIA, *et al.*, | * | |
| | * | |
| **Defendants.** | * | |
| _____ | * | |

**DEFENDANT DISTRICT OF COLUMBIA'S REPLY TO PLAINTIFF'S OPPOSITION TO ITS MOTION TO PARTIALLY DISMISS PLAINTIFF'S COMPLAINT OR IN THE ALTERNATIVE MOTION FOR PARTIAL SUMMARY JUDGMENT AND MOTION FOR MORE DEFINITE STATEMENT**

**Brief Background**

Defendant District of Columbia moved to dismiss or for summary judgment on all of plaintiff's claims, except for his claim that excessive force was used by the District's police officer. As to the excessive force claim, the District moved for a more definite statement. As explained below, plaintiff's opposition fails to rebut the District's showing that its motion must be granted. In fact, it is clear from the explanation provided by plaintiff's opposition that plaintiff's excessive force claim also must be dismissed.

**Argument**

I. Plaintiff's "Arrest" by the District's Officer Was Reasonable and Based on Probable Cause.

In this case, the plaintiff was arrested in the first instance by co-defendant Howard University Special Police Officer Brown, and then turned over to the District's custody. Complaint ¶ 15 . The District's officer generated arrest paperwork and plaintiff was held

1

overnight.  The next day, plaintiff's paperwork was presented to a prosecutor, and he was released when his case was "no-papered."   Based on these facts, the plaintiff makes numerous common law and constitutional claims against the Howard University, Officer Brown and the District. It is clear, however, that the District's involvement is at best peripheral.

Plaintiff's case against the District comes down to the maintenance and processing of an allegedly wrongful arrest by SPO Brown.   Plaintiff claims the District's officer should have done more to investigate plaintiff's claim that he was unaware of the restraining order ("RO") that Ms. Carter obtained.  Plaintiff argues he is innocent because he lacked the intent to violate the order because he was unaware of its existence.

District law allows that Special Police Officers ("SPO's") "shall have the same powers as a law enforcement officer to arrest without warrant for offenses committed within premises to which his jurisdiction extends . . . ."  D.C. Code § 23-582 (2001 ed.).  Here, plaintiff was arrested by a Howard University SPO at Howard University.  Indeed, plaintiff alleges that Howard University Special Police Officer Brown "proceeded to handcuff and arrested [plaintiff] without cause and authority."  Complaint ¶ 15. [1]

Hence, the question presented is: was it unreasonable within the meaning of the 4th Amendment for the District's officer to process/maintain plaintiff's arrest, where he had already been arrested by a police officer for violating a RO, where the existence of which has been confirmed, and where it was reported to the  District's officer that plaintiff has violated that RO? The District submits that it is not.  Rather, "As long as the (District's) officer's belief is reasonable, it need not be correct; reasonable mistakes will be excused." *Kies v. City of Aurora,*

---

[1] It is not necessary to decide if a report of a SPO without more, is adequate to maintain an arrest, because,  there are facts that independently establish probable cause.

2

156 F. Supp. 2d 970, 981-82 (N.D. Ill. 2001).  The District also contends that it had no obligation to investigate plaintiff's claim that he did not intent to violate the RO.

Plaintiff's opposition does not contest the District's undisputed fact number 5, alleging that "Plaintiff was arrested based on a complaint that he violated a RO that required that he stay away from Sylva Carter." (Citing Exh. 1, boxes 18 & 75.)  Plaintiff's concession makes it clear that plaintiff's real dispute is with Howard University Special Police Officer Brown, who made the decision to arrest plaintiff, not the District's officer.  Furthermore, from the facts alleged in plaintiff's complaint, it is clear that the District's officer acted reasonably based on what was reported to him.

The District's officer confirmed the existence of the RO against plaintiff and included specific reference to it in his arrest report. See Exh. 1. ( *viz.* Superior Court TPO # CPO455-6 signed by Judge Menlendez and requested by Silva Carter).  Although plaintiff argues that he had no notice of the RO, neither plaintiff's complaint nor his opposition suggests how the District's officer might have confirmed plaintiff's notice of the RO, or the lack thereof.

Plaintiff's arguments have been considered and rejected by the D.C. Court of Appeals in *Moorehead v. District of Columbia*, 747 A.2d 138, (D.C. 2000), a case which is on all fours with the instant matter.  There, as here, plaintiff sought to hold the District liable for an officer who made an arrest based on a report from a special police officer.  There, plaintiff claimed the District's officer breached a duty to investigate plaintiff's exculpatory version of the facts as does the plaintiff here. The Court of Appeals considered arguments similar to Mr. Black's plaintiff's and held,

> We reject (plaintiff) Moorehead's argument that there was a genuine issue of material fact with respect to probable cause because (the District's) Officer Koons failed to conduct a more thorough investigation before making the arrest. Moorehead

3

> fails to cite a single case, and we have not found one, which requires an officer to conduct an investigation in order to dispel a good faith belief that a suspect has committed a crime.

