UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
DEC 20 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| **JESSE LOWE BLACK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 1:06-1041 (RJL) |
| ) | |
| **DISTRICT OF COLUMBIA,** *et al.* ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION
(December 19, 2006) [#5]

Plaintiff Jesse Lowe Black filed this action against Howard University police officer James Brown ("defendant Brown"), Howard University as Brown's employer, and the District of Columbia alleging tortious conduct and constitutional violations arising out of an arrest of plaintiff.[1] Currently before this Court are defendant District of Columbia's Motion to Dismiss and Motion for a More Definite Statement. Upon consideration of defendant's motions and the entire record herein, defendant's Motion to Dismiss is GRANTED and defendant's Motion for a More Definite Statement is DENIED as moot.

## BACKGROUND

Plaintiff alleges that he was arrested on February 21, 2006 by a Howard University police officer, defendant Brown, an employee of the District of Columbia, for violating a

---

[1] Plaintiff brought the following array of claims against defendants: assault and battery, false imprisonment, false arrest, intentional infliction of emotional distress, malicious prosecution and malicious use of power, abuse of process and power, violations of the Due Process Clause, conspiracy to violate civil rights, failure to train and/or supervise, negligent hiring and retention, and negligent supervision. (*See generally* Compl.)



restraining order ("RO") of which plaintiff claims he was unaware at the time. (Compl. ¶¶ 13-15.) Once arrested and brought to the Metropolitan Police Department, plaintiff claims that he repeatedly informed the District police officer that he was not aware of the RO against him. (Compl. ¶¶ 14-15.) Plaintiff alleges that he was held overnight, and his case was not papered. (Compl. ¶ 15.)

## ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) provides that a district court should dismiss a complaint for failure to state a claim upon which relief can be granted when it is clear that no relief could result under any facts consistent with the complaint's allegations. *Conley v. Gibson*, 355 U.S. 41, 45-47 (1957); *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). However, even if the Court accepts as true all of the factual allegations set forth in the complaint, *Doe v. U.S. Dep't of Justice*, 753 F.2d 1092, 1102 (D.C. Cir. 1985), and construes the complaint liberally in favor of the plaintiff, *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979), it "need not accept inferences drawn by the plaintiff[] if such inferences are unsupported by the facts set out in the complaint." *Kowal v. MCI Commc'ns. Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

### A.   Count I: Assault and Battery

In Count I, plaintiff alleges that defendant Brown, a District police officer, used excessive force when he arrested plaintiff, but plaintiff fails to allege when excessive force was used, the type of force used, or what injuries he suffered. (*See* Compl. ¶¶ 30,

2

40, 44.) After defendant sought a more definite statement of plaintiff's excessive force claim, plaintiff conceded that he could provide no facts or theory to support his claims except to argue that "any force [to effect] an illegal and unauthorized arrest is excessive." (Pl.'s Opp. 8.) Because, however, "[a] police officer has a qualified privilege to use *reasonable* force to effect an arrest, provided that the means employed are not in excess of those which the actor reasonably believes to be necessary," *District of Columbia v. Jackson*, 810 A.2d 388, 392 (D.C. 2002) (emphasis added), plaintiff's argument is baseless. Accordingly, Count I is dismissed for failure to state a claim.

**B.    Counts II, III, IX, XIII: False Imprisonment, False Arrest, Violation of Fourteenth Amendment Due Process Clause, and Violation of 42 U.S.C. § 1983**

Plaintiff seeks to recover damages resulting from his arrest by defendant Brown. The District of Columbia Code states that special policemen, such as University officer defendant Brown, "have the same powers as a law enforcement officer to arrest without warrant for offenses," D.C. Code § 23-582(a), if the officer has probable cause to believe that an offense was committed or that the person is in the process of committing the offense in the officer's presence, *id.* § 23-581(a)(1)(B). Probable cause exists where the arresting officer has facts or circumstances within his knowledge that would lead a reasonable person to believe that an offense has been or is being committed. *Draper v. United States*, 358 U.S. 307, 313 (1959) (citing *Carroll v. United States*, 267 U.S. 132, 162 (1925)).

3

Here, probable cause existed at the time of the arrest as the arresting officer (defendant Brown) had a reasonable belief that an offense had been committed because there was a RO filed against the plaintiff by Sylvia Carter, a bus driver for Howard University, who had then filed a complaint that plaintiff had violated that RO. (*See* Mot. Dismiss, Ex. 1; Defs.' Reply 3.) Plaintiff's only response, that the District officer's failure to investigate plaintiff's alibi negates probable cause, (Opp. 4), is unfounded as failure to investigate a suspect's alibi does not belie probable cause. *See, e.g., Panetta v. Crowley*, 460 F.3d 388, 395-96 (2nd Cir. 2006) ("[A]n officer's failure to investigate an arrestee's protestations of innocence generally does not vitiate probable cause.").[2] Therefore, as plaintiff's arrest was legitimate, these counts must be dismissed for failure to state a claim.

