UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JESSE LOWE BLACK, | : |
| Plaintiff, | : |
| vs. | : Civil No. 1:06-cv-01041-RJL |
| HOWARD UNIVERSITY, *et al.*, | : |
| Defendants. | : |

## DEFENDANTS HOWARD UNIVERSITY AND JAMES BROWN'S MOTION TO DISMISS

**COME NOW** the defendants, **Howard University** and **James Brown,** by and through their attorneys, **Karen R. Turner, Esquire, Matthew D. Banks, Esquire** and **Hamilton Altman Canale & Dillon, LLC,** and pursuant to Federal Rule of Civil Procedure 12(b)(6), move for an order dismissing the Plaintiff's Complaint on the ground that the Plaintiff has failed to state a claim upon which relief can be granted. In further support of their motion, the Defendants refer the Court to the attached Memorandum of Points and Authorities.

Respectfully submitted,

HAMILTON ALTMAN CANALE & DILLON, LLC

By:_____/s/_____
Karen R. Turner (D.C. Bar No. 434543)
Matthew D. Banks (D.C. Bar No. 434987)
4600 East-West Highway, Suite 201
Bethesda, Maryland 20814
301-652-7332
Attorneys for Defendants Howard
University and James Brown

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JESSE LOWE BLACK, | : |
| Plaintiff, | : |
| vs. | : Civil No. 1:06-cv-01041-RJL |
| HOWARD UNIVERSITY, *et al.*, | : |
| Defendants. | : |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANTS HOWARD UNIVERSITY
AND JAMES BROWN'S MOTION TO DISMISS**

**COME NOW** the Defendants, **Howard University** and **James Brown** (hereafter, the Defendants"), by and through their attorneys, **Karen R. Turner, Esquire, Matthew D. Banks, Esquire** and **Hamilton Altman Canale & Dillon, LLC,** and as and for their Memorandum of Points and Authorities in Support of their Motion to Dismiss, state as follows:

**I.    BACKGROUND**

According to the Plaintiff's Complaint, he was arrested on February 21, 2006 by James Brown, a Howard University Special Police Officer, on the premises of Howard University for violating a restraining order. After his arrest by Officer Brown, the Complaint alleges that the Plaintiff was transferred to the custody of the Metropolitan Police Department and then released the next day. The Plaintiff's case was not papered. The Plaintiff maintains that he was not aware of the restraining order and that he advised both Officer Brown and the Metropolitan Police Department of this fact.

The Plaintiff filed this action against the District of Columbia, Howard University, and

1

Officer Brown. The Plaintiff alleges thirteen causes of action in his Complaint that include claims for assault and battery, false imprisonment, false arrest, intentional infliction of emotional distress, malicious prosecution and malicious use of power, abuse of process and power, violations of the Due Process Clause, conspiracy to violate civil rights, failure to train and/or supervise, negligent hiring and retention, and negligent supervision.

On December 19, 2006, this Court entered an order granting a motion by the District of Columbia to dismiss the Plaintiff's claims against it. (A copy of the Court's Order and Memorandum Opinion are attached hereto as <u>Exhibits A and B</u>, respectively). The District's Motion to Dismiss, as well as the Court's order granting it, were predicated on the fact that the Plaintiff failed to state a cause of action upon which relief can be granted. The bases for the Court's ruling on the District's motion apply equally to the instant motion. Accordingly, pursuant to Federal Rule of Civil Procedure 12(b)(6) and for the reasons stated herein and in <u>Exhibit B</u>, the Defendants move for an order dismissing the Plaintiff's claims against them on the ground that the Plaintiff has not stated a cause of action upon which relief can be granted.

## II.   APPLICABLE LAW

Under Federal Rule of Civil Procedure 12(b)(6), a complaint should be dismissed for failure to state a claim upon which relief can be granted when it is clear that no relief could result under any facts consistent with the complaint's allegations. *Conley v. Gibson*, 355 U.S. 41, 45-47 (1957); *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). A court "need not accept inferences drawn by the plaintiff[] if such inferences are unsupported by the facts set out in the complaint," *Kowal v. MCI Commc'ns. Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994), even if the court accepts as true all of the facts alleged in the

complaint. *Doe v. U.S. Dep't of Justice*, 753 F.2d 1092, 1102 (D.C. Cir. 1985).

III. **ARGUMENT**

    A. **Count I: Assault and Battery**

In Count I, the Plaintiff alleges that the Defendants maliciously and deliberately touched him without consent. In response to the District of Columbia's motion to dismiss, the Plaintiff was unable to assert any facts or theories to support this claim. Instead, the Plaintiff asserted that <u>any</u> force used in making the arrest was excessive because the arrest, the Plaintiff claims, was illegal.

