## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JESSE LOWE BLACK | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No.:   06 1041 RJL |
| | ) | |
| JAMES BROWN, et al. | ) | |
| | ) | |
| Defendants | ) | |

## OPPOSITION TO DEFENDANT HOWARD UNIVERSITY AND JAMES BROWN'S MOTION TO DISMISS.

COMES NOW, the Plaintiff, Jesse Lowe Black, by and through counsel pursuant to the Federal Rule of Civil Procedures and opposes the defendants' Howard University and James Brown's motion to dismiss plaintiff's complaint.  In support thereof, plaintiff states as follows.

**SUMMARY OF PERTINENT FACTS**

Plaintiffs hereby incorporate by express reference the facts set out in the complaint filed in the case. In further summary, the plaintiff adds that on or about February 21, 2006.  Plaintiff Jesse Black was peaceably driving his taxi cab through the paved 'U' shaped driveway into and out of the front plaza of the Howard University Hospital when Howard University police officer James Brown flagged him down and harassed and threatened the plaintiff.  Mixed with the other threats and harassing expressions and display, the officer informed the plaintiff that he "was the person in the house of a female acquaintance the morning that the plaintiff knocked" indicating that he has been having sexual relations with the same female person as the plaintiff which was news to the plaintiff as the plaintiff had never known or met that special police officer until that time. Plaintiff was thereby put in imminent fear for his life.

Due to the expressed threat to do bodily harm to the plaintiff, plaintiff pulled his vehicle into an empty meter in front of the hospital and went in to make a complaint against Mr. Brown to his superiors. While the plaintiff was inside the plaza and waiting for the lieutenant to come out, he was again accosted by Mr. Brown

who then walked in and accused the defendant of violating a *temporary* restraining order that plaintiff was unaware of at that time.  Mr. Brown proceeded to handcuff the plaintiff and arrested him without cause and authority, and his supervisors including Lt Blue who later came out, ignored plaintiff's protestations of innocence and report of conflict of interests.

Plaintiff was held for several hours at the University holding cell and later transferred the plaintiff to the Metropolitan Police Department who further arrested the plaintiff.  At all times and at every opportunity plaintiff continually protested that he did not know of any temporary protective order against him, nor had he violated any such order.  Plaintiff was held overnight and brought before the Superior Court and released and no case against him was 'papered,' as it became clear that he was unaware of the order and had not violated the same. *James Brown knew, and by implication Howard University knew that the plaintiff had notice of the temporary order*, or was in a position to have known of the same or that he was served even as the plaintiff kept informing them at every opportunity that he was not aware of any order.  None of these agents also established that the plaintiff who is a taxi driver was not there carrying out his lawful employment duties and responsibilities.  What is important as it relates to these defendants is that James Brown was in a 'love triangle' with the plaintiff and a mutual girlfriend.  With this girlfriend James Brown conspired to set up the plaintiff without his knowledge for an 'arrest.'  In so doing the defendant used and abused his official position for personal gain and violated the plaintiff.

## STANDARD

In reviewing a motion to dismiss, the court must construe the pleadings in the light most favorable to the non moving party.   The complaint must be taken as true with all reasonable inferences construed in favor of the non moving party.  The moving party is only entitled to dismissal where no reasonable jury would give judgment in the non moving party's favor.  In <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957) the Supreme Court noted that

> "In appraising the sufficiency of a complaint we follow, of course, the accepted rule
> that a complaint should not be dismissed for failure to state a claim unless it appears
> beyond doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief."

The motion to dismiss can only be granted if it is not possible for the fact finder to decide for the plaintiff on the facts based on the possibility of competent testimony or other evidence. The issue at this point is not whether the plaintiff will ultimately prevail, but whether Mr. Black is entitled to offer evidence to support his claims. See, <u>Scheuer v. Rhodes</u>, 416 U.S. 232 (1974).

**ARGUMENTS**

**<u>COUNTS I, II, III, IX, XIII:</u>**

Defendants' Howard University and Brown stand in a far different place than the former defendant District of Columbia. <u>Moorehead v. District of Columbia,</u> 747 A.2d 138 (2000). While it is understandable (though the plaintiff respectfully disagrees) that the police officer who responded to Howard University and further arrested the plaintiff may not be required to go behind the facts to determine the plaintiff's knowledge, Mr. Brown knew that the plaintiff had not violated any order, and had not known of the order. Mr. Black's pleading is that Brown conspired with the not sued co-conspirator, Sylvia Carter to plan and execute the plaintiff's arrest. Mr. Brown is the boyfriend (see exhibit 1 attached) of the same woman Sylvia Carter who was at that time Mr. Black's estranged girlfriend.

