UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JESSE LOWE BLACK, | : |
|     Plaintiff, | : |
| vs. | : Civil No. 1:06-cv-0104 1-RJL |
| HOWARD UNIVERSITY, *et al.*, | : |
|     Defendants. | : |

**DEFENDANTS HOWARD UNIVERSITY AND
JAMES BROWN'S REPLY TO PLAINTIFF'S OPPOSITION TO
MOTION TO DISMISS**

**COME NOW** the defendants, **Howard University** and **James Brown,** by and through their attorneys, **Karen R. Turner, Esquire, Matthew D. Banks, Esquire** and **Hamilton Altman Canale & Dillon, LLC,** and respectfully submit this Reply to Plaintiff's Opposition to Motion to Dismiss.

Notwithstanding the fact that Plaintiff's Opposition to Defendants' Motion to Dismiss is spotted with personal opinions and unsubstantiated legal assertions, nothing in Plaintiff's Opposition overcomes the legal actuality that Plaintiff is unable to prove that anything Officer James Brown did on February 21, 2006, during the arrest of Plaintiff, was in violation of any District of Columbia or federal law. Thus, Plaintiff's unjustifiable laundry list of claims against Defendants should be denied.

Throughout Plaintiff's Opposition and as a basis for every one of his counts against Defendants, he repeatedly and obsessively asserts that Officer Brown did not have probable cause to arrest Plaintiff on February 21st. *See* Pl.'s Opp'n at pp. 3-7. However, as is very clear from this Court's Memorandum Opinion and Order, and Defendants'

Motion to Dismiss, Officer Brown **had probable cause** to arrest Plaintiff that day since the officer "had a reasonable belief that an offense had been committed because there was a [restraining order] filed against the plaintiff by Sylvia Carter . . . who had then filed a complaint that plaintiff had violated the [restraining order]." This finding constitutes the law of the case. *See* Court's Mem. and Op. and Order, dated December 19, 2006, attached hereto as Exh. 1; Defs.' Mot. to Dismiss, attached hereto as Exh. 2. Plaintiff conveniently fails to recognize the fact that a complaint reporting Plaintiff's violation of the restraining order had been filed by Ms. Carter prior to Plaintiff's arrest, *see* Incident Rep., attached hereto as Exh. 3 (non-relevant portions redacted), and that Officer Brown was found by this Court to have made a legitimate arrest, *see* Exh. 1 at p. 4. Thus, since Plaintiff failed to ignore this Court's finding that probable cause actually existed for Officer Brown to make the arrest and relied upon the erroneous assertion for most of his argument in opposition to Defendants' Motion, Plaintiff's Counts I, II, III, VII, VII, IX, and XIII should be dismissed for failing to state a claim upon which relief can be granted.

Furthermore, Plaintiff's reliance on *Moorehead v. District of Columbia*, 747 A.2d 138 (2000), for the proposition that Officer Brown and Howard University "stand in a far different place than the former defendant District of Columbia," is misplaced and has no relation to the facts of this case. First, the facts in *Moorehead* differed significantly from the instant case. Although *Moorhead* was a case involving an arrest by a special police officer licensed by the District of Columbia, it involved an issue not raised in the instant case. *Id.* at 141. *Moorehead's* central issue was whether the District of Columbia was liable for the special police officer's actions based on *respondeat superior* theory. *Id.* The only thing in common between *Moorehead* and the instant case is that in both cases, the

2

courts found that there was probable cause to make the arrest in question, *id.* at 147-48, which is not very favorable to Plaintiff's case.

Conversely, in the instant case, Plaintiff did not even plead a theory that the District of Columbia was vicariously liable for the actions of Officer Brown and the only theory of *respondeat superior* that was asserted by Plaintiff was against Howard University for the actions of Officer Brown, which Defendants do not dispute.[1]  Furthermore, Defendants in the instant case do not contend that since the District of Columbia was dismissed from this case, Officer Brown and Howard University should be dismissed from this case merely on that basis alone.  Instead, Defendants rely upon the proper interpretation and application of the law of this jurisdiction and the Court's Order declaring that Officer Brown had probable cause when he arrested Plaintiff on February 21st.  Never at any point, have Defendants asserted that because one of the District's officers had probable cause, Officer Brown had probable cause.  If Defendants had made such a contention, *Moorehead* might have had more significance to the instant case.  However, since the issue of the District of Columbia's liability for Officers Brown's actions are not an issue in this case, and the Court already determined that Officer Brown had probable cause to make the arrest, *Moorhead* is inapplicable to the issues before the court.

Plaintiff's argument that Officer Brown can only arrest if a felony or a crime is committed in his presence is also flawed.  *See* Pl.'s Opp'n at pp. 3-4.  As this Court found in its Order granting the District's motion to dismiss,

> [t]he District of Columbia Code states that special policemen, such as University officer Defendant Brown, "have the same powers as a law enforcement officer to

---

[1]    To be clear, Defendants do not dispute that Officer Brown is an employee of Howard University.

arrest without warrant for offenses," D.C. Code § 23-582(a), ***if the officer has probable cause*** to believe that an offense was committed or that the person is in the process of committing the offense in the officer's presence, *id.* §23-581(a)(1)(B). Probable cause exists where the arresting officer has facts or circumstances within his knowledge that would lead a reasonable person to believe that an offense has been or is being committed. *Draper v. United States*, 358 U.S. 307, 313 (1959) (citing *Carroll v. United States*, 67 U.S. 132, 162 (1925)) (emphasis added).

Court's Mem. and Op. and Order at 3. Nothing in the governing statutory or case law limits the application of a special policemen's arrest authority to circumstances where a felony has or is being committed. Plaintiff's suggestion to this effect misinterprets the law and misleads the Court.

The illegitimacy of Plaintiff's remaining counts in his Complaint have either been conceded by Plaintiff in his Opposition or addressed in this Court's above-mentioned Memorandum Opinion and Order, which Defendants adopt and incorporate for purposes of this Reply.

Based on the foregoing and Defendants' Motion to Dismiss, all of Plaintiff's claims against Officer Brown and Howard University are unjustified and should be dismissed with prejudice as a matter of law.

Respectfully submitted,

HAMILTON ALTMAN CANALE & DILLON, LLC


By:___/s/_____
    Karen R. Turner (D.C. Bar No. 434543)
    Matthew D. Banks (D.C. Bar No. 434987)
    4600 East-West Highway, Suite 201
    Bethesda, Maryland 20814
    301-652-7332
    Attorneys for Defendants Howard
    University and James Brown

**CERTIFICATE OF SERVICE**

  **I HEREBY CERTIFY** that a copy of the foregoing were served electronically on this **16th** day of **February**, **2007** to:

    Idotenyin Hope Eyi Umana, Esquire
    **Quartey & Umana**
    1400 Spring Street
    Suite 120
    Silver Spring, Maryland  20910


          _____/s/_____
          Karen R. Turner