UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JESSE LOWE BLACK, | : | |
| Plaintiff, | : | |
| vs. | : | Civil No. 1:06-cv-01041-RJL |
| HOWARD UNIVERSITY, *et al.*, | : | |
| Defendants. | : | |

## DEFENDANTS HOWARD UNIVERSITY AND JAMES BROWN'S MOTION TO DISMISS

**COME NOW** the defendants, **Howard University** and **James Brown,** by and through their attorneys, **Karen R. Turner, Esquire, Matthew D. Banks, Esquire** and **Hamilton Altman Canale & Dillon, LLC,** and pursuant to Federal Rule of Civil Procedure 12(b)(6), move for an order dismissing the Plaintiff's Complaint on the ground that the Plaintiff has failed to state a claim upon which relief can be granted. In further support of their motion, the Defendants refer the Court to the attached Memorandum of Points and Authorities.

Respectfully submitted,

**HAMILTON ALTMAN CANALE & DILLON, LLC**

By:＿＿＿＿＿＿＿/s/＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　Karen R. Turner (D.C. Bar No. 434543)
　　Matthew D. Banks (D.C. Bar No. 434987)
　　4600 East-West Highway, Suite 201
　　Bethesda, Maryland 20814
　　301-652-7332
　　Attorneys for Defendants Howard
　　University and James Brown



DEFENDANT'S EXHIBIT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JESSE LOWE BLACK, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Civil No. 1:06-cv-01041-RJL |
| | : | |
| HOWARD UNIVERSITY, *et al.*, | : | |
| | : | |
| Defendants. | : | |

_____

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANTS HOWARD UNIVERSITY
AND JAMES BROWN'S MOTION TO DISMISS

COME NOW the Defendants, **Howard University** and **James Brown** (hereafter, the Defendants"), by and through their attorneys, **Karen R. Turner, Esquire, Matthew D. Banks, Esquire** and **Hamilton Altman Canale & Dillon, LLC,** and as and for their Memorandum of Points and Authorities in Support of their Motion to Dismiss, state as follows:

I.    **BACKGROUND**

According to the Plaintiff's Complaint, he was arrested on February 21, 2006 by James Brown, a Howard University Special Police Officer, on the premises of Howard University for violating a restraining order. After his arrest by Officer Brown, the Complaint alleges that the Plaintiff was transferred to the custody of the Metropolitan Police Department and then released the next day. The Plaintiff's case was not papered. The Plaintiff maintains that he was not aware of the restraining order and that he advised both Officer Brown and the Metropolitan Police Department of this fact.

The Plaintiff filed this action against the District of Columbia, Howard University, and

Officer Brown.  The Plaintiff alleges thirteen causes of action in his Complaint that include claims for assault and battery, false imprisonment, false arrest, intentional infliction of emotional distress, malicious prosecution and malicious use of power, abuse of process and power, violations of the Due Process Clause, conspiracy to violate civil rights, failure to train and/or supervise, negligent hiring and retention, and negligent supervision.

On December 19, 2006, this Court entered an order granting a motion by the District of Columbia to dismiss the Plaintiff's claims against it.  (A copy of the Court's Order and Memorandum Opinion are attached hereto as Exhibits A and B, respectively).  The District's Motion to Dismiss, as well as the Court's order granting it, were predicated on the fact that the Plaintiff failed to state a cause of action upon which relief can be granted.  The bases for the Court's ruling on the District's motion apply equally to the instant motion.  Accordingly, pursuant to Federal Rule of Civil Procedure 12(b)(6) and for the reasons stated herein and in Exhibit B, the Defendants move for an order dismissing the Plaintiff's claims against them on the ground that the Plaintiff has not stated a cause of action upon which relief can be granted.

## II.    APPLICABLE LAW

Under Federal Rule of Civil Procedure 12(b)(6), a complaint should be dismissed for failure to state a claim upon which relief can be granted when it is clear that no relief could result under any facts consistent with the complaint's allegations. *Conley v. Gibson*, 355 U.S. 41, 45-47 (1957); *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).  A court "need not accept inferences drawn by the plaintiff[] if such inferences are unsupported by the facts set out in the complaint," *Kowal v. MCI Commc'ns. Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994), even if the court accepts as true all of the facts alleged in the

2

complaint. *Doe v. U.S. Dep't of Justice*, 753 F.2d 1092, 1102 (D.C. Cir. 1985).

## III.   ARGUMENT

### A.   Count I: Assault and Battery

In Count I, the Plaintiff alleges that the Defendants maliciously and deliberately touched him without consent. In response to the District of Columbia's motion to dismiss, the Plaintiff was unable to assert any facts or theories to support this claim. Instead, the Plaintiff asserted that any force used in making the arrest was excessive because the arrest, the Plaintiff claims, was illegal.

Under D.C. law, a special police officer has "the same powers as a law enforcement officer to arrest without warrant for offenses…" D.C. Code §23-582(a). A police officer is entitled to use reasonable force to affect an arrest. *District of Columbia v. Jackson*, 810 A.2d 388 (D.C. 2002). Therefore, the use of some force to make an arrest by a person who is authorized to make an arrest is not unlawful. Since the plaintiff has failed to allege when excessive force was used, what specific force was used, why the force used was excessive, and what injuries the plaintiff suffered as a result, he has failed to state a claim upon which relief can be granted.

In considering the District's motion, the Court has already determined that the Plaintiff's argument concerning Count I is baseless. Exhibit B, p. 3. The Court's conclusions and rulings reflected in Exhibit B have equal application to the instant motion. In light of the Court's earlier ruling and the arguments above, Count I should be dismissed against the moving Defendants.

### B.   Counts II, III, IX and XIII:  False Imprisonment, False Arrest, Violation of Fourteenth Amendment Due Process Clause, and Violation of 42

3

### U.S.C. §1983

Counts II, III, IX and XIII all stem from the Plaintiff's allegation that he was unlawfully arrested and detained by Special Police Officer Brown. Under D.C. law, however, a special police officer has "the same powers as a law enforcement officer to arrest without warrant for offenses." D.C. Code §23-582(a). The special police officer may arrest if he has probable cause to believe that an offense was committed or that the person commits an offense in the officer's presence. *Id.* §23-581(a)(1)(B). Probable cause exists where the arresting officer has facts or circumstances within his knowledge that would lead a reasonable person to believe that an offense has been or is being committed. *Draper v. United States*, 358 U.S. 307, 313 (1959) (citing *Carroll v. United States*, 267 U.S. 132, 162 (1925)). In this case, Officer Brown justifiably believed the Plaintiff was in violation of a restraining order constituting a legitimate basis for probable cause.

Probable cause as a legal justification for Officer Brown to arrest the Plaintiff is not defeated by the Plaintiff's claim that he had no notice of the restraining order. Officer Brown had no duty to investigate the Plaintiff's assertion and he was entitled to arrest the Plaintiff if probable cause existed. *Panetta v. Crowley*, 460 F.3d 388 (2nd Cir. 2006); *Wadkins v. Arnold*, 214 F.3d 535 (4th Cir. 2000); *Ahlers v. Schebil*, 188 F.3d 365 (6th Cir. 1999).

As detailed in Exhibit B, this Court has already determined as a matter of law that probable cause existed at the time of the arrest and that Officer Brown had a reasonable belief that an offense had been committed because a restraining order had been issued against the Plaintiff. Exhibit B, p. 4. Accordingly, for the same reasons articulated in Exhibit B regarding Counts II, III, IX and XIII, these counts should be dismissed against the moving Defendants.

4

C.    **Count VII:  Violation of the Due Process Clause by the Individual Defendant – 42 U.S.C. §1983**

Similar to his allegation in Count IX of the Complaint, Count VII alleges that Officer Brown violated the Plaintiff's Due Process rights in violation of 42 U.S.C. §1983.[1] (This is the only count not expressly addressed by the Court in its rulings on the District of Columbia's motion to dismiss since it pertains only to Officer Brown and Howard University).  However, for reasons already articulated by the Court in Exhibit B concerning generally the Plaintiff's Due Process claims (at pages 3-4), and for the reasons stated below, Count VII should be dismissed.

