UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAR 2 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| JESSE LOWE BLACK, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:06-1041 (RJL) |
| DISTRICT OF COLUMBIA, *et al.* | ) |
| Defendants. | ) |

### MEMORANDUM OPINION
(March 26, 2007) [#17]

Plaintiff Jesse Lowe Black filed this action against Howard University police officer James Brown ("defendant Brown"), Howard University as Brown's employer, and the District of Columbia alleging tortious conduct and constitutional violations arising out of an arrest of the plaintiff.[1] On December 19, 2006, this Court granted the District of Columbia's motion to dismiss the claims against it. Currently before this Court are Howard University's and James Brown's Motion to Dismiss. Upon consideration of defendants' motion and the entire record herein, defendants' Motion to Dismiss is GRANTED.

### ANALYSIS

Plaintiff alleges that he was illegally arrested on February 21, 2006 by a Howard University police officer, defendant Brown, an employee of the District of Columbia, for

---

[1] Plaintiff brought the following array of claims against defendants: assault and battery, false imprisonment, false arrest, intentional infliction of emotional distress, malicious prosecution and malicious use of power, abuse of process and power, violations of the Due Process Clause, conspiracy to violate civil rights, failure to train and/or supervise, negligent hiring and retention, and negligent supervision. (*See generally* Compl.)



violating a restraining order ("RO") of which plaintiff claims he was unaware at the time. (Compl. ¶¶ 13-15.) Once arrested and brought to the Metropolitan Police Department, plaintiff claims that he repeatedly informed the District police officer that he was not aware of the RO against him. (Compl. ¶¶ 14-15.) Plaintiff alleges that he was held overnight, and his case was not papered. (Compl. ¶ 15.) Defendants claim that even if plaintiff's allegations were true, he failed to state a claim upon which relief can be granted. For the following reasons, the Court agrees.

Federal Rule of Civil Procedure 12(b)(6) provides that a district court should dismiss a complaint for failure to state a claim upon which relief can be granted when it is clear that no relief could result under any facts consistent with the complaint's allegations. *Conley v. Gibson*, 355 U.S. 41, 45-47 (1957); *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). However, even if the Court accepts as true all of the factual allegations set forth in the complaint, *Doe v. U.S. Dep't of Justice*, 753 F.2d 1092, 1102 (D.C. Cir. 1985), and construes the complaint liberally in favor of the plaintiff, *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979), it "need not accept inferences drawn by the plaintiff[] if such inferences are unsupported by the facts set out in the complaint." *Kowal v. MCI Commc'ns. Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

A.   **Count I: Assault and Battery**

In Count I, plaintiff alleges that defendant Brown, a District police officer, used excessive force when he arrested plaintiff. Plaintiff, however, fails to allege when excessive

force was used, the type of force used, or what injuries he suffered. (*See* Compl. ¶¶ 30, 40, 44.) Moreover, after the District of Columbia sought a more definite statement of plaintiff's excessive force claim, he conceded that he could provide no facts or theory to support his claims except to argue that "any force [to effect] an illegal and unauthorized arrest is excessive." (Pl.'s Opp. to District of Columbia's Mot. Dismiss at 8.) In this Court's dismissal of the claims against the District of Columbia, it held that plaintiff's argument was without merit because Officer Brown had a qualified privilege to use reasonable force to effect an arrest. *See District of Columbia v. Jackson*, 810 A.2d 388, 392 (D.C. 2002). Since there are no allegations that the means employed by Officer Brown were in excess of those he reasonably believed to be necessary, the Court, for the same reasons it dismissed Count I against the District of Columbia, must dismiss Count I against Howard University and Officer Brown for failure to state a claim.

**B.    Counts II, III, VII, IX, XIII:  False Imprisonment, False Arrest, Violation of Fourteenth Amendment Due Process Clause, and Violation of 42 U.S.C. § 1983**

Plaintiff next seeks to recover damages, under a myriad of theories, for his arrest by defendant Brown. Each theory, however, is premised on plaintiff's fundamental contention that his arrest was illegal. For the following reasons, all of these counts must also be dismissed for failure to state a claim.

The District of Columbia Code states that special policemen, such as defendant Brown, "have the same powers as a law enforcement officer to arrest without warrant for offenses," D.C. Code § 23-582(a), if the officer has probable cause to believe that an offense

was committed or that the person is in the process of committing the offense in the officer's presence, *id.* § 23-581(a)(1)(B). Probable cause exists where the arresting officer has facts or circumstances within his knowledge that would lead a reasonable person to believe that an offense has been or is being committed. *Draper v. United States*, 358 U.S. 307, 313 (1959) (citing *Carroll v. United States*, 267 U.S. 132, 162 (1925)).