*Id.,* 747 A.2d 138; A*lso se*e,  *Liser v. Smith*, 254 F. Supp. 2d 89, 99 (D.D.C. 2003)( granting defendants' motion for summary judgment as to false arrest claims where facts indicate that defendant police officer acted in good faith.); *United States v. Simpson*, 330 A.2d 756 (D.C. 1975),  (finding of probable cause on the basis of the complainant's statement to the police and considering that it was prudent to take plaintiff into custody to avoid an assault on a citizen).

Accordingly, plaintiff's arrest-related claims lack merit.  After plaintiff was arrested by SPO Brown it was reasonable for the District's officer present plaintiff's case to the prosecutor, despite plaintiff's claim that he did not know about Ms. Carter's RO.

<u>II.  Plaintiff Excessive Force and Related Claims Must Be Dismissed.</u>

In its motion to dismiss or for summary judgment, the District demonstrated, *inter alia,* that plaintiff has not adequately stated his excessive force claim against the District.  The District moved for an order compelling a more definite statement.  However, plaintiff's opposition fails to contest the District's proffered facts and his arguments demonstrate that plaintiff's excessive force claim lacks merit.   This claim also should be dismissed.

In its motion, the District noted that plaintiff alleges in conlusory terms that the District's officer used excessive force in his arrest, but he does not allege where or when this happened, the type of force used, or what injuries he suffered. See Complaint ¶¶ 30, 40 and 44.  Therefore, defendant sought a more definite statement of the factual plaintiff's excessive force/assault and battery and related claims.  In his opposition, plaintiff makes it clear that there is no factual basis for these claims. Rather, plaintiff's theory is that "any force (to effect) an illegal and unauthorized arrest is excessive." Opp. at 8.

4

This argument must be rejected. When a police officer uses an unreasonable amount of force to effect an arrest, this can state the basis for a common law assault and a constitutional excessive force claim.

> A police officer has a qualified privilege to use reasonable force to effect an arrest, provided that the means employed are not in excess of those which the actor reasonably believes to be necessary.

*Jackson, supra*, 412 A.2d at 956;  *Also see Etheredge*, 635 A.2d at 916.

In the instant case, there is no factual basis for plaintiff's claim that the District's officer used unreasonable force, hence there are no facts to support an unconstitutional use of excessive force, an assault and battery or an intentional infliction of emotion distress claims. Accepting plaintiff's logic leads to the conclusion all false arrest claims include a claim that the arresting officer used excessive force or committed an assault and battery. This is not the law in the District.

Plaintiff's opposition makes clear that plaintiff's excessive force/assault and battery claims are the same. Accordingly, the excessive force and assault and battery claims are without merit and must be dismissed because there are no facts suggesting that the force was unreasonable.

Plaintiff also contends that the District's officer violated D.C. Code § 23-581, which limits warrantless arrests in some misdemeanor cases. However, this case fails squarely within the exceptions to the law. Specifically, 23-581, §§(C) and (1-a) allow for a misdemeanor arrest of a person who the officer has probable cause to believe has committed a intrafamily offense. Under this section, where a person may not be apprehended or may cause injury to others if not arrested, a misdemeanor arrest is allowed. D.C. Code § 16-1001 defines intrafamily offenses to include cases where the RO stems from romantic and/or sexual relationships gone bad. The

5

complications flowing from the love triangle that involved SPO Brown, plaintiff and Ms. Carter fall squarely within the exceptions carved out of § 23-581.

Accordingly, based on the undisputed facts proffered in defendant's motion and the facts alleged in plaintiff's complaint it is clear that plaintiff's arrest related claims against the District must be dismissed because the District's officer acted reasonably.[2]

### II. Plaintiff Punitive Damages Claim Against The District Must Be Dismissed.

Plaintiff's Opposition concedes the District's motion to dismiss his claim for punitive damages and therefore this claim must be dismissed. See Opp. at 8, ["Plaintiff does not argue for punitive damages against the District…"]

### III. Plaintiff's Conspiracy Claim Must Be Dismissed.

Plaintiff fails to rebut the District's showing that his conspiracy claim lacks merit. In Count VIII the Complaint, plaintiff seeks to recover under 42 USC § 1983 alleging only that "Defendants agreed and conspired with one another, and with other unnamed, including a certain Ms. Sylvia Cater to violate the plaintiff's rights" under the constitution. Complaint ¶¶ 81-83.

Although plaintiff cites § 1983 as the basis for his conspiracy claim in Count VII, § 1983 makes no reference to conspiracy. Rather, 42 USC § 1985(3) is the applicable provision for conspiracy and it reads as follows:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . [and] in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of

---

[2] Similarly, if plaintiff's arrest was reasonable then his claim for malicious prosecution also lacks merit. Plaintiff alleges nothing to support this claim beyond the allegation that he was arrested by the District's officer.

6

> damages occasioned by such injury or deprivation, against any one or more of the conspirators.
>
> By its terms, therefore, the statute requires that a plaintiff must allege and prove four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Hobson v. Wilson*, 237 U.S. App. D.C. 219 (D.C. Cir. 1984).