## C.     Count IV: Intentional Infliction of Emotional Distress

Plaintiff alleges that the conduct of defendant Brown caused him to suffer "extreme emotional distress." (Compl. ¶ 71.) To prove a claim of intentional infliction of emotional distress, however, "a plaintiff must show (1) extreme and outrageous conduct on the part of the defendant which (2) intentionally or recklessly (3) causes the plaintiff 'severe emotional distress.'" *Larijani v. Georgetown Univ.*, 791 A.2d 41, 44 (D.C. 2002).

---

[2] *See also Wadkins v. Arnold*, 214 F.3d 535, 541 (4th Cir. 2000) ("[T]the failure to pursue a potentially exculpatory lead is not sufficient to negate probable cause."); *Ahlers v. Schebil*, 188 F.3d 365, 371 (6th Cir. 1999) ("Once probable cause is established, an officer is under no duty to investigate further to look for additional evidence to exculpate the accused.").

The conduct alleged must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Homan v. Goyal*, 711 A.2d 812, 818 (D.C. Cir. 998) (quoting *Drejza v. Vaccaro*, 650 A.2d 1308, 1316 (D.C. 1994)).[3] Plaintiff's allegations and conclusory statements do not satisfy the standard for a claim of intentional infliction of emotional distress as plaintiff has alleged no conduct that is "so outrageous and extreme" that it goes beyond all "bounds of decency" and should be considered atrocious, *see Homan*, 711 A.2d at 818, and, thus, plaintiff's claim for intentional infliction of emotional distress must be dismissed.

### D.   Count V and VI: Malicious Prosecution and Abuse of Power

Plaintiff asserts claims for malicious prosecution and abuse of process. (Compl. ¶¶ 75-77.) Both claims, however, require the actual commencement of court proceedings. *See, e.g., Williams v. City Stores Co.*, 192 A.2d 534, 537 (D.C. 1963) ("To charge an abuse of process, there must be a perversion of court process to accomplish some end which the process was not intended by law to achieve."); *Lyles v. Micenko*, 404 F. Supp. 2d 182, 189 (D.D.C. 2006) (Leon, J.) (finding that a claim for malicious prosecution exists only after a lawsuit has been filed). Here, because plaintiff has not alleged that a lawsuit was filed against him, Count V and VI is dismissed.

---

[3] Liability does not extend to "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." Restatement (Second) of Torts § 46, cmt. d (1965). Recovery is not permitted merely because conduct causes mental distress. *District of Columbia v. Thompson*, 570 A.2d 277, 290 (D.C. 1990).

5

E.  **Count VIII: Conspiracy to Violate Civil Rights**

In Count VIII, plaintiff seeks to recover for a conspiracy to violate his civil rights pursuant to 42 U.S.C. § 1985, alleging that "Defendants agreed and conspired with one another . . . to violate the plaintiff's rights." (Compl. ¶ 82.) Under § 1985, however, "unsupported factual allegations which fail to specify in detail the factual basis necessary to enable [defendants] to intelligently prepare their defense, will not suffice to sustain a claim of governmental conspiracy . . . ." *Martin v. Malhoyt,* 830 F.2d 237, 258, 265 (D.C. Cir. 1987); *Hobson v. Wilson,* 737 F.2d 1, 31 (D.C. Cir. 1984) (finding that for a conspiracy to deprive a person of a constitutional right, "merely conclusory allegations of unconstitutional motive, devoid of factual support, must be found lacking and be dismissed"). In this case, plaintiff admits that "it is unclear as to [] the contours of the conspiracy." (Opp. 6.) Therefore, although plaintiff claims that the "facts are clear and well plead in this case as to what the defendants did and how the arresting MPD officer conspired with the other," (Opp. 5), the plaintiff offers no further explanation that would allow defendants to intelligently prepare a defense, and thus plaintiff's vague conspiracy claim must be dismissed.

F.  **Counts X, XI, XII: Respondeat Superior, Failure to Train/Supervise, Negligent Hiring/Retention**

Plaintiff brings claims against defendant District of Columbia for various vicarious liability claims. (Compl. ¶ 90-96.) Although these torts are actionable in the District of Columbia, *Daisley v. Riggs Bank, N.A.,* 372 F. Supp. 2d 61, 79 (D.D.C. 2005), they must

6

be predicated upon tortious acts by employees, *id.* at 80. Because plaintiff failed to allege facts sufficient to state a claim for tortious acts by the employees of the defendant's, Counts X, XI, and XII must be dismissed. An Order consistent with this decision accompanies this Memorandum Opinion.

/s/ Richard J. Leon
RICHARD J. LEON
United States District Judge