Under D.C. law, a special police officer has "the same powers as a law enforcement officer to arrest without warrant for offenses…" D.C. Code §23-582(a). A police officer is entitled to use reasonable force to affect an arrest. *District of Columbia v. Jackson*, 810 A.2d 388 (D.C. 2002). Therefore, the use of <u>some</u> force to make an arrest by a person who is authorized to make an arrest is not unlawful. Since the plaintiff has failed to allege when excessive force was used, what specific force was used, why the force used was excessive, and what injuries the plaintiff suffered as a result, he has failed to state a claim upon which relief can be granted.

In considering the District's motion, the Court has already determined that the Plaintiff's argument concerning Count I is baseless. <u>Exhibit B</u>, p. 3. The Court's conclusions and rulings reflected in <u>Exhibit B</u> have equal application to the instant motion. In light of the Court's earlier ruling and the arguments above, Count I should be dismissed against the moving Defendants.

    B. **Counts II, III, IX and XIII: False Imprisonment, False Arrest, Violation of Fourteenth Amendment Due Process Clause, and Violation of 42**

3

U.S.C. §1983

Counts II, III, IX and XIII all stem from the Plaintiff's allegation that he was unlawfully arrested and detained by Special Police Officer Brown. Under D.C. law, however, a special police officer has "the same powers as a law enforcement officer to arrest without warrant for offenses." D.C. Code §23-582(a). The special police officer may arrest if he has probable cause to believe that an offense was committed or that the person commits an offense in the officer's presence. *Id.* §23-581(a)(1)(B). Probable cause exists where the arresting officer has facts or circumstances within his knowledge that would lead a reasonable person to believe that an offense has been or is being committed. *Draper v. United States*, 358 U.S. 307, 313 (1959) (citing *Carroll v. United States*, 267 U.S. 132, 162 (1925)). In this case, Officer Brown justifiably believed the Plaintiff was in violation of a restraining order constituting a legitimate basis for probable cause.

Probable cause as a legal justification for Officer Brown to arrest the Plaintiff is not defeated by the Plaintiff's claim that he had no notice of the restraining order. Officer Brown had no duty to investigate the Plaintiff's assertion and he was entitled to arrest the Plaintiff if probable cause existed. *Panetta v. Crowley*, 460 F.3d 388 (2nd Cir. 2006); *Wadkins v. Arnold*, 214 F.3d 535 (4th Cir. 2000); *Ahlers v. Schebil*, 188 F.3d 365 (6th Cir. 1999).

As detailed in Exhibit B, this Court has already determined as a matter of law that probable cause existed at the time of the arrest and that Officer Brown had a reasonable belief that an offense had been committed because a restraining order had been issued against the Plaintiff. Exhibit B, p. 4. Accordingly, for the same reasons articulated in Exhibit B regarding Counts II, III, IX and XIII, these counts should be dismissed against the moving Defendants.

4

### C. Count VII: Violation of the Due Process Clause by the Individual Defendant – 42 U.S.C. §1983

Similar to his allegation in Count IX of the Complaint, Count VII alleges that Officer Brown violated the Plaintiff's Due Process rights in violation of 42 U.S.C. §1983.[1] (This is the only count not expressly addressed by the Court in its rulings on the District of Columbia's motion to dismiss since it pertains only to Officer Brown and Howard University). However, for reasons already articulated by the Court in <u>Exhibit B</u> concerning generally the Plaintiff's Due Process claims (at pages 3-4), and for the reasons stated below, Count VII should be dismissed.

First, referring to <u>Exhibit B</u> and to Section III(B) above relating to Count IX, this Court has already determined that probable cause existed at the time of the arrest and that Officer Brown had a reasonable belief that an offense had been committed because a restraining order had been filed against the Plaintiff. <u>Exhibit B</u>, p. 4. Thus, Officer Brown was legally justified in making the arrest.

Second, the Plaintiff's allegations that that Officer Brown's actions were "wanton and malicious," and thus deprived him of his rights under the Due Process Clause of the Fourteenth Amendment, fail to state a cause of action. Mere allegations that Officer Brown was "wanton" and "malicious" do not support the assertion that Officer Brown deprived the Plaintiff of any rights, privileges or immunities secured by the Constitution and laws. "Wantonness" and "maliciousness" are not by themselves unlawful as claimed by the Plaintiff, and these allegations certainly cannot be relied upon solely to state a claim that is sufficient under 42 U.S.C. §1983

---

[1] 42 U.S.C. §1983, in relevant part, establishes a cause of action against any person who "under color of any statute, ordinance, regulation, custom, or usage" of any state or the District of Columbia deprives another person of "any rights, privileges, or immunities secured by the Constitution and laws."