An arrest not founded on probable cause is illegal without more. An *illegal* arrest amounts to an assault and battery on the individual arrested. The question is not whether Mr. Brown used excessive force or reasonable force to 'arrest' Mr. Black, but whether he had probable cause at all to arrest Mr. Black. See, <u>District of Columbia v. Minor</u>, 740 A.2d 523 (1999); <u>Craig v. Cox</u>, 171 A.2d 259 (1961); <u>Curtis v. United States</u>, 222 A.2d 840 (1966). The issue of existence of an alleged RO only provides a pretext for Mr. Brown to assault Mr. Black under color of law, on behalf of his girlfriend. <u>Person v. Children's Hospital Nat'l Medical Center</u>, 562 A.2d 648 (1989 D.C. App.)

District law sets out the circumstances under which its police officers (including special police officers) can arrest for violation of law, with or without warrant. For arrests without a warrant see, D.C.

Code § 23-581 (2006) et. seq.  Under those sections, a police officer (including a special police officer) can only arrest without a warrant for commission of a felony, commission of an offense in the presence of the officer, or for other enumerated offences-none of which this plaintiff was arrested for.   It is without doubt that Mr. Black was not arrested on the strength of any warrant issued by a judge or magistrate in the district.  Mr. Black was also not arrested for the commission of any offence in the presence of Mr. Brown.   When Mr. Black accosted Mr. Black, Ms. Carter was no way in sight, and plaintiff adds, no way in the premises.

The mere existence of a temporary restraining order does not permit an arrest, it is the violation of the temporary restraining order in the presence of an officer that provides probable cause for an arrest.  For example, a police officer cannot upon being informed by a citizen that he has an RO against his cousin, go to the home of the cousin to arrest that cousin for an alleged violation of that RO.  Certainly, he can arrest if he shows up at the home of the citizen and finds the cousin on the premises.  The allegation in this case is that Mr. Black is a city cab driver and Howard University is part of his 'work place.'  Merely because Ms. Carter also drives a commuter bus through the University from time to time does not make Mr. Black stalk her when he picks or drops his passengers there.  But more particularly when Mr. Brown detained him, Ms. Carter was no where in sight or on the premises.  Assuming Mr. Brown contends otherwise, then that raises only factual disputes which cannot be resolved on a motion to dismiss.   The illegal nature of the arrest therefore amounts to an assault and battery.   Although the court summed up that the plaintiff's claim is rooted in excessive force, it is not.  Frankly, the plaintiff does not use the phrase excessive force in any place in the complaint as a head claim, and barely in other places.  Plaintiff's action is grounded in common law assault and battery predicated on the per se illegality of the arrest, which was precipitated by malice under color of law.

Again, probable cause is only based on objective facts, see _Karriem v. District of Columbia_, App. D.C. 717 A.2d 317 (1998), cert denied 526 U.S. 1147, 119 S. Ct. 2025, 143 L. Ed. 2d 1036 (1999).  It is certainly a jury question whether Mr. Brown had any probable cause upon which to detain Mr. Black, despite the fact that he could not have arrested without a warrant in the first place.  Probable cause is defined as a

*good faith* belief or reasonable suspicion that would lead a prudent person to believe that the individual who is arrested did in fact commit the offense which that individual was charged with. *Woodward v. District of Columbia*, 387 A.2d 726 (D.C. App. 1978).

The defendant provides no facts that in anyway resembles probable cause that led to the arrest of the plaintiff, and there was none. More importantly, defendant does not dispute that he was in a love triangle with the plaintiff. With that fact fully front and center, any claim by Mr. Brown that he had 'facts or circumstances within his knowledge that would have lead a reasonable person to believe that an offense has been committed,' is plainly bogus and unreasonable. It would be unreasonable for a judge to sentence his girlfriend's other lover who walked into his court house to file a civil case to jail for violation of a temporary protective order only because the judge knew that his girlfriend had taken out a protective order, merely because his girlfriend also works for a law firm and would routinely come past the courthouse to file complaints. So is it unreasonable for a police to 'arrest' his girlfriend's other lover for violation of an order which notice to the plaintiff is not established with the girlfriend no way in sight.

Defendant argues that Sylvia Carter had at the time of Mr. Black's arrest filed a complaint that Mr. Brown had violated an 'RO,' but there is no fact to support that kind of assertion. Even then that assertion introduces facts that must be tested in discovery and not merely accepted as true on the issue of motion to dismiss. *Scheuer v. Rhodes*, 416 U.S. 232 (1974). While the issue of ascertaining knowledge of the existence of an order and if the plaintiff has been served-the so called alibi-is relevant to the District MPD police officer who later responded, it does not avail this defendants. Plaintiff is alleging that defendant Brown acted in bad faith with malice in arresting the plaintiff, in conspiracy with his girlfriend. While the plaintiff respectfully disagrees with the court that probable cause existed at anytime during the second arrest of the plaintiff by the MPD, that may in some sense be understandable, however, there is no doubt that the plaintiff was detained by Mr. Brown for several hours without probable cause before being turned over to the MPD. Any articulation of reasonableness for that detention cannot be devoid of the taint of his motives, pled by the plaintiff as existing because he is the other lover of the same woman.