First, referring to Exhibit B and to Section III(B) above relating to Count IX, this Court has already determined that probable cause existed at the time of the arrest and that Officer Brown had a reasonable belief that an offense had been committed because a restraining order had been filed against the Plaintiff.  Exhibit B, p. 4.  Thus, Officer Brown was legally justified in making the arrest.

Second, the Plaintiff's allegations that that Officer Brown's actions were "wanton and malicious," and thus deprived him of his rights under the Due Process Clause of the Fourteenth Amendment, fail to state a cause of action.  Mere allegations that Officer Brown was "wanton" and "malicious" do not support the assertion that Officer Brown deprived the Plaintiff of any rights, privileges or immunities secured by the Constitution and laws.  "Wantonness" and "maliciousness" are not by themselves unlawful as claimed by the Plaintiff, and these allegations certainly cannot be relied upon solely to state a claim that is sufficient under 42 U.S.C. §1983

---

[1]    42 U.S.C. §1983, in relevant part, establishes a cause of action against any person who "under color of any statute, ordinance, regulation, custom, or usage" of any state or the District of Columbia deprives another person of "any rights, privileges, or immunities secured by the Constitution and laws."

or the Fourteenth Amendment.

Third, pursuant to *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989), the Plaintiff's Due Process claims should be construed pursuant to the Fourth Amendment, not the Fourteenth Amendment, because they involve allegations that excessive force was used in the course of an arrest. See, *Graham*, 490 U.S. at 394-95 ("[A]ll claims that law enforcement officers have used excessive force – deadly or not – in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach"). The issues are whether Office Brown had sufficient probable cause to arrest the Plaintiff and whether he used reasonable force to do so. As described earlier, probable cause exists where the arresting officer has facts or circumstances within his knowledge that would lead a reasonable person to believe that an offense has been or is being committed. *Draper v. United States*, 358 U.S. 307, 313 (1959) (citing *Carroll v. United States*, 267 U.S. 132, 162 (1925)). In this case, Officer Brown justifiably believed the Plaintiff was in violation of a restraining order and thus this requirement was met and, as detailed in Exhibit B, this Court has already determined as a matter of law that probable cause existed at the time of the arrest. Exhibit B, p. 4. Also, as described above in Section II(A) and in Exhibit B, p. 3, there are no facts alleged in the Complaint that support an allegation that excessive force was used in arresting the Plaintiff. Thus, the Plaintiff's cause of action based on the Fourteenth Amendment is improper.

Fourth, Officer Brown had qualified immunity. As a special police officer with the same

6

powers as a law enforcement officer to arrest without warrant for offenses pursuant to D.C. Code §23-582(a), Officer Brown necessarily had to exercise his discretion in determining if there was probable cause to arrest the Plaintiff. Since Officer Brown needed to exercise discretion in this regard, he benefited from the same qualified immunity afforded governmental officials performing discretionary functions. Thus, Officer Brown is "shielded from liability for civil damages if his conduct did not violate clearly established statutory or constitutional rights which a reasonable person would have known about, which in this case, it did not." *Evans v. District of Columbia*, 644 A.2d 1008, 10144 (D.C. 1994), citing *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Stated another way, "a police officer should prevail on an assertion of qualified immunity if a reasonable officer possessing the same information could have believed that his [or her] conduct was lawful." *Evans*, at 10105, quoting *Slattery v. Rizzo*, 939 F.2d 213, 216 (4th Cir. 1991) (citing *Anderson v. Creighton*, 483 U.S. 635, 641, 107 S.Ct. 3034, 3039-40, 97 L.Ed.2d 523 (1987). This standard is readily met under the facts of the present case.

Finally, to the extent that the Plaintiff is alleging that the University is liable pursuant to a §1983 claim against Officer Brown since the Plaintiff demanded judgment against the "Defendants, jointly and severally," that claim is not proper under applicable law. There are no separate Due Process allegations against the University in the Plaintiff's Complaint and "*respondeat superior* does not apply to §1983 actions." *Evans*, at 1018, citing *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978) (municipality cannot be liable under §1983 under *respondeat superior* theory…"); *see also City of Oklahoma City v. Tuttle*, 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985).

Given the claims asserted in the Complaint and this Court's rulings as reflected in Exhibit B, there can be no question that the Plaintiff has failed to state a valid claim pursuant to the Due Process Clause, 42 U.S.C. §1983, or the Fourteenth Amendment. Therefore, for the reasons articulated herein, in Section III(B) above, and in Exhibit B, Count VII should be dismissed.

### D.    Count IV: Intentional Infliction of Emotional Distress

In order to prevail on a claim for intentional infliction of emotional distress, D.C. law requires that "a plaintiff must show (1) extreme and outrageous conduct on the part of the defendant which (2) intentionally or recklessly (3) causes the plaintiff 'severe emotional distress.'" *Larijani v. Georgetown Univ.*, 791 A.2d 41, 44 (D.C. 2002). The defendant's conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, as to be regarded as atrocious, and utterly intolerable in a civilized community." *Homan v. Goyal*, 711 A.2d 812, 818 (D.C. Cir. 998) (quoting *Drejza v. Vaccaro*, 650 A.2d 1308, 1316 (D.C. 1994)).

In Count IV, the Plaintiff alleges that Officer Brown's conduct was extreme, outrageous, malicious, willful and intentional, and caused the Plaintiff extreme emotional distress. These are conclusory statements only. This Court has already determined that the allegations and conclusory statements in the Plaintiff's Complaint do not meet the standard required by D.C. law because the alleged conduct of Officer Brown is not "'so outrageous and extreme' that it goes beyond all 'bounds of decency' and should be considered atrocious." Exhibit B, p. 5. Accordingly, for the same reasons articulated in this Court's Memorandum Opinion, Count IV should be dismissed against the moving Defendants.

**E.    Counts V and VI: Malicious Prosecution and Abuse of Power**

In order to prevail on his claims of malicious prosecution and abuse of power, as set forth in Counts V and VI, the Plaintiff must show that actual court proceedings were commenced. *Williams v. City Stores Co.*, 192 A.2d 534 (D.C. 1963); *Lyles v. Micenko*, 404 F. Supp. 2d 182 (D.D.C. 2006) (Leon, J.). Actual court proceedings were not commenced by the Defendants, and the Plaintiff makes no such allegation. Thus, for the same reason articulated by this Court in its Memorandum Opinion, Exhibit B at p. 5, Counts V and VI should be dismissed against the moving Defendants.

**F.    Count VIII: Conspiracy to Violate Civil Rights**

The Plaintiff alleges in Count VIII that the Defendants, along with the District of Columbia, conspired with one another to violate his civil rights in violation of 42 U.S.C. §1985. The Plaintiff admitted, however, that he is "unclear as to [] the contours of the conspiracy." Plaintiff's Opposition to Defendant District of Columbia's Motion to Dismiss, p. 6. This Court has already determined that the Plaintiff's allegations are unsupported and do not allow the Defendants to intelligently prepare a defense. Exhibit B, p. 6. The Plaintiff's vague conspiracy claim does not comport with the law's requirement that allegations of conspiracy have factual support and have sufficient specific detail. *Martin v. Malhoy*, 830 F.2d 237 (D.C. Cir. 1987); *Hobson v. Wilson*, 737 F.2d 1 (D.C. Cir. 1984).

Accordingly, for the same reasons articulated by this Court in its Memorandum Opinion, Exhibit B, p. 6, Count VIII should be dismissed against the moving Defendants.

**G.    Counts X, XI and XII:  Respondeat Superior, Failure to Train/Supervise, Negligent Hiring/Retention**

9

Counts X, XI and XII are claims against the University and are based on the premise that the University's employee, Officer Brown, engaged in tortious conduct. This Court has already determined that these claims should be dismissed against the District of Columbia because the Plaintiff failed to allege facts sufficient to state a claim that the District's employee committed a tortious act. Exhibit B, p. 7. The same is true with respect to the University and its employee, Officer Brown. Since the Plaintiff has failed to allege facts sufficient to prove that Officer Brown committed a tort, Counts X, XI and XII should be dismissed against the moving Defendants.