In dismissing the claims against the District of Columbia, this Court found that Officer Brown had probable cause to arrest plaintiff because he had a reasonable belief that plaintiff had violated an RO filed against him by Sylvia Carter, a bus driver for Howard University. (*See* District of Columbia's Mot. Dismiss, Ex. 1.) Plaintiff's only response to date is that the District officer's failure to investigate plaintiff's alibi negates probable cause. (Opp. 5.) Unfortunately for him, however, the law is clear that a failure to investigate a suspect's alibi does *not* negate probable cause. *See, e.g., Panetta v. Crowley*, 460 F.3d 388, 395-96 (2nd Cir. 2006) ("[A]n officer's failure to investigate an arrestee's protestations of innocence generally does not vitiate probable cause.").[2] Accordingly, as defendant Brown's arrest was supported by probable cause, these counts too must be dismissed for failure to state a claim.

---

[2] *See also Wadkins v. Arnold*, 214 F.3d 535, 541 (4th Cir. 2000) ("[T]the failure to pursue a potentially exculpatory lead is not sufficient to negate probable cause."); *Ahlers v. Schebil*, 188 F.3d 365, 371 (6th Cir. 1999) ("Once probable cause is established, an officer is under no duty to investigate further to look for additional evidence to exculpate the accused.").

4

**C.     Count IV: Intentional Infliction of Emotional Distress**

Next, plaintiff alleges that the conduct of defendant Brown caused him to suffer "extreme emotional distress." (Compl. ¶ 71.) To prove a claim of intentional infliction of emotional distress, "a plaintiff must show (1) extreme and outrageous conduct on the part of the defendant which (2) intentionally or recklessly (3) causes the plaintiff 'severe emotional distress.'" *Larijani v. Georgetown Univ.*, 791 A.2d 41, 44 (D.C. 2002). Indeed, the conduct alleged must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Homan v. Goyal*, 711 A.2d 812, 818 (D.C. Cir. 998) (quoting *Drejza v. Vaccaro*, 650 A.2d 1308, 1316 (D.C. 1994)).[3] Here, plaintiff concedes that "the arrest . . . may not have caused the plaintiff the kind of severe 'emotional distress required to make a case for emotional distress." (Def.'s Opp. at 6.) Accordingly, plaintiff's claim for intentional infliction of emotional distress must be dismissed.

**D.     Count V and VI: Malicious Prosecution and Abuse of Power**

Plaintiff asserts claims for malicious prosecution and abuse of process. (Compl. ¶¶ 75-77.) Both claims, however, require the actual commencement of court proceedings. *See, e.g., Williams v. City Stores Co.*, 192 A.2d 534, 537 (D.C. 1963) ("To charge an abuse of

---

[3] Liability does not extend to "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." Restatement (Second) of Torts § 46, cmt. d (1965). Recovery is not permitted merely because conduct causes mental distress. *District of Columbia v. Thompson*, 570 A.2d 277, 290 (D.C. 1990).

process, there must be a perversion of court process to accomplish some end which the process was not intended by law to achieve."); *Lyles v. Micenko*, 404 F. Supp. 2d 182, 189 (D.D.C. 2006) (Leon, J.) (finding that a claim for malicious prosecution exists only after a lawsuit has been filed). Here, plaintiff offers no argument in support of these claims (Pl.'s Opp. at 6), and, having previously denied this claim against the District of Columbia because plaintiff did not allege that a lawsuit was filed against him, Counts V and VI must be similarly dismissed as to these defendants.

E.   **Count VIII: Conspiracy to Violate Civil Rights**

Plaintiff next seeks to recover for a conspiracy to violate his civil rights pursuant to 42 U.S.C. § 1985, alleging that "Defendants agreed and conspired with one another . . . to violate the plaintiff's rights." (Compl. ¶ 82.) Under § 1985, however, "unsupported factual allegations which fail to specify in detail the factual basis necessary to enable [defendants] to intelligently prepare their defense, will not suffice to sustain a claim of governmental conspiracy . . . ." *Martin v. Malhoyt,* 830 F.2d 237, 258, 265 (D.C. Cir. 1987); *Hobson v. Wilson*, 737 F.2d 1, 31 (D.C. Cir. 1984) (finding that for a conspiracy to deprive a person of a constitutional right, "merely conclusory allegations of unconstitutional motive, devoid of factual support, must be found lacking and be dismissed"). Here, plaintiff, by his own admission, states that "it is unclear as to [] the contours of the conspiracy." (Pl.'s Opp. to District of Columbia's Mot. Dismiss at 6.) Therefore, because plaintiff's conspiracy claim lacks the requisite factual specificity, it also must be dismissed.

**F.   Counts X, XI, XII: Respondeat Superior, Failure to Train/Supervise, Negligent Hiring/Retention**

Finally, plaintiff brings a myriad of claims against defendant Howard University under a vicarious liability theory. (Compl. ¶ 90-96.) Such claims, however, must be predicated upon tortious acts by employees, *Daisley v. Riggs Bank, N.A.*, 372 F. Supp. 2d 61, 80 (D.D.C. 2005). Because plaintiff failed to allege facts sufficient to state a claim for tortious conduct by the employees of Howard University, Counts X, XI, and XII must also be dismissed.

## CONCLUSION

Thus, for all of the foregoing reasons, all claims against Howard University and Officer Brown are hereby DISMISSED. An Order consistent with this decision accompanies this Memorandum Opinion.

/s/ Richard J. Leon
RICHARD J. LEON
United States District Judge