Supreme Court jurisprudence makes it clear that this provision does not apply to *all* conspiratorial tortious interferences with the rights of others, but only to those motivated by some class-based, invidiously discriminatory animus such as racial motives. *Griffin v. Breckenridge*, 403 U.S. 88 (U.S. 1971). Thus, the Supreme Court has added a requirement of class-based animus to the list of elements set out above. *Id., Also see Martin v. Malhoyt,* 830 F.2d 237, 258 (D.C. Cir. 1987); *United Bhd. of Carpenters & Joiners, Local 610 v. Scott*, 463 U.S. 825 (U.S. 1983) (Section 1985(3) does not extend to conspiracies motivated by union status.)

However, plaintiff's complaint alleges a violation of his constitutional rights by Howard University Special Police Officer Brown motivated by romantic jealousy. There is no motivated alleged as to the District or it police officer. Hence, plaintiff's complaint fails to allege the "class-based animus" the Supreme Court has read the statute to require. Therefore, Count VIII fails to adequately allege a claim for constitutional conspiracy and must be dismissed.

A second fatal flaw is the plaintiff's failure to properly allege municipal laiblity. While the District may be treated as a person under § 1983, plaintiff does not allege any invidious policy of the District or acts of a District policy maker which would make the District a party to a conspiracy to violate his constitutional rights. The District's police officer that arrested plaintiff

was not a District policy maker and therefore the District is not vicariously liable for his actions under the constitution. *Monell v. Dept. of Social Services,* 436 U.S. 658 (1978); *Triplett v. District of Columbia*, 108 F.3d 1450, 1453 (D.C. Cir. 1997) (internal quotation omitted) (emphasis added); *see also Carter*, *supra*, 795 F.2d at 125-26 ("To succeed, a plaintiff must show a course deliberately pursued by the city, as opposed to an action taken unilaterally by a nonpolicy making municipal employee").

Plaintiff should not be allowed to circumvent *Monell* by alleging a conspiracy. There is no allegation that the plaintiff was the object of attention by the District or its police department before he was arrested by Howard University Officer Brown. Nor is there any allegation of motive or unconstitutional animus against plaintiff by the District. Hence, plaintiff's Complaint fails to adequately allege a municipal policy or actions by a policy maker to satisfy the requirements of *Monell* and it fails to allege the class-based animus required. Therefore, the plaintiff's conspiracy Count VII must be dismissed. While plaintiff alleges that Howard University and the District did not properly training and supervise its police officers, there is no contention that this policy was the result of an agreement between Howard and the District.

### IV. Plaintiff's Intentional Infliction of Emotional Distress Claims Must Be Dismissed.

The fact that plaintiff's complaint does not state a proper excessive force/assault and battery claim or conspiracy claim makes it clear that plaintiff also cannot recover from the District for the intentional infliction of emotional distress. There is no conduct alleged by the District's police officer that could establish the tort of intentional infliction of emotional distress. In his opposition, plaintiff argues that the District may be held vicariously liable for Howard University Special Police Officer's intentional infliction of emotional distress even though this

conduct occurred *before* plaintiff was arrested by the District's officer.  In his opposition, plaintiff argues,

> To the extent that the MPD officer participated in the conspiracy as the discovery, plaintiff asserts will show, the District can be held liable for the 'state' tort of intentional infliction of emotional pain vicariously.  Obviously, Officer Brown's use of his official position to arrest another who is dating his girlfriend is outrageous.

Opp. at 8.  This argument must be rejected because plaintiff's conspiracy claim, Count VIII, lacks merit. [3]

### V. Plaintiff's opposition fails to rebut the District's showing that his false arrest/false imprisonment claims lack merit.

In its motion, in the alternative, the District argued that plaintiff's false arrest claim and false imprisonment claims are duplicative.   Plaintiff's opposition fails to rebut this motion.  If anything, it appears that plaintiff's false imprisonment claim is the more comprehensive claim.  Therefore, the District moves dismiss plaintiff false arrest claim.

### Conclusion

Based on the foregoing, the District moves to dismiss plaintiff's claim in its entirety.

---

[3] Cf. *Mazloum v. District of Columbia*, 2006 U.S. Dist. LEXIS 43427, 10-11 (D.D.C. 2006), were the Court dismissed similar allegations because the defendant officers "had no opportunity to prevent events that, by plaintiff's own account, had already occurred before their arrival, and thus cannot be held liable for the alleged arrest or use of excessive force on a theory of bystander liability. Accordingly, the § 1983 claim for unlawful arrest and use of excessive force against [the officers] is dismissed for failure to state a claim upon which relief can be granted."

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_____

HOLLY JOHNSON
Chief, General Litigation Section III

_____

STEVEN J. ANDERSON
Assistant Attorney General
Bar no. 334480
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6607
(202) 727-3625 (fax)
E-mail:  Steve.anderson@dc.gov