5

or the Fourteenth Amendment.

Third, pursuant to *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989), the Plaintiff's Due Process claims should be construed pursuant to the Fourth Amendment, not the Fourteenth Amendment, because they involve allegations that excessive force was used in the course of an arrest. See, *Graham*, 490 U.S. at 394-95 ("[A]ll claims that law enforcement officers have used excessive force – deadly or not – in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach"). The issues are whether Office Brown had sufficient probable cause to arrest the Plaintiff and whether he used reasonable force to do so. As described earlier, probable cause exists where the arresting officer has facts or circumstances within his knowledge that would lead a reasonable person to believe that an offense has been or is being committed. *Draper v. United States*, 358 U.S. 307, 313 (1959) (citing *Carroll v. United States*, 267 U.S. 132, 162 (1925)). In this case, Officer Brown justifiably believed the Plaintiff was in violation of a restraining order and thus this requirement was met and, as detailed in Exhibit B, this Court has already determined as a matter of law that probable cause existed at the time of the arrest. Exhibit B, p. 4. Also, as described above in Section II(A) and in Exhibit B, p. 3, there are no facts alleged in the Complaint that support an allegation that excessive force was used in arresting the Plaintiff. Thus, the Plaintiff's cause of action based on the Fourteenth Amendment is improper.

Fourth, Officer Brown had qualified immunity. As a special police officer with the same

powers as a law enforcement officer to arrest without warrant for offenses pursuant to D.C. Code §23-582(a), Officer Brown necessarily had to exercise his discretion in determining if there was probable cause to arrest the Plaintiff. Since Officer Brown needed to exercise discretion in this regard, he benefited from the same qualified immunity afforded governmental officials performing discretionary functions. Thus, Officer Brown is "shielded from liability for civil damages if his conduct did not violate clearly established statutory or constitutional rights which a reasonable person would have known about, which in this case, it did not." *Evans v. District of Columbia*, 644 A.2d 1008, 10144 (D.C. 1994), citing *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Stated another way, "a police officer should prevail on an assertion of qualified immunity if a reasonable officer possessing the same information could have believed that his [or her] conduct was lawful." *Evans*, at 10105, quoting *Slattery v. Rizzo*, 939 F.2d 213, 216 (4th Cir. 1991) (citing *Anderson v. Creighton*, 483 U.S. 635, 641, 107 S.Ct. 3034, 3039-40, 97 L.Ed.2d 523 (1987). This standard is readily met under the facts of the present case.

Finally, to the extent that the Plaintiff is alleging that the University is liable pursuant to a §1983 claim against Officer Brown since the Plaintiff demanded judgment against the "Defendants, jointly and severally," that claim is not proper under applicable law. There are no separate Due Process allegations against the University in the Plaintiff's Complaint and "*respondeat superior* does not apply to §1983 actions." *Evans*, at 1018, citing *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978) (municipality cannot be liable under §1983 under *respondeat superior* theory…"); *see also City of Oklahoma City v. Tuttle*, 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985).

Given the claims asserted in the Complaint and this Court's rulings as reflected in <u>Exhibit B</u>, there can be no question that the Plaintiff has failed to state a valid claim pursuant to the Due Process Clause, 42 U.S.C. §1983, or the Fourteenth Amendment. Therefore, for the reasons articulated herein, in Section III(B) above, and in <u>Exhibit B</u>, Count VII should be dismissed.

**D.    Count IV: Intentional Infliction of Emotional Distress**

In order to prevail on a claim for intentional infliction of emotional distress, D.C. law requires that "a plaintiff must show (1) extreme and outrageous conduct on the part of the defendant which (2) intentionally or recklessly (3) causes the plaintiff 'severe emotional distress.'" *Larijani v. Georgetown Univ.*, 791 A.2d 41, 44 (D.C. 2002). The defendant's conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, as to be regarded as atrocious, and utterly intolerable in a civilized community." *Homan v. Goyal*, 711 A.2d 812, 818 (D.C. Cir. 998) (quoting *Drejza v. Vaccaro*, 650 A.2d 1308, 1316 (D.C. 1994)).

In Count IV, the Plaintiff alleges that Officer Brown's conduct was extreme, outrageous, malicious, willful and intentional, and caused the Plaintiff extreme emotional distress. These are conclusory statements only. This Court has already determined that the allegations and conclusory statements in the Plaintiff's Complaint do not meet the standard required by D.C. law because the alleged conduct of Officer Brown is not "'so outrageous and extreme' that it goes beyond all 'bounds of decency' and should be considered atrocious." <u>Exhibit B</u>, p. 5. Accordingly, for the same reasons articulated in this Court's Memorandum Opinion, Count IV should be dismissed against the moving Defendants.