**COUNT IV:**

Plaintiff concedes that while the conduct was extreme and outrageous, the arrest here may not have caused the plaintiff the kind of severe "emotional distress required to make a case for emotional distress."

**COUNT V & VI:**

Plaintiff rests on his pleadings on the issue of abuse of powers.

**COUNT VII:**

Plaintiff hereby adopts and incorporates the arguments above for the enumerated counts.  For clarity, again the plaintiff does not aver that Mr. Brown used excessive force against him, but that he had no right or reasonable right or probable cause to 'arrest' and hold him.  The violation of Mr. Black's liberty right is a substantive issues and must be so analyzed and not a question of whether Brown used reasonable force to arrest him.  If Mr. Brown had any immunity at all, which is disputed, his bad faith destroys that.

Mr. Black asserts that Mr. Brown acting as a special police officer, without probable cause arrested him under a pretext that he has violated an order when, 1) he had no knowledge of the order, and 2) the alleged complainant was no way in sight.   That allegation satisfies the requirements of 42 U.S.C §1983. Material to this understanding is that the Mr. Brown acted in bad faith and maliciously.  The intent element here is needed to underscore that the defendant's good faith immunity is destroyed as a result of his motive. The plaintiff pleads that the defendant is acting in concert with his girlfriend who is also the estranged girlfriend of the plaintiff.

Defendants elaborate argument on the presence of deadly force is merely academic in light of above arguments.  The gravamen of this case resolves around the legality of the arrest.  For probable cause to exist to arrest for violation of an order some elements must be present.  1.  there must be a valid order, 2. there must be knowledge by the person the order exists against, 3. the person protected under the order must not have precipitated the contact.  An arrest without those elements present cannot be without implication for the individual.

Reliance of defendants on immunity, which plaintiff argues does not avail the caliber of this defendant, as special police officer is misguided.  Mr. Brown is not of the kind of status as the presidential aides that the *Harlow*'s case dealt with, nor are the facts of this case similar to the subjects of that case.  In Sabir v. District of Columbia, 755 A.2d 449 (2000) the court noted that "in assessing the trial judge's ruling, we are obliged to view appellant's factual assertions in their most favorable light, and consider whether any reasonable officer could have believed in the lawfulness of his actions.  *See, Wardlaw, supra*, 1 F.3d at 1303; *see also Washington v. A & H Garcias Trash Hauling Co.*, 584 A.2d 544, 545 (D.C. 1990)."  Since a reasonable police officer would not abuse his official position to arrest a citizen in a 'love triangle' with him merely to intimidate, qualified immunity should not avail this defendants and this also raises jury questions which take this case outside the decision making contours of the judge.

Count nine and thirteen of the complaint allege violation of due process by the defendant Howard University and the arguments to sustain non dismissal of those counts are above and below.

## COUNT VIII:

Remaining defendants also argue that the count for conspiracy is conclusory and this is incorrect. The plaintiff asserts in his pleading that the defendant Brown 'arrested' him because he is in a love triangle with him.  He further asserts that this defendant conspired with that same Sylvia Carter to arrest him, under guise that he is a special police officer. See pleading filed in this case.  Certainly, these defendants, especially the individual defendant have sufficient information in which to plead his defense and his master answers for him vicariously.  See, *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).   It is sufficient to say that the remaining defendants-Mr. Brown, and by extension his employer because of the nature of his duties-acted in concert with Sylvia Carter to effect an unlawful act of arresting the plaintiff without probable cause. To the extent that the Mr. Brown and Sylvia Carter participated in the conspiracy as the discovery, plaintiff asserts will show, Howard University can be held liable for conspiracy.

## COUNTS X, XI, XII:

Again, plaintiff notes that the Defendants' Howard University and Brown stand in a far different place than the former defendant District of Columbia in respect of these causes of actions. <u>Moorehead v. District of Columbia,</u> 747 A.2d 138 (2000). There is no doubt that the defendant Brown was and is still employed by the defendant Howard University. See, defendant's exhibit 'c' attached. As argued above, the defendant Brown committed the enumerated torts both state and federal against the plaintiff while in the course of his duties as a special police officer with the corporate defendant.

The plaintiff further adopts and incorporates, as if fully set out herein, the arguments made by the plaintiff in his opposition to the former defendant, District of Columbia's motion to dismiss.

WHEREFORE Plaintiff humbly prays that the Defendants' motion to dismiss be denied with cost to the plaintiff and attorney's fees payable to the plaintiff's attorney, and for such further orders, as the honorable court may deem appropriate in the circumstance.

Respectfully submitted,

By_____
Hope Umana, Esq. #459092
QUARTEY & UMANA, LLC
1400 Spring Street, Suite 120
Silver Spring, MD 20910
(301) 587-0090
(301) 587-5540
iumana@aol.com
Attorney for the Plaintiff