**H.    Other Authorities**

The Defendants adopt and incorporate, as is fully set out herein, the arguments made by the District of Columbia in its motion to dismiss and reply to the Plaintiff's opposition.

**WHEREFORE**, in light of the foregoing, the Defendants move for an order dismissing all counts against them.

Respectfully submitted,

**HAMILTON ALTMAN CANALE & DILLON, LLC**

By:_____/s/_____
    Karen R. Turner
    (D.C. Bar No. 434543)
    Matthew D. Banks
    (D.C. Bar No. 434987)
    4600 East-West Highway, Suite 201
    Bethesda, Maryland 20814
    301-652-7332
    Attorneys for Defendants Howard
    University and James Brown

**CERTIFICATE OF SERVICE**

10

      **I HEREBY CERTIFY** that a copy of the foregoing Motion and accompanying Memorandum of Points and Authorities were served electronically on this **22nd** day of **January, 2007** to:

                        Idotenyin Hope Eyi Umana, Esquire
                        **Quartey & Umana**
                        1400 Spring Street
                        Suite 120
                        Silver Spring, Maryland  20910

                                            /s/
                                  Karen R. Turner

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JESSE LOWE BLACK,** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| **vs.** | : **Civil No. 1:06-cv-01041-RJL** |
| | : |
| **HOWARD UNIVERSITY,** *et al.*, | : |
| | : |
| **Defendants.** | : |
| | : |

## <u>ORDER</u>
(January _____, 2007)

For the reasons set forth in Defendants Howard University and James Brown's Motion to Dismiss, it is hereby

**ORDERED** that Defendants' Howard University and James Brown's Motion to Dismiss is GRANTED.  It is further

**ORDERED** that plaintiff's Complaint against Howard University and James Brown is hereby DISMISSED WITH PREJUDICE.

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge

1

**Copies to**:

Karen R. Turner, Esquire
Matthew D. Banks, Esquire
**Hamilton Altman Canale & Dillon, LLC**
4600 East West Highway
Suite 201
Bethesda, Maryland 20814

Idotenyin Hope Eyi Umana, Esquire
**Quartey & Umana**
1400 Spring Street
Suite 120
Silver Spring, Maryland 20910

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

DEC 2 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JESSE LOWE BLACK,        )
                         )
        Plaintiff,       )
                         )
v.                       )        No. 1:06-1041 (RJL)
                         )
DISTRICT OF COLUMBIA, *et al.*   )
                         )
        Defendants.      )
                         )

## MEMORANDUM OPINION
(December 19, 2006) [#5]

Plaintiff Jesse Lowe Black filed this action against Howard University police officer

James Brown ("defendant Brown"), Howard University as Brown's employer, and the

District of Columbia alleging tortious conduct and constitutional violations arising out of an

arrest of plaintiff.[1]  Currently before this Court are defendant District of Columbia's Motion

to Dismiss and Motion for a More Definite Statement.  Upon consideration of defendant's

motions and the entire record herein, defendant's Motion to Dismiss is GRANTED and

defendant's Motion for a More Definite Statement is DENIED as moot.

## BACKGROUND

Plaintiff alleges that he was arrested on February 21, 2006 by a Howard University

police officer, defendant Brown, an employee of the District of Columbia, for violating a

---

[1]Plaintiff brought the following array of claims against defendants: assault and battery,
false imprisonment, false arrest, intentional infliction of emotional distress, malicious
prosecution and malicious use of power, abuse of process and power, violations of the Due
Process Clause, conspiracy to violate civil rights, failure to train and/or supervise, negligent
hiring and retention, and negligent supervision. (*See generally* Compl.)



DEFENDANT'S
EXHIBIT
A

restraining order ("RO") of which plaintiff claims he was unaware at the time. (Compl. ¶¶ 13-15.) Once arrested and brought to the Metropolitan Police Department, plaintiff claims that he repeatedly informed the District police officer that he was not aware of the RO against him. (Compl. ¶¶ 14-15.) Plaintiff alleges that he was held overnight, and his case was not papered. (Compl. ¶ 15.)

## ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) provides that a district court should dismiss a complaint for failure to state a claim upon which relief can be granted when it is clear that no relief could result under any facts consistent with the complaint's allegations. *Conley v. Gibson*, 355 U.S. 41, 45-47 (1957); *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). However, even if the Court accepts as true all of the factual allegations set forth in the complaint, *Doe v. U.S. Dep't of Justice*, 753 F.2d 1092, 1102 (D.C. Cir. 1985), and construes the complaint liberally in favor of the plaintiff, *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979), it "need not accept inferences drawn by the plaintiff[] if such inferences are unsupported by the facts set out in the complaint." *Kowal v. MCI Commc'ns. Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

**A.    Count I: Assault and Battery**

In Count I, plaintiff alleges that defendant Brown, a District police officer, used excessive force when he arrested plaintiff, but plaintiff fails to allege when excessive force was used, the type of force used, or what injuries he suffered. (*See* Compl. ¶¶ 30,

40, 44.)  After defendant sought a more definite statement of plaintiff's excessive force

claim, plaintiff conceded that he could provide no facts or theory to support his claims

except to argue that "any force [to effect] an illegal and unauthorized arrest is excessive."

(Pl.'s Opp. 8.)  Because, however, "[a] police officer has a qualified privilege to use

*reasonable* force to effect an arrest, provided that the means employed are not in excess

of those which the actor reasonably believes to be necessary," *District of Columbia v.*

*Jackson*, 810 A.2d 388, 392 (D.C. 2002) (emphasis added), plaintiff's argument is

baseless.  Accordingly, Count I is dismissed for failure to state a claim.

**B.      Counts II, III, IX, XIII: False Imprisonment, False Arrest, Violation of
          Fourteenth Amendment Due Process Clause, and Violation of 42 U.S.C. §
          1983**

          Plaintiff seeks to recover damages resulting from his arrest by defendant

Brown.  The District of Columbia Code states that special policemen, such as University

officer defendant Brown, "have the same powers as a law enforcement officer to arrest

without warrant for offenses," D.C. Code § 23-582(a), if the officer has probable cause

to believe that an offense was committed or that the person is in the process of

committing the offense in the officer's presence, *id.* § 23-581(a)(1)(B).  Probable cause

exists where the arresting officer has facts or circumstances within his knowledge that

would lead a reasonable person to believe that an offense has been or is being committed.

*Draper v. United States*, 358 U.S. 307, 313 (1959) (citing *Carroll v. United States*, 267

U.S. 132, 162 (1925)).

Here, probable cause existed at the time of the arrest as the arresting officer (defendant Brown) had a reasonable belief that an offense had been committed because there was a RO filed against the plaintiff by Sylvia Carter, a bus driver for Howard University, who had then filed a complaint that plaintiff had violated that RO.  (*See* Mot. Dismiss, Ex. 1; Defs.' Reply 3.)  Plaintiff's only response, that the District officer's failure to investigate plaintiff's alibi negates probable cause, (Opp. 4), is unfounded as failure to investigate a suspect's alibi does not belie probable cause.  *See, e.g., Panetta v. Crowley*, 460 F.3d 388, 395-96 (2nd Cir. 2006) ("[A]n officer's failure to investigate an arrestee's protestations of innocence generally does not vitiate probable cause.").[2]  Therefore, as plaintiff's arrest was legitimate, these counts must be dismissed for failure to state a claim.

**C.    Count IV: Intentional Infliction of Emotional Distress**

Plaintiff alleges that the conduct of defendant Brown caused him to suffer "extreme emotional distress."  (Compl. ¶ 71.)  To prove a claim of intentional infliction of emotional distress, however, "a plaintiff must show (1) extreme and outrageous conduct on the part of the defendant which (2) intentionally or recklessly (3) causes the plaintiff 'severe emotional distress.'" *Larijani v. Georgetown Univ.*, 791 A.2d 41, 44 (D.C. 2002).

---

[2] *See also Wadkins v. Arnold*, 214 F.3d 535, 541 (4th Cir. 2000) ("[T]the failure to pursue a potentially exculpatory lead is not sufficient to negate probable cause."); *Ahlers v. Schebil*, 188 F.3d 365, 371 (6th Cir. 1999) ("Once probable cause is established, an officer is under no duty to investigate further to look for additional evidence to exculpate the accused.").