E.      **Counts V and VI: Malicious Prosecution and Abuse of Power**

In order to prevail on his claims of malicious prosecution and abuse of power, as set forth in Counts V and VI, the Plaintiff must show that actual court proceedings were commenced. *Williams v. City Stores Co.*, 192 A.2d 534 (D.C. 1963); *Lyles v. Micenko*, 404 F. Supp. 2d 182 (D.D.C. 2006) (Leon, J.). Actual court proceedings were not commenced by the Defendants, and the Plaintiff makes no such allegation. Thus, for the same reason articulated by this Court in its Memorandum Opinion, Exhibit B at p. 5, Counts V and VI should be dismissed against the moving Defendants.

F.      **Count VIII: Conspiracy to Violate Civil Rights**

The Plaintiff alleges in Count VIII that the Defendants, along with the District of Columbia, conspired with one another to violate his civil rights in violation of 42 U.S.C. §1985. The Plaintiff admitted, however, that he is "unclear as to [] the contours of the conspiracy." Plaintiff's Opposition to Defendant District of Columbia's Motion to Dismiss, p. 6. This Court has already determined that the Plaintiff's allegations are unsupported and do not allow the Defendants to intelligently prepare a defense. Exhibit B, p. 6. The Plaintiff's vague conspiracy claim does not comport with the law's requirement that allegations of conspiracy have factual support and have sufficient specific detail. *Martin v. Malhoy*, 830 F.2d 237 (D.C. Cir. 1987); *Hobson v. Wilson*, 737 F.2d 1 (D.C. Cir. 1984).

Accordingly, for the same reasons articulated by this Court in its Memorandum Opinion, Exhibit B, p. 6, Count VIII should be dismissed against the moving Defendants.

G.      **Counts X, XI and XII: Respondeat Superior, Failure to Train/Supervise, Negligent Hiring/Retention**

Counts X, XI and XII are claims against the University and are based on the premise that the University's employee, Officer Brown, engaged in tortious conduct. This Court has already determined that these claims should be dismissed against the District of Columbia because the Plaintiff failed to allege facts sufficient to state a claim that the District's employee committed a tortious act. Exhibit B, p. 7. The same is true with respect to the University and its employee, Officer Brown. Since the Plaintiff has failed to allege facts sufficient to prove that Officer Brown committed a tort, Counts X, XI and XII should be dismissed against the moving Defendants.

**H.     Other Authorities**

The Defendants adopt and incorporate, as is fully set out herein, the arguments made by the District of Columbia in its motion to dismiss and reply to the Plaintiff's opposition.

**WHEREFORE**, in light of the foregoing, the Defendants move for an order dismissing all counts against them.

Respectfully submitted,

**HAMILTON ALTMAN CANALE & DILLON, LLC**

By:_____/s/_____
    Karen R. Turner
    (D.C. Bar No. 434543)
    Matthew D. Banks
    (D.C. Bar No. 434987)
    4600 East-West Highway, Suite 201
    Bethesda, Maryland 20814
    301-652-7332
    Attorneys for Defendants Howard
    University and James Brown

**CERTIFICATE OF SERVICE**

     **I HEREBY CERTIFY** that a copy of the foregoing Motion and accompanying Memorandum of Points and Authorities were served electronically on this **22nd** day of **January, 2007** to:

> Idotenyin Hope Eyi Umana, Esquire
> **Quartey & Umana**
> 1400 Spring Street
> Suite 120
> Silver Spring, Maryland  20910

                                        /s/
                                  Karen R. Turner

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JESSE LOWE BLACK,  :  :  Plaintiff,  :  :  vs.  :  :  HOWARD UNIVERSITY, *et al.*,  :  :  Defendants.  : _____ : | Civil No. 1:06-cv-01041-RJL |

ORDER
(January ____, 2007)

For the reasons set forth in Defendants Howard University and James Brown's Motion to Dismiss, it is hereby

**ORDERED** that Defendants' Howard University and James Brown's Motion to Dismiss is GRANTED.  It is further

**ORDERED** that plaintiff's Complaint against Howard University and James Brown is hereby DISMISSED WITH PREJUDICE.

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge

**Copies to**:

Karen R. Turner, Esquire
Matthew D. Banks, Esquire
**Hamilton Altman Canale & Dillon, LLC**
4600 East West Highway
Suite 201
Bethesda, Maryland 20814

Idotenyin Hope Eyi Umana, Esquire
**Quartey & Umana**
1400 Spring Street
Suite 120
Silver Spring, Maryland 20910