The conduct alleged must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Homan v. Goyal*, 711 A.2d 812, 818 (D.C. Cir. 998) (quoting *Drejza v. Vaccaro*, 650 A.2d 1308, 1316 (D.C. 1994)).[3]  Plaintiff's allegations and conclusory statements do not satisfy the standard for a claim of intentional infliction of emotional distress as plaintiff has alleged no conduct that is "so outrageous and extreme" that it goes beyond all "bounds of decency" and should be considered atrocious, *see Homan*, 711 A.2d at 818, and, thus, plaintiff's claim for intentional infliction of emotional distress must be dismissed.

**D.    Count V and VI: Malicious Prosecution and Abuse of Power**

Plaintiff asserts claims for malicious prosecution and abuse of process.  (Compl. ¶¶ 75-77.)  Both claims, however, require the actual commencement of court proceedings. *See, e.g., Williams v. City Stores Co.*, 192 A.2d 534, 537 (D.C. 1963) ("To charge an abuse of process, there must be a perversion of court process to accomplish some end which the process was not intended by law to achieve."); *Lyles v. Micenko*, 404 F. Supp. 2d 182, 189 (D.D.C. 2006) (Leon, J.) (finding that a claim for malicious prosecution exists only after a lawsuit has been filed).  Here, because plaintiff has not alleged that a lawsuit was filed against him, Count V and VI is dismissed.

---

[3] Liability does not extend to "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." Restatement (Second) of Torts § 46, cmt. d (1965).  Recovery is not permitted merely because conduct causes mental distress. *District of Columbia v. Thompson*, 570 A.2d 277, 290 (D.C. 1990).

**E.    Count VIII: Conspiracy to Violate Civil Rights**

In Count VIII, plaintiff seeks to recover for a conspiracy to violate his civil rights pursuant to 42 U.S.C. § 1985, alleging that "Defendants agreed and conspired with one another . . . to violate the plaintiff's rights." (Compl. ¶ 82.)  Under § 1985, however, "unsupported factual allegations which fail to specify in detail the factual basis necessary to enable [defendants] to intelligently prepare their defense, will not suffice to sustain a claim of governmental conspiracy . . . ." *Martin v. Malhoyt,* 830 F.2d 237, 258, 265 (D.C. Cir. 1987); *Hobson v. Wilson,* 737 F.2d 1, 31 (D.C. Cir. 1984) (finding that for a conspiracy to deprive a person of a constitutional right, "merely conclusory allegations of unconstitutional motive, devoid of factual support, must be found lacking and be dismissed").  In this case, plaintiff admits that "it is unclear as to [] the contours of the conspiracy." (Opp. 6.)  Therefore, although plaintiff claims that the "facts are clear and well plead in this case as to what the defendants did and how the arresting MPD officer conspired with the other," (Opp. 5), the plaintiff offers no further explanation that would allow defendants to intelligently prepare a defense, and thus plaintiff's vague conspiracy claim must be dismissed.

**F.    Counts X, XI, XII: Respondeat Superior, Failure to Train/Supervise, Negligent Hiring/Retention**

Plaintiff brings claims against defendant District of Columbia for various vicarious liability claims.  (Compl. ¶ 90-96.)  Although these torts are actionable in the District of Columbia, *Daisley v. Riggs Bank, N.A.,* 372 F. Supp. 2d 61, 79 (D.D.C. 2005), they must

6

be predicated upon tortious acts by employees, *id.* at 80.  Because plaintiff failed to allege

facts sufficient to state a claim for tortious acts by the employees of the defendant's,

Counts X, XI, and XII must be dismissed.  An Order consistent with this decision

accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge

7

**Judi Mcguire**

| | |
|---|---|
| **From:** | Karen Turner |
| **Sent:** | Thursday, December 21, 2006 3:27 PM |
| **To:** | Judi Mcguire |
| **Subject:** | FW: Activity in Case 1:06-cv-01041-RJL BLACK v. BROWN et al "Memorandum & Opinion" |

**From:** DCD_ECFNotice@dcd.uscourts.gov [mailto:DCD_ECFNotice@dcd.uscourts.gov]
**Sent:** Wednesday, December 20, 2006 4:07 PM
**To:** DCD_ECFNotice@dcd.uscourts.gov
**Subject:** Activity in Case 1:06-cv-01041-RJL BLACK v. BROWN et al "Memorandum & Opinion"

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* There is no charge for viewing opinions.**

**U.S. District Court**

**District of Columbia**

Notice of Electronic Filing

The following transaction was received from zwhb, entered on 12/20/2006 at 4:06 PM EDT and filed on 12/20/2006

| | |
|---|---|
| **Case Name:** | BLACK v. BROWN et al |
| **Case Number:** | 1:06-cv-1041 |
| **Filer:** | |
| **Document Number:** | 14 |

**Docket Text:**
MEMORANDUM AND OPINION. Signed by Judge Richard J. Leon on 12/19/06. (whb)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** O:\Scan Repository\Burwell\06-1041mem.pdf
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=12/20/2006] [FileNumber=1302325-0
] [5efea036cb2feb258e8dfab8475c179d57fefb401156d11c3415fec055bbf3a222f
cadb0d2a3bb313c29a444238f6d5a9b42203e9268a180027563c34f2d3ee6]]

**1:06-cv-1041 Notice will be electronically mailed to:**

Steven J. Anderson    steve.anderson@dc.gov, psychiedog@hotmail.com

Karen R. Turner      karen.turner@hacdlaw.com,

Idotenyin Hope Eyi Umana      iumana@aol.com,

**1:06-cv-1041 Notice will be delivered by other means to:**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FILED**

DEC 2 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JESSE LOWE BLACK,                )
                                 )
         **Plaintiff,**           )
                                 )
    **v.**                        )        **No. 1:06-1041 (RJL)**
                                 )
**DISTRICT OF COLUMBIA**, *et al.* )
                                 )
         **Defendants.**          )

## ORDER
(December **19**, 2006) [#5]

For the reasons set forth in the Memorandum Opinion entered this date, it is hereby

**ORDERED** that defendant District of Columbia's motion to dismiss [#5] is

GRANTED; and *it is further*

**ORDERED** that defendant District of Columbia's motion for a more definite

statement [#6] is DENIED as moot.

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge

8


DEFENDANT'S
EXHIBIT
B

DTSZ_INC 000201281

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - X

JAMES L. BROWN
5117 Fitch Street, S.E., #303
Washington, DC 20019                      :

                                          :

NATHANIEL L. BROWN
603 53rd Street, S.E., #302
Washington, DC 20019                      :

CHAD CLARKE
3312 Huntley Square Drive
Temple Hills, MD 20748                    :

HENRY W. CRAWFORD, III
5036 12th Street, N.E.                    :
Washington, DC 20017

                                          :
ORLANDO J. DALTON, Sr.
1910 County Road, #103                    :
District Heights, MD 20747

                          CASE NUMBER   1:05CV02438

CHARLAYNE M. GORDON         JUDGE: Ellen Segal Huvelle
11701 Ft. Washington Road
Ft. Washington, MD 20744    DECK TYPE: Labor/ERISA (non-employm

ANDREW HAMILTON             DATE STAMP: 12/21/2005
1322 Talbert Terrace, S.E.
Washington, DC 20020

HARRISON ELLIS JOHNSON, JR.               :
621 Gresham Place, N.W.
Washington, DC 20001                      :

CLARENCE KENNEDY                          :
300 Southridge Road
Jamestown, NC 27282                       :

GERALDINE MAKINS                          :
5101 Jay Street, N.E.
Washington, DC 20019                      :

GARY WALKER, Sr.                          :
8605 Preston Street
New Carrollton, MD 20784                  :

LESTER J. WARD                            :
1239 Vermont Avenue, NW, #405
Washington, DC 20005                      :

VINCENT WESTMORELAND                      :
2001 12th Street, N.W., #207
Washington, DC 20009                      :

                                          :
                    et al.                :      CA_____

                Plaintiffs,               :

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING, MD 20910

(301) 608-3000

COPY

DEFENDANT'S
EXHIBIT
C

HOWARD UNIVERSITY HOSPITAL          :
Serve: H. Patrick Swygert,
        University President        :
2400 6th Street, N.W.
Washington, DC 20059                :

                    Defendant.      :
- - - - - - - - - - - - - - - - - -X

## COMPLAINT

COME NOW PLAINTIFFS, current and former employees of Howard University Hospital, by and through undersigned counsel, and for their complaint state as follows:

### JURISDICTION

1.    Jurisdiction is conferred on this Court by the Fair Labor Standards Act (hereinafter "FLSA") of 1938, Title 29, United States Code, and its Section 216(b) and also by the D.C. Code §32-1001 et seq., Chapter 10 of the D.C. Code entitled "Minimum Wages" under the Code's section on Labor.

### PARTIES

2.    The Defendant, the Howard University Hospital, is a private institution, located in Washington, D.C. which operates a hospital on its main campus as part thereof and is subject to the provisions of the FLSA and Chapter 10 of the D.C. Code entitled "Minimum Wages" under the Code's section on Labor as an "employer" defined therein.

3.    The plaintiffs are/were "employee[s]" of Howard University as defined by 29 U.S.C.A. §203, 206-207 and D.C. Code §32-1001 et seq., Chapter 10 of the D.C. Code entitled "Minimum Wages" under the Code's section on Labor. Said employment occurred at the Defendant's hospital, which located on its main campus in the District of Columbia.

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING, MD 20910

(301) 608-3000

2

DISZ_INC 000201283

4.    Defendant did not, as is required by the FLSA and D.C. Code, properly pay their employees overtime including, but not limited to all Hospital employees' shift differentials and premium rates, i.e., Sunday pay, evening pay, etc. and their "regular rate" of pay as defined therein.    The defendant's policy failed to include, <u>inter alia</u>, shift differentials and premium rates in calculating employees' regular rates of pay in violation of the DC Code.    The failure to pay overtime under both statutes are on-going.

5. The Government of The District of Columbia, Office of Wage-Hour, conducted an investigation of the defendant's payment of wages practices which disclosed the defendant did not pay their hourly employees between at least March 1, 2001 through March 20, 2003 in accordance with the DC Minimum Wage Revision Act of 1992 (which later became the D.C. Code §32-1001 <u>et seq</u>., Chapter 10 of the D.C. Code entitled "Minimum Wages" under the Code's section on Labor).    Upon information and belief this practice is still on-going in addition to other practices of failing to properly pay overtime under both the FLSA and DC Code.

6. Howard University Hospital was on direct notice of this requirement as a result of the case entitled <u>Leroy F. Thomas v. Howard University Hospital</u>, 39 F. 3d 370 wherein the defendant failed to include in its payment of overtime to its employees, <u>inter alia</u>, shift differentials and premium rates in calculating employees' regular rates of pay in violation of the law.

7. All the employees at the Howard University Hospital are similarly situated in that they were not properly compensated overtime pay by defendant as stated above.

## LEGAL CLAIMS

I.    **Failure to Properly pay overtime pursuant to the Federal Fair Labor Standards Act, 29 U.S.C. 216(b) et seq.**

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING, MD 20910

(301) 608-3000

8.    aintiffs incorporate paragi  hs 1-7 above as stated in full herein.

9.    Plaintiffs bring this action on behalf of themselves and others similarly-situated(current and former employees of Howard University hospital covered under the applicable Code section) for the failure by defendant to properly pay their overtime wages as defendant is specifically required to do per **29 U.S.C. 216(b) et seq.**  Said action is for and on behalf of the named defendants and other employees similarly situated, i.e., any and all employees of Howard University's Hospital pursuant to the applicable statutes, as permitted under **29 U.S.C. 216(b) et seq.**

10.    Plaintiffs and Defendant are employees/employer as defined in **29 U.S.C. 216(b) et seq.** and Plaintiffs earned wages are not excluded from coverage under the Code's provision.

11.    Whenever Defendant pays their non-exempt hospital employees, the Defendant has not and/or does not as a practice, in **29 U.S.C. 216(b) et seq.** pay its plaintiffs employees' overtime wages at the required 1 1/2 times their regular rate of pay as defined in 29 U.S.C.A. §207(e)(1)-(7).

12.    The Defendant does not, as required by **29 U.S.C. 216(b) et seq.** pay the plaintiff employees' wages on their shift differential and premium rates of pay.

13.    Under the provisions of the **29 U.S.C. 216(b) et seq.** there is money due and owing from Howard University Hospital to plaintiffs and those similarly-situated and an additional amount as liquidated damages as defined in the Code and they are also owed the costs of the action, including but not limited to, their costs or fees of any nature and also their attorneys fees which are all to be paid by Defendant per **29 U.S.C. 216(b) et seq.**

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING, MD 20910

(301) 608-3000

4

DTS2_INC 000201285

14.    e actions of Howard Univer_ _y in failing to properly pay wages as required under the DC Code, **29 U.S.C. 216(b) et seq.** to plaintiffs and others similarly situated are willful and without legal justification precisely because the Defendant engaged in this conduct before and therefore had direct notice the need to properly comply with the requirements of **29 U.S.C. 216(b) et seq.** and the Defendant willfully chose not to comply.

15.    The actions of the Howard University in failing to properly pay monetary compensation to plaintiffs and others similarly situated, has continued and is continuing to this date.

## II. Failure to Properly Pay Overtime Wages Under the DC Code

16.    Plaintiffs incorporate paragraphs 1-15 above as stated in full herein.

17.    Plaintiffs bring this action on behalf of themselves and others similarly-situated(current and former employees of Howard University Hospital covered under the applicable Code sections) for the failure by defendant to properly pay their overtime wages as defendant is specifically required to do per DC Code §32-1012 et seq. Said action is for and on behalf of the named defendants and other employees similarly situated, i.e., any and all employees of Howard University's hospital pursuant to the applicable statute, as permitted under §32-1012(b).

12.    Plaintiffs and Defendant are employees/employer as defined in D.C. Code §32-1301 et seq and Plaintiffs earned wages and are not excluded from coverage under the Code's provision.

11.    Whenever Defendant pays their non-exempt hospital employees, the Defendant has not and/or does not as a practice, in violation of §32-1001, et seq., pay its plaintiffs employees' overtime wages at the required 1 1/2 times the regular rate of pay.

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING, MD 20910

(301) 608-3000

5

the Defendant does not, as required by §32-1001, et seq., properly pay overtime including on the plaintiff employees' wages on their shift differential and premium rates of pay.

13.   Under the provisions of the DC Code §32-1301 et seq there is money due and owing from Howard University Hospital to plaintiffs and those similarly-situated and an additional amount as liquidated damages as defined in the Code and they are also owed the costs of the action, including but not limited to, their costs or fees of any nature and also their attorneys fees which are all to be paid by Defendant per §32-1012(b).

14.   The actions of Howard University in failing to properly pay wages as required under the DC Code, §32-1001, et seq. to plaintiffs and others similarly situated are willful and without legal justification precisely because the Defendant engaged in this conduct before and therefore had direct notice the need to properly comply with the requirements of DC Code, §32-1001 and the Defendant willfully chose not to comply.

15.   The actions of the Defendant Howard University Hospital in failing to properly pay monetary compensation to plaintiffs and others similarly situated, has continued and is continuing to this date.

## DAMAGES

24.   Plaintiffs have suffered and will continue to suffer damage directly as a result of Howard University's failure to pay in violation of the DC Code, and the Federal Fair Labor Standards Act, i.e., for the Defendant's failure to properly pay overtime wages under the DC Code as outlined above and in the D.C, Code itself §32-1000, et seq. and the Federal Fair Labor Standards Act, **29 U.S.C. 216(b) et seq.**

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING, MD 20910

(301) 608-3000

6

PLAINTIFFS DEMAND A JURY TRIAL ON ALL CAUSES OF ACTION

**WHEREFORE**, for the reasons stated in this complaint, plaintiffs and those similarly-situated respectfully request this Court enter a judgment against defendant Howard University Hospital for damages under the DC Code incurred by plaintiffs and those similarly-situated for Defendant's failing to promptly pay them their wages as required under the DC Code and the Federal Fair Labor Standards Act and for liquidated damages as defined therein and for all costs and fees of the action, including attorneys fees as so stated and required therein; and all other proper relief, including pre- and post-judgment interest at the legal rate, and costs of this action.

Respectfully submitted,

John F. Kennedy, Esq.
Kennedy & Dolan
8601 Georgia Avenue, Suite 910
Silver Spring, MD 20910
(301) 608-3000
Attorney for Plaintiffs
D.C. Bar 413509

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING, MD 20910

(301) 608-3000

7

THE SUPERIOR C RT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - -X

BENJAMIN FLEMING                              :

              et al.                          :      CA 04-7763
                                                     Calendar #13
              Plaintiffs,                     :      Judge Melvin Wright

vs.                                           :

HOWARD UNIVERSITY HOSPITAL                    :

              Defendant                       :

- - - - - - - - - - - - - - - -

### OPT-IN CERTIFICATE/CONSENT TO JOIN

I, _JAMES L. Brown_, a former or current employee of Howard University Hospital who worked at the Hospital any time between October 8, 2001 and March 23, 2003 hereby certify I am willfully and voluntarily choosing to participate as a plaintiff in the above-named lawsuit between employees against their employer, Howard University, for failure to pay overtime on their shift differentials in violation of D.C. Code and/or the Federal Fair Labor Standards Act(F.L.S.A.) seeking the failed overtime payment and liquidated damages, fees, costs, interest, and other relief deemed appropriate.

I assign and appoint Benjamin Fleming and/or counsel in this matter to determine my damages and resolve same on my behalf.

I understand that the law provides that I cannot be discharged or in any way disciplined or penalized by my employer because of my participation in this lawsuit.

Print Name(clearly): _Brown James L._

Address: _5117 Fitch St SE #303_

_Washington D.C. 20019_

(Signature): _James L. Bro_

Phone No: _(202)581-1382_

_5-5-05_
Date

Date Hired at Howard: _11-22-99_
Date Left(if applicable):_____

Position at Howard:_____
Reason for Leaving:(please circle) quit/resigned    terminate

THE SUPERIOR C  RT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - -X

BENJAMIN FLEMING                        :

                        et al.          :          CA 04-7763
                                                   Calendar #13
                        Plaintiffs,     :          Judge Melvin Wright

vs.                                     :

HOWARD UNIVERSITY HOSPITAL              :

                        Defendant       :

- - - - - - - - - - - - - - -X

### OPT-IN CERTIFICATE/CONSENT TO JOIN

I, __Nathaniel L Brown__, a former or current
employee of Howard University Hospital who worked at the Hospital
any time between October 8, 2001 and March 23, 2003 hereby certify
I am willfully and voluntarily choosing to participate as a
plaintiff in the above-named lawsuit between employees against
their employer, Howard University, for failure to pay overtime on
their shift differentials in violation of D.C. Code and/or the
Federal Fair Labor Standards Act(F.L.S.A.) seeking the failed
overtime payment and liquidated damages, fees, costs, interest, and
other relief deemed appropriate.

        I assign and appoint Benjamin Fleming and/or counsel in
this matter to determine my damages and resolve same on my behalf.

        I understand that the law provides that I cannot be
discharged or in any way disciplined or penalized by my employer
because of my participation in this lawsuit.

Print Name(clearly): __Nathaniel L. Brown__

Address: __603 53rd St. SE. DC, Apt #302  20019__


(Signature): __Nathaniel L Brn__

Phone No: __202-582-3139__

        __5/8/05__
        Date

Date Hired at Howard: __8/1/98__
Date Left(if applicable): __6/27/04__

Position at Howard: __Campus Police Officer / Hospital Direc__
Reason for Leaving:(please circle) quit/resigned  (terminated)

THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - -X

BENJAMIN FLEMING                    :

                 et al.             :      CA 04-7763
                                           Calendar #13
                 Plaintiffs,        :      Judge Melvin Wright

vs.                                 :

HOWARD UNIVERSITY HOSPITAL          :

                 Defendant          :

- - - - - - - - - - - - - - - -X

### OPT-IN CERTIFICATE/CONSENT TO JOIN

I, _Chad Clarke_____, a former or current
employee of Howard University Hospital who worked at the Hospital
any time between October 8, 2001 and March 23, 2003 hereby certify
I am willfully and voluntarily choosing to participate as a
plaintiff in the above-named lawsuit between employees against
their employer, Howard University, for failure to pay overtime on
their shift differentials in violation of D.C. Code and/or the
Federal Fair Labor Standards Act(F.L.S.A.) seeking the failed
overtime payment and liquidated damages, fees, costs, interest, and
other relief deemed appropriate.

I assign and appoint Benjamin Fleming and/or counsel in
this matter to determine my damages and resolve same on my behalf.

I understand that the law provides that I cannot be
discharged or in any way disciplined or penalized by my employer
because of my participation in this lawsuit.

Print Name(clearly): _Chad Clarke_____

Address:
_3312 Huntley Sq. Va._____

_Temple Hills  Md. 20748._____

(Signature): _Chad Clarke_.

Phone No: _301-894-0483_____

_6-29-05_____
Date

Date Hired at Howard: _Oct 2002._____
Date Left(if applicable): _July 2003._____

Position at Howard: _Special Police Officer_
Reason for Leaving:(please circle) quit (resigned) terminated

DTSZ_INC 000201291

THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - -X

BENJAMIN FLEMING                    :

                    et al.          :        <u>CA 04-7763</u>
                                             <u>Calendar #13</u>
                    Plaintiffs,     :        <u>Judge Melvin Wright</u>

vs.                                 :

HOWARD UNIVERSITY HOSPITAL          :

                    Defendant       :

- - - - - - - - - - - - - - - -

## OPT-IN CERTIFICATE/CONSENT TO JOIN

I, _Henry W Crawford III_, a former or current employee of Howard University Hospital who worked at the Hospital any time between October 8, 2001 and March 23, 2003 hereby certify I am willfully and voluntarily choosing to participate as a plaintiff in the above-named lawsuit between employees against their employer, Howard University, for failure to pay overtime on their shift differentials in violation of D.C. Code and/or the Federal Fair Labor Standards Act(F.L.S.A.) seeking the failed overtime payment and liquidated damages, fees, costs, interest, and other relief deemed appropriate.

I assign and appoint Benjamin Fleming and/or counsel in this matter to determine my damages and resolve same on my behalf.

I understand that the law provides that I cannot be discharged or in any way disciplined or penalized by my employer because of my participation in this lawsuit.

Print Name(clearly): _Henry W Crawford III_

Address: _5036  12Th St, NE_

_Washington, D.C. 20017_

(Signature) _Henry W Crawford III_

Phone No: _202 529 2723_

_5-9-05_
Date

Date Hired at Howard: _10/1987_
Date Left(if applicable): _7/2/05 (retired)_

Position at Howard: _Special Police Officer_
Reason for Leaving:(please circle) quit/resigned   terminate
                                        retired (forced)

THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - -X

BENJAMIN FLEMING                          :

                    et al.               :    CA 04-7763
                                              Calendar #13
                    Plaintiffs,          :    Judge Melvin Wright

vs.                                      :

HOWARD UNIVERSITY HOSPITAL               :

                    Defendant            :

- - - - - - - - - - - - - - - -X

OPT-IN CERTIFICATE/CONSENT TO JOIN

I, _Orlando J. Dalton Sr_ a former or current employee of Howard University Hospital who worked at the Hospital any time between October 8, 2001 and March 23, 2003 hereby certify I am willfully and voluntarily choosing to participate as a plaintiff in the above-named lawsuit between employees against their employer, Howard University, for failure to pay overtime on their shift differentials in violation of D.C. Code and/or the Federal Fair Labor Standards Act (F.L.S.A.) seeking the failed overtime payment and liquidated damages, fees, costs, interest, and other relief deemed appropriate.

I assign and appoint Benjamin Fleming and/or counsel in this matter to determine my damages and resolve same on my behalf.

I understand that the law provides that I cannot be discharged or in any way disciplined or penalized by my employer because of my participation in this lawsuit.

Print Name (clearly): _Orlando J. Dalton Sr_

Address: _1910 County Rd #903_

_Dist. Hgts. Md. 20147_

(Signature): _Orlando J. Dalton Sr_

Phone No: _301-430-3386_

_5-17-05_
Date

Date Hired at Howard: _5-15-83_
Date Left (if applicable): _____

Position at Howard: _Campus Police Officer_
Reason for Leaving: (please circle) quit/resigned    terminated

THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - -X

BENJAMIN FLEMING                    :

                    et al.         :          CA 04-7763
                                              Calendar #13
                    Plaintiffs,    :          Judge Melvin Wright

vs.                                :

HOWARD UNIVERSITY HOSPITAL         :

                    Defendant      :
- - - - - - - - - - - - - - - -

OPT-IN CERTIFICATE/CONSENT TO JOIN

I, CHARLAYNE M GORDON , a former or current employee of Howard University Hospital who worked at the Hospital any time between October 8, 2001 and March 23, 2003 hereby certify I am willfully and voluntarily choosing to participate as a plaintiff in the above-named lawsuit between employees against their employer, Howard University, for failure to pay overtime on their shift differentials in violation of D.C. Code and/or the Federal Fair Labor Standards Act(F.L.S.A.) seeking the failed overtime payment and liquidated damages, fees, costs, interest, and other relief deemed appropriate.

I assign and appoint Benjamin Fleming and/or counsel in this matter to determine my damages and resolve same on my behalf.

I understand that the law provides that I cannot be discharged or in any way disciplined or penalized by my employer because of my participation in this lawsuit.

Print Name(clearly): CHARLAYNE M. GORDON

New address →

Address: 11701 FT WASHington RD

FT WASHington MD 20744

(Signature): Charlayne M Gordon

Phone No: 301-203-0010 OR 301 333-9777

18 May 05
Date

Date Hired at Howard: Jan 14 2002
Date Left(if applicable): March 2004

Position at Howard: Campus Police
Reason for Leaving:(please circle) quit (resigned)  terminated

THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA

KENNEDY & DOLAN
ATTORNEYS AT LAW ;
LEE PLAZA
6801 GEORGIA AVENUE
SUITE 910
Baltimore, MD 20910
(301) 608-3000
FAX (301) 608-3007 ;

BENJAMIN FLEMING

Plaintiffs,

vs.

HOWARD UNIVERSITY HOSPITAL              :

Defendant                                :

- - - - - - - - - - - - - - -

CA 04-7763
Calendar #13
Judge Melvin Wright

JOHN F. KENNEDY (MD, DC)
KATHLEEN A. DOLAN (MD, DC, MA)

E-MAIL
JFKDC@AOL.COM

## OPT-IN CERTIFICATE/CONSENT TO JOIN

I, <u>Andrew Hamilton</u>, a former or current employee of Howard University Hospital who worked at the Hospital any time between October 8, 2001 and March 23, 2003 hereby certify I am willfully and voluntarily choosing to participate as a plaintiff in the above-named lawsuit between employees against their employer, Howard University, for failure to pay overtime on their shift differentials in violation of D.C. Code and/or the Federal Fair Labor Standards Act(F.L.S.A.) seeking the failed overtime payment and liquidated damages, fees, costs, interest, and other relief deemed appropriate.

I assign and appoint Benjamin Fleming and/or counsel in this matter to determine my damages and resolve same on my behalf.

I understand that the law provides that I cannot be discharged or in any way disciplined or penalized by my employer because of my participation in this lawsuit.

Print Name(clearly):<u>Andrew Hamilton</u>

Address: <u>1322 TALBERT TERR, S.E.</u>

<u>Washington D.C. 20020</u>

(Signature): <u>Andrew M. Hamilton Jr</u>

Phone No: <u>(202) 889-2921</u>

<u>August 22, 2005</u>
Date

Date Hired at Howard: _____

Date Left(if applicable):_____

Position at Howard: _____

Reason for Leaving:(please circle) quit/resigned    terminated

DTS2_INC 000201294

THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - X

BENJAMIN FLEMING                       :

                      et al.           :      CA 04-7763
                                              Calendar #13
                      Plaintiffs,      :      Judge Melvin Wright

vs.                                    :

HOWARD UNIVERSITY HOSPITAL             :

                      Defendant        :

- - - - - - - - - - - - - - - - - -

### OPT-IN CERTIFICATE CONSENT TO JOIN

I, _Harrison Ellis Johnson JR_ a former or current
employee of Howard University Hospital who worked at the Hospital
any time between October 8, 2001 and March 23, 2003 hereby certify
I am willfully and voluntarily choosing to participate as a
plaintiff in the above-named lawsuit between employees against
their employer, Howard University, for failure to pay overtime on
their shift differentials in violation of D.C. Code and/or the
Federal Fair Labor Standards Act(F.L.S.A.) seeking the failed
overtime payment and liquidated damages, fees, costs, interest, and
other relief deemed appropriate.

I assign and appoint Benjamin Fleming and/or counsel in
this matter to determine my damages and resolve same on my behalf.

I understand that the law provides that I cannot be
discharged or in any way disciplined or penalized by my employer
because of my participation in this lawsuit.

Print Name(clearly): _HARRISON Ellis Johnson JR_

Address: _621 Gresham Place NW._

_Washington, DC. 2000 1_

(Signature: _Harrison Ellis Johnson JR_

Phone No: _(202) 986-9449_

_05 | 05 | 05_
Date

Date Hired at Howard: _March 18, 1974_
Date Left(if applicable): _June 30, 2004_

Position at Howard: _Head Special Police Office_
Reason for Leaving:(please circle) quit/resigned    terminated
_Gon ll Retirement from Harvard_

THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - -X

BENJAMIN FLEMING                      :

              et al.                  :       CA 04-7763
                                              Calendar #13
                   Plaintiffs,        :       Judge Melvin Wright

vs.                                   :

HOWARD UNIVERSITY HOSPITAL            :

                   Defendant          :

- - - - - - - - - - - - - - -

OPT-IN CERTIFICATE/CONSENT TO JOIN

I, _Clarence Kennedy_____, a former or current
employee of Howard University Hospital who worked at the Hospital
any time between October 8, 2001 and March 23, 2003 hereby certify
I am willfully and voluntarily choosing to participate as a
plaintiff in the above-named lawsuit between employees against
their employer, Howard University, for failure to pay overtime on
their shift differentials in violation of D.C. Code and/or the
Federal Fair Labor Standards Act(F.L.S.A.) seeking the failed
overtime payment and liquidated damages, fees, costs, interest, and
other relief deemed appropriate.

          I assign and appoint Benjamin Fleming and/or counsel in
this matter to determine my damages and resolve same on my behalf.

          I understand that the law provides that I cannot be
discharged or in any way disciplined or penalized by my employer
because of my participation in this lawsuit.

Print Name(clearly): _Clarence Kennedy_____

Address: _300 Southridge Road_____

_____Jamestown, N.C. 27282_____

(Signature): _Clarence Kennedy_____

Phone No: _(336) 454-0384_____

_5/10/05_____
Date

Date Hired at Howard: _June 18, 1974_____
Date Left(if applicable): _December 31, 2002_

Position at Howard: _Shift Supervisor_____
Reason for Leaving:(please circle) quit (resigned) terminated
                    (Retired)

THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - -X

BENJAMIN FLEMING                    :

                et al.             :       CA 04-7763
                                           Calendar #13
            Plaintiffs,            :       Judge Melvin Wright

vs.                                :

HOWARD UNIVERSITY HOSPITAL         :

                Defendant          :

- - - - - - - - - - - - - - -

OPT-IN CERTIFICATE/CONSENT TO JOIN

I, _Geraldine Mikins_____, a former or current
employee of Howard University Hospital who worked at the Hospital
any time between October 8, 2001 and March 23, 2003 hereby certify
I am willfully and voluntarily choosing to participate as a
plaintiff in the above-named lawsuit between employees against
their employer, Howard University, for failure to pay overtime on
their shift differentials in violation of D.C. Code and/or the
Federal Fair Labor Standards Act(F.L.S.A.) seeking the failed
overtime payment and liquidated damages, fees, costs, interest, and
other relief deemed appropriate.

    I assign and appoint Benjamin Fleming and/or counsel in
this matter to determine my damages and resolve same on my behalf.

    I understand that the law provides that I cannot be
discharged or in any way disciplined or penalized by my employer
because of my participation in this lawsuit.

Print Name(clearly): _Geraldine Mikins_____

Address: _5101 Jay St N.E_____

_Washington D.C 20019_____

(Signature): _Geraldine Mikins_____

Phone No: _202-399-8938_____

_5/16/05_____
Date

Date Hired at Howard: _6/87_____
Date Left(if applicable) _7/02_____

Position at Howard: _Campus Police____
Reason for Leaving:(please circle) quit/resigned    terminated

THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - -X

BENJAMIN FLEMING                          :

                        et al.            :        CA 04-7763
                                                   Calendar #13
                        Plaintiffs,       :        Judge Melvin Wright

vs.                                       :

HOWARD UNIVERSITY HOSPITAL                :

                        Defendant         :

- - - - - - - - - - - - - - - - -

OPT-IN CERTIFICATE/CONSENT TO JOIN

I, _____Lester J Ward Jr._____, a former or current
employee of Howard University Hospital who worked at the Hospital
any time between October 8, 2001 and March 23, 2003 hereby certify
I am willfully and voluntarily choosing to participate as a
plaintiff in the above-named lawsuit between employees against
their employer, Howard University, for failure to pay overtime on
their shift differentials in violation of D.C. Code and/or the
Federal Fair Labor Standards Act(F.L.S.A.) seeking the failed
overtime payment and liquidated damages, fees, costs, interest, and
other relief deemed appropriate.

I assign and appoint Benjamin Fleming and/or counsel in
this matter to determine my damages and resolve same on my behalf.

I understand that the law provides that I cannot be
discharged or in any way disciplined or penalized by my employer
because of my participation in this lawsuit.

Print Name(clearly): _____LESTER J WARD JR_____

Address: _____1239 VERMONT AVE #465_____

_____WASH DC 20005_____

(Signature): _____Lester J Ward Jr_____

Phone No: _____2)289-1662 - (cell 2) 215-3618_____

_____5-10-05_____
Date

Date Hired at Howard: _____9-13-82_____
Date Left(if applicable): _____

Position at Howard: _____CAMPUS POLICE OFFICER_____
Reason for Leaving:(please circle) quit/resigned    terminated

THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - -X

BENJAMIN FLEMING                    :

            et al.                  :     CA 04-7763
                                          Calendar #13
            Plaintiffs,             :     Judge Melvin Wright

vs.                                 :

HOWARD UNIVERSITY HOSPITAL          :

            Defendant               :

- - - - - - - - - - - - - - - - - -

## OPT-IN CERTIFICATE/CONSENT TO JOIN

I, Gary Walker Sr, ~~a former~~ or current
employee of Howard University Hospital who worked at the Hospital
any time between October 8, 2001 and March 23, 2003 hereby certify
I am willfully and voluntarily choosing to participate as a
plaintiff in the above-named lawsuit between employees against
their employer, Howard University, for failure to pay overtime on
their shift differentials in violation of D.C. Code and/or the
Federal Fair Labor Standards Act(F.L.S.A.) seeking the failed
overtime payment and liquidated damages, fees, costs, interest, and
other relief deemed appropriate.

I assign and appoint Benjamin Fleming and/or counsel in
this matter to determine my damages and resolve same on my behalf.

I understand that the law provides that I cannot be
discharged or in any way disciplined or penalized by my employer
because of my participation in this lawsuit.

Print Name(clearly): Gary Walker Sr

Address: 8605 Preston st

New Carrollton MD 20784

(Signature): Gary Walker Sr

Phone No: 301)429-0774

5-16-05
Date

Date Hired at Howard: 3-16-1980
Date Left(if applicable): _____

Position at Howard: Campus Police Officer
Reason for Leaving:(please circle) quit/resigned    terminated

DTS2_INC 000201300

**THE SUPERIOR COURT**
**FOR THE DISTRICT OF COLUMBIA**

- - - - - - - - - - - - - - - -X

BENJAMIN FLEMING                     :

                    et al.          :          CA 04-7763
                                               Calendar #13
                    Plaintiffs,     :          Judge Melvin Wright

vs.                                 :

HOWARD UNIVERSITY HOSPITAL          :

                    Defendant       :

- - - - - - - - - - - - - - - - - -

### OPT-IN CERTIFICATE/CONSENT TO JOIN

I, _____, a former or current
employee of Howard University Hospital who worked at the Hospital
any time between October 8, 2001 and March 23, 2003 hereby certify
I am willfully and voluntarily choosing to participate as a
plaintiff in the above-named lawsuit between employees against
their employer, Howard University, for failure to pay overtime on
their shift differentials in violation of D.C. Code and/or the
Federal Fair Labor Standards Act(F.L.S.A.) seeking the failed
overtime payment and liquidated damages, fees, costs, interest, and
other relief deemed appropriate.

I assign and appoint Benjamin Fleming and/or counsel in
this matter to determine my damages and resolve same on my behalf.

I understand that the law provides that I cannot be
discharged or in any way disciplined or penalized by my employer
because of my participation in this lawsuit.

Print Name(clearly): Vincent N. Westmoreland

Address: 2001 12th street NW. Apt #207

Washington D.C. 20009

(Signature): Vincent N. Westmoreland

Phone No: 200/ 249-8214

5-9-05
Date

Date Hired at Howard: June 23, 1993
Date Left(if applicable): _____

Position at Howard: Supervisor
Reason for Leaving:(please circle) quit/resigned     terminated

**Motions**

1:06-cv-01041-RJL BLACK v. BROWN et al

#### U.S. District Court

#### District of Columbia

Notice of Electronic Filing

The following transaction was received from Turner, Karen R. entered on 1/22/2007 at 4:01 PM EDT and filed on 1/22/2007

**Case Name:**       BLACK v. BROWN et al
**Case Number:**   1:06-cv-1041
**Filer:**                HOWARD UNIVERSITY
                          JAMES BROWN
**Document Number:** 17

**Docket Text:**
MOTION to Dismiss by JAMES BROWN, HOWARD UNIVERSITY. (Attachments: # (1) Exhibit 121906 Memorandum Opinion# (2) Exhibit 121906 Order# (3) Exhibit Complaint)(Turner, Karen)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**P:\DATA\CLIENTS\00105\00201\Motion to Dismiss Black- Final.pdf
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=1/22/2007] [FileNumber=1326367-0]
[8ca6725a5719921dcc2840cf3a6cfe2c7a583afda2d9b7355682cd174d8f8ccc4a51
ceaa1360b9a1a9fd1cdae6eeb95f1565ea7a7648884c795158d4ed71404c]]
**Document description:**Exhibit 121906 Memorandum Opinion
**Original filename:**P:\DATA\CLIENTS\00105\00201\MTD-exhibit A.pdf
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=1/22/2007] [FileNumber=1326367-1]
[3e82f8874ac1f5209d50c58a1cf5ff5e37cd12ab089aa1f37d9b4918c2ceb898119b
f0fcd3ac9f4af59f15d543075653efb4e8af7da433a97f7c82a7293d7b35]]
**Document description:**Exhibit 121906 Order
**Original filename:**P:\DATA\CLIENTS\00105\00201\MTD-exhibit B.pdf
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=1/22/2007] [FileNumber=1326367-2]
[7e5cd1e0b66b72376af33825e65eb718ae8688119135a7390b509fb25fb3fb99e589
0abb043f5496c41601023bc1de05bc93e67b18b5a95ec23a36fd4e3c3a1c]]
**Document description:**Exhibit Complaint
**Original filename:**P:\DATA\CLIENTS\00105\00201\MTD-exhibit C.pdf
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=1/22/2007] [FileNumber=1326367-3]
[5ab81a1f2a18f7b85eeecf310b9a35d74d107b82cb6ea6bada2a9b5d398d4271af1e
4dcf947d4488dc93b994dc26ced7b38ae367349f7c67995e96094f57